UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC., d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, and DARLENE HOWARD,<br><br>Defendants. | Civil Action No. 24-12283 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR LIMITED EXPEDITED DISCOVERY**

Plaintiff Four Women Health Services, LLC ("Four Women") seeks expedited discovery, as detailed in a Proposed Order, attached hereto as **Exhibit A**, to support its separate Motion for Preliminary Injunction. As articulated in the memorandum of law in support of that Motion, Four Women submits that expedited discovery is not necessary to conclude that an injunction is warranted here. Expedited discovery, however, will provide the Court a fuller record to ensure the efficacy of the injunctive relief it orders and also permit Four Women to take steps to safeguard its patients' communications and information.[1]

As detailed in both the Complaint and Motion for Preliminary Injunction, Defendant Abundant Hope Pregnancy Resource Center Inc., d/b/a Attleboro Women's Health Center ("AWHC"), Catherine Roman, Nicole Carges, and Darlene Howard (collectively, "Defendants") are unlawfully interfering with patients seeking Four Women's reproductive healthcare services.

---

[1] As this matter involves healthcare, specifically reproductive healthcare, the Plaintiff also requests that the Court enter an order requiring the use of pseudonyms for women who have sought reproductive healthcare and a protective order pertaining to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* Proposed Order, attached hereto as **Exhibit B**.

1

Four Women is aware of multiple cases in which AWHC has intercepted communications between Four Women and patients as they are scheduling appointments. These interceptions follow a now-familiar pattern. Shortly after contacting Four Women to schedule an appointment for reproductive healthcare, a patient will receive a call from AWHC directly on her cell phone. *See* Plaintiff's Motion for a Preliminary Injunction & Memorandum in Support ("PI Memo") at 4-6. Before that call, the Four Women patient had not called or otherwise contacted AWHC; AWHC's outreach arose only *after* the patient contacted Four Women. *Id.* On the call, AWHC will try to prevent the patient from attending the appointment she scheduled with Four Women—in some cases by hijacking that potential appointment, and in other cases by leading the patient to believe her existing appointment with Four Women has been cancelled. *Id.*

Four Women strongly suspects that Defendants gained unauthorized access to Four Women's confidential patient-client communications system and uses that access to unlawfully obtain and misuse information about Four Women patients. Four Women communicates with its patients via a confidential patient-client communications system, hosted by Klara Technologies, Inc. ("Klara"). *Id.* at 4. Patients can schedule appointments and send secure messages to Four Women via Klara. *Id.* When patients send a message to Four Women via Klara, they must provide their cell phone number so that Four Women staff may respond to their inquiries. *Id.*

Immediately after booking an appointment, appointment information—including the patient's name, phone number, and appointment type—is uploaded to Athenahealth, Inc. ("Athena"), a third-party electronic health record system. *Id.* Four Women's Athena platform stores patient records, appointments, and information. *Id.* Four Women's patient visitation schedule also resides on the Athena platform. *Id.*

While it is evident that AWHC is intercepting communications—likely through Klara—the specific means employed to carry out the interception, as well as the breadth of the women affected, is unknown. Four Women thus requests expedited discovery to determine the specific means employed to intercept its patients' communications, and to understand the scope of the violations and any continued, ongoing threats to its communications with patients and its patients' personal information. Specifically, the Court should have a record of:

1. How on October 30, 2023, AWHC was able to call Jane Doe 5 just 15 minutes after she had contacted Four Women;

2. How on May 1, 2024, two minutes after Jane Doe 6 scheduled an appointment with Four Women, AWHC called her;

3. How on or around August 31, 2024, minutes after booking an appointment with Four Women, AWHC was able to call Jane Doe 7;

4. How AWHC was able to contact Jane Doe 8 on the day of her Four Women appointment when Jane Doe 8 had never contacted AWHC; and

5. How many other Four Women patients AWHC has contacted, and how it obtained those patients' names and contact information.

Four Women emphasizes that while the specific mechanism Defendants use is unknown, a preliminary injunction is nevertheless warranted because the violation and outcome are clear: Defendants use intercepted communications to contact Four Women patients to prevent them from accessing lawful reproductive healthcare. The Court should not permit AWHC's unlawful actions to continue unimpeded simply because they have covered the tracks of those interceptions. Instead, the Court should order expedited discovery to obtain a more thorough record to design relief necessary and extensive enough to prevent irreparable harm while the case

is being litigated.  *See KPM Analytics N. Am. v. Blue Sun Sci., LLC*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021) ("[E]xpedited discovery would provide a more fulsome record to consider the preliminary injunction and—should [plaintiff] prevail and obtain a preliminary injunction—enable the Court to design an equitable remedy that will prevent irreparable harm while the case is litigated.").

## ARGUMENT

"District court judges have 'broad discretion . . . to manage scheduling' according to the needs of a case."  *Roe v. Mayorkas*, No. 22-CV-10808-ADB, 2023 U.S. Dist. LEXIS 84440, at *52 (D. Mass. May 12, 2023) (quoting *Williams v. Monarch Mach. Tool Co.*, 26 F.3d 228, 230 (1st Cir. 1994)).  Rule 26(d) of the Federal Rules of Civil Procedure "allows a party to seek discovery before a Rule 26(f) conference 'by court order.'"  *Strike 3 Holdings, Inc. v. Doe*, 621 F. Supp. 3d 145, 149 (D. Mass. 2022) (quoting Fed. R. Civ. P. 26(d)(1)).  "A party must show good cause to obtain expedited discovery before the Rule 26 conference."  *KPM Analytics*, 540 F. Supp. 3d at 146 (citing Fed. R. Civ. P. 26(b)).

Four Women seeks leave to serve targeted discovery requests to supplement its motion for preliminary injunction.  There is good cause to do so.

**I.   Good Cause Exists to Obtain Expedited Discovery Aimed at Uncovering the Tactics and Breadth of AWHC's Interceptions.**

While the First Circuit has not articulated what constitutes good cause for expedited discovery, courts in this district have generally applied the reasonableness standard from *Momenta Pharms. Inc. v. Teva Pharms. Indus.*, 765 F. Supp. 2d 87, 88 (D. Mass. 2011).  *See, e.g.*, *KPM Analytics*, 540 F. Supp. 3d at 146.  Under this standard, to determine whether good cause exists, courts look to whether expedited discovery "is 'reasonable . . . in light of all the circumstances,' when considering 'the purpose for the discovery, the ability of the discovery to preclude

demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity.'" *Id.* (quoting *Momenta Pharms.*, 765 F. Supp. 2d at 89). Additionally, where there is a potential for evidence to be destroyed with the passage of time, courts routinely find good cause.

> **1. Expedited Discovery Will Assist the Court in Assessing Further the Preliminary Injunctive Relief Request and, if Granted, in Fashioning the Relief.**

Courts have recognized that expedited discovery serves an important purpose where a party is seeking preliminary injunctive relief. When considering a preliminary injunction request, courts have ordered expedited discovery to "provide a more fulsome record to consider the preliminary injunction and . . . enable the Court to design an equitable remedy that will prevent irreparable harm while the case is litigated." *KPM Analytics*, 540 F. Supp. 3d at 146; *see also Aero Union Corp. v. Aircraft Deconstructors Int'l LLC*, No. 1:11-CV-00484-JAW, 2012 U.S. Dist. LEXIS 120276, at *19 (D. Me. Aug. 24, 2012) (granting expedited discovery because "the discovery sought [was] relevant to . . . a preliminary injunction"). Courts routinely recognize the propriety of expedited discovery in this context. *See, e.g.*, *TGG Mgmt. Co. Inc. v. Petraglia*, No. 19-CV-2007-BAS-KSC, 2019 U.S. Dist. LEXIS 205528, at *6 (S.D. Cal. Nov. 25, 2019); *Storz Mgmt. Co. v. Carey*, No. 2:18-CV-00068-TLN-DB, 2018 U.S. Dist. LEXIS 21934, at *3 (E.D. Cal. Feb. 9, 2018); *Kruse Energy & Equip. Auctioneers, LLC v. Long*, No. MO:19-CV-00031-DC-RG, 2019 U.S. Dist. LEXIS 236313, at *11 (W.D. Tex. Feb. 19, 2019); *Mullane v. Almon*, 339 F.R.D. 659, 663-64 (N.D. Fla. 2021); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). Indeed, the Advisory Committee Notes to Rule 26 specifically provide that early discovery "'will be appropriate in some cases, such as those involving requests for a preliminary injunction

. . . .'" *Aero Union Corp.*, 2012 U.S. Dist. LEXIS 120276, at *19 (quoting Fed R. Civ. P. 26(d) advisory committee notes on 1993 amendments).

Here, expedited discovery will better enable the Court to prevent irreparable harm while the case is litigated. The discovery Four Women seeks will provide information to assess both the means by which AWHC has intercepted Four Women's messages with its patients and the breadth of that interception. Additional details about how, and by whom, the interception was carried out will aid the Court in determining the precise conduct that must be enjoined. Without question, AWHC has intercepted Four Women's messages with patients in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"); the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.* ("Federal Wiretap Act"); and the Massachusetts wiretap statute, M.G.L. c. 272, § 99 ("Massachusetts Wiretap Act"). Four Women has investigated the incidents of which it is aware in an attempt to determine how AWHC has intercepted its communications with patients, but only discovery will reveal its exact tactics. Permitting discovery and presentation of evidence on this issue will assist the Court in resolving not only Four Women's motion for injunctive relief but also in fashioning the appropriate scope of relief.

### 2. Expedited Discovery Will Safeguard Against Future Irreparable Harm.

Four Women is likely to suffer irreparable harm in three key respects—to the privacy of Four Women and its patients; to Four Women's business and its ability to serve its patients; and to Four Women's reputation. Ascertaining the entire scope of irreparable harm to Four Women is difficult without expedited discovery because Four Women does not yet understand the full extent of AWHC's interception operations. It is therefore difficult to measure precisely the extent of harm that Four Women will suffer if AWHC's interception operations continue unchecked. This is compounding the already difficult task of assessing irreparable harm in connection with a preliminary injunction request. *Cf. K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 915 (1st

Cir. 1989) ("[H]arm to goodwill, like harm to reputation, is the type of harm not readily measurable or fully compensable in damages—and for that reason, more likely to be found irreparable.") (internal quotation marks omitted); *Williams v. Poulos*, 801 F. Supp. 867, 874 (D. Me. 1992) ("Invasion of privacy, like injury to reputation, inflicts damage which is . . . difficult to quantify.").

Expedited discovery is necessary to determine the scope of the incalculable damage AWHC's conduct has caused and threatens to cause, and it will assist Four Women in effectively securing its systems and communications from further interference. Expedited discovery will permit this Court to order injunctive relief that is certain to address the conduct at issue.

### 3. AWHC's Cover-Up Should Not Preclude a Finding of Likelihood of Success on the Merits.

Four Women's preliminary injunction papers demonstrate a likelihood of success on the merits of its CFAA, Federal Wiretap Act, and Massachusetts Wiretap Act claims, weighing strongly in favor of granting expedited discovery. AWHC may argue that Four Women has not met its burden to demonstrate likelihood of success on the merits because Four Women lacks the evidence to establish with exact detail how AWHC has managed to obtain its patients' information. Put another way, AWHC may attempt to leverage its cover-up of its computer fraud and wiretapping operations to avoid an injunction, by arguing Four Women has not marshalled enough proof of AWHC's unlawful interceptions. However, the Court has ample evidence at this stage to conclude that Four Women has demonstrated a likelihood of success on the merits. Should the Court seek further evidentiary support, Four Women should be permitted to conduct limited expedited discovery to demonstrate the requirements necessary for this Court to grant appropriate preliminary injunctive relief, so that Four Women does not continue to suffer any irreparable harm while this case is being litigated. *See KPM Analytics*, 540 F. Supp. 3d at 146 ("[E]xpedited discovery would provide a more fulsome record to consider the preliminary injunction."); *Kruse*

7

*Energy*, 2019 U.S. Dist. LEXIS 236313, at *11 ("[E]xpedited discovery is appropriate [to] . . . demonstrate the requirements that are lacking . . . for preliminary injunctive relief.").

### 4. The Expedited Discovery Sought, Focused Narrowly on the Interception of Patient Communications, Will Impose a De Minimis Burden on Defendants, Which Is Outweighed by the Need to Prevent Further Irreparable Harm to Four Women.

If there is any burden on AWHC in responding to expedited discovery, it is negligible. Four Women requests only expedited discovery targeted at supporting the scope of a preliminary injunction. *Cf. KPM Analytics*, 540 F. Supp. 3d at 146 (holding that expedited discovery should not extend "beyond what is needed for Plaintiff to supplement its brief in support of preliminary injunction"). Moreover, any burden on Defendants is outweighed by the need for discovery. The discovery sought includes information pertaining to electronic communications which are regularly destroyed in the usual course of business. Courts routinely find that the potential for lost or destroyed evidence weighs in favor of determining that good cause exists. *Caston v. Hoaglin*, No. CIV A 2:08-CV-200, 2009 U.S. Dist. LEXIS 49591, at *7-8 (S.D. Ohio June 12, 2009) (collecting cases) ("Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time."); *Serra Spring & Mfg., LLC v. Ramnarine*, No. 22-CV-10530, 2022 U.S. Dist. LEXIS 84976, at *5 (E.D. Mich. May 11, 2022) ("In determining whether good cause exists, the Court may also consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored.").

## CONCLUSION

For the reasons above, this discovery is not premature and has the ability to streamline issues in this case.

## RELIEF REQUESTED

Four Women respectfully requests that the Court:

8

1. Enter an order establishing the limited expedited discovery schedule outlined in Four Women's proposed Order, attached hereto as **Exhibit A**; and

2. Enter Four Women's proposed Protective Order, attached hereto as **Exhibit B**:

    a. Requiring that all women who have sought and will seek reproductive healthcare services with Four Women be referred to using a pseudonym in public documents, and that patient personal information, such as phone numbers, email addresses, and family member names be redacted with the redacted information provided to opposing counsel;[2] and

    b. Requiring redactions pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") for the discovery of individually identifiable health information.[3]

---

[2] Women who have sought reproductive healthcare services with Four Women are not parties to this lawsuit and as such any reference to them in public filings should utilize a pseudonym. The First Circuit has held that "party anonymity ordinarily will be warranted … [in] cases in which identifying the would-be Doe would harm 'innocent non-parties.'" *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022). Further, it is settled law that where the issues pertain to abortion, reproduction, and birth control, utilization of a pseudonym is permitted. *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995) (permitting the plaintiff to proceed using a pseudonym as the issue pertained to a woman's right to reproductive care); *Jaffe v. Sharp*, 463 F. Supp. 222, 224 (D. Mass. 1978), *aff'd and remanded sub nom. Preterm, Inc. v. Dukakis*, 591 F.2d 121 (1st Cir. 1979) (same); *Doe v. Trs. of Dartmouth Coll.*, No. 18-CV-040-LM, 2018 U.S. Dist. LEXIS 74066, at *7 (D.N.H. May 2, 2018) ("[C]ourts have accepted that exceptional circumstances may justify the use of a pseudonym, including in cases involving abortion, birth control."); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992) ("The most common instances [to use a pseudonym] are cases involving abortion."); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting pregnant women to utilize a pseudonym as the issue involved abortion); *Heather K. by Anita K. v. City of Mallard*, 887 F. Supp. 1249, 1255-56 (N.D. Iowa 1995) ("Plaintiffs have been allowed to proceed anonymously in matters involving abortion, reproduction and birth control."); *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 U.S. Dist. LEXIS 46893, at *12 (E.D. Mo. Apr. 6, 2016) ("Courts have generally allowed plaintiffs to litigate under pseudonym in … cases involving abortion and birth control."); *Patton v. Entercom Kan. City, LLC*, No. CIV.A. 13-2186-KHV, 2013 U.S. Dist. LEXIS 96635, at *3 (D. Kan. July 11, 2013). The Supreme Court recognized the practice of permitting pseudonyms in cases involving reproductive healthcare in *Roe v. Wade*, 410 U.S. 113 (1973), and *Doe v. Bolton*, 410 U.S. 179 (1973). *See also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003).

[3] "Judicial … proceedings are forums in which health information may be disclosed or disseminated pursuant to [HIPAA's statutory language which] . . . reads as follows:

| | |
|---|---|
| DATED:  September 5, 2024 | **Four Women Health Services, LLC,** |
| | By its attorneys, |

/s/ *Matthew Patton*
Matthew D. Patton (BBO No. 703798)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

/s/ *Emily Nash*
Martha Coakley (BBO #87300)
Emily J. Nash (BBO #696460)
Caroline Holliday (BBO #707301)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mcoakley@foleyhoag.com
enash@foleyhoag.com

Brenna Rosen (*pro hac vice forthcoming*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, New York 10019
brosen@foleyhoag.com

---

'A covered entity may disclose protected health information in the course of any judicial . . . proceeding:

> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. . . .'

Thus … it is evidently denudate that a purpose of HIPAA was that health information, that may eventually be used in litigation or court proceedings, should be made available during the discovery phase … [a]nd, § 164.512(e) unequivocally permits health care providers and other covered entities to disclose protected health information without patient consent in judicial proceedings." *Bayne v. Provost*, 359 F. Supp. 2d 234, 237 (N.D.N.Y. 2005) (quoting 45 C.F.R. § 164.512(e)).

10

**CERTIFICATE OF SERVICE**

       I, Matthew Patton, hereby certify that on September 5, 2024, I served the within document on Defendants at the following addresses:

Abundant Hope Pregnancy Resource Center Inc., d/b/a Attleboro Women's Health Center
152 Emory St. Unit 4
Attleboro, Massachusetts 02703

Catherine Roman
52 Rocky Knoll Road
North Attleboro, Massachusetts 02760

Nicole Carges
39 Raymond Tatro Ln.
North Attleboro, Massachusetts 02760

Darlene Howard
21 Williams Street
Mansfield, Massachusetts 02048

                                          */s/ Matthew Patton*
                                          Matthew Patton