# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ABUNDANT HOPE PREGNANCY<br>RESOURCE CENTER INC., d/b/a<br>ATTLEBORO WOMEN'S HEALTH CENTER,<br>CATHERINE ROMAN, NICOLE CARGES,<br>and DARLENE HOWARD,<br><br>    Defendants. | Civil Action No. _____ |

## [PROPOSED] QUALIFIED PROTECTIVE ORDER AND PSEUDONYM USE FOR WOMEN WHO HAVE SOUGHT REPRODUCTIVE HEALTHCARE

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to women who have been engaged by either Plaintiff or Defendants to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to

1

disclose protected health information pertaining to women who have been engaged by either Plaintiff or Defendants to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of women who have been engaged by either Plaintiff or Defendants for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing any such protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information of women who have been engaged by either Plaintiff or Defendants may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving such protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information of women who have been engaged by either Plaintiff or Defendants to the covered entity or destroy any and all copies of such protected health information, *except* that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to women who have been engaged by either Plaintiff or Defendants that comes into the possession

of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. Prior to the use of any protected health information being filed publicly the filing party must inform the opposing party of its filing and permit reasonable time for a motion to seal to be submitted. The Court will make a good cause determination for filing under seal if and when the parties seek to file the protected health information of women who have been engaged by either Plaintiff or Defendants under seal.

10. This Order does require that the inclusion of protected health information or reference to any woman who has sought reproductive healthcare services be done so using a pseudonym. Further, any information which could be used to identify the women, including but not limited to, phone number, email, social security number, home address, and family member names must be redacted in public filings.

SO ORDERED

By the Court:

_____

Date: