# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC., d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, and DARLENE HOWARD,<br><br>    Defendants. | Civil Action No. _____ |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

This matter having come before the Court on the motion of Plaintiff Four Women Health Services, LLC ("Four Women") for a preliminary injunction, the Court—having considered all materials, including witness testimony and exhibits, submitted to the Court as well as arguments of counsel—concludes that Four Women has demonstrated a sufficient likelihood of success on the merits of its claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"); the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.* ("Federal Wiretap Act"); and the Massachusetts wiretap statute, M.G.L. c. 272, § 99Q ("Massachusetts Wiretap Act").

Additionally, the Court concludes that Four Women has established that the equitable factors weigh in favor of granting its motion for injunctive relief. Specifically, Four Women has demonstrated that, in the absence of the requested injunction, it is likely to suffer irreparable harm to its privacy and to the privacy of its patients, to its business and its ability to serve its patients, and to its reputation. Further, the harm to Four Women if the Court does not issue an injunction

1

greatly outweighs any harm to Defendants if the Court does issue an injunction. Finally, the public interests in protecting privacy rights and the right to access reproductive health care will be served by granting the requested injunction.

Accordingly, the Court hereby ORDERS that Defendant Abundant Hope Pregnancy Resource Center Inc., d/b/a Attleboro Women's Health Center ("AWHC"), Catherine Roman, Nicole Carges, and Darlene Howard (collectively, "Defendants"), their respective agents, partners, employees, successors, assigns, and any persons in active concert or participation with them must:

1. Cease and refrain from accessing any Four Women computer system, including Four Women's account pages on web-based platforms;
2. Cease and refrain from accessing, obtaining, or otherwise interfering with Four Women's communications with patients[1];
3. Refrain from using any information Defendants have already obtained from unlawfully intercepting communications between Four Women and its patients—including the identity and contact information of such patients—to contact or communicate with such patients; and
4. Specifically refrain from contacting or communicating with the Jane Does identified in the Complaint, whose contact information was obtained unlawfully.

This order shall remain in effect pending further order of this Court.

SO ORDERED

By the Court:

_____

Date:

---

[1] As used herein, "patients" encompasses both existing and prospective Four Women patients.

2