UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC,<br>    Plaintiff<br><br>vs.<br><br>ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC., d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, and DARLENE HOWARD,<br>    Defendants | CIVIL ACTION No: 1:24-CV-12283-JEK |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY

The Defendants hereby oppose the Plaintiff's Motion for Limited Expedited Discovery which was filed in support of Plaintiff's separate Motion for a Preliminary Injunction. The Plaintiff's claimed justification for expedited discovery is that it is needed to support its motion for a preliminary injunction. But the Plaintiff's Motion for Limited Expedited Discovery should be denied because the Plaintiff's likelihood of success on its underlying case is extremely improbable – and thus its Motion for a Preliminary Injunction should be denied.

Further, the Plaintiff has the burden to show why expedited discovery is warranted. "A party must show good cause to obtain expedited discovery before the Rule 26 conference." *KPM Analytics N. Am. V. Blue Sun Sci.*, LLC, 540 F. Supp. 3d 145, 146 (D. Mass. 2021). The Plaintiff cannot show good cause and has therefore failed to carry its burden.

I. The Plaintiff Does Not Have a Likelihood of Success on the Merits.

To obtain a preliminary injunction, a plaintiff must show that (1) it is likely to succeed on the merits of its claims; (2) it is likely to suffer irreparable harm if the injunction is not granted; (3) the balance of equities weighs in the plaintiff's favor; and (4) the injunction serves the public interest. *Arborjet, Inc. v. Rainbow Treecare Sci Advancements*, 794 F.3d. 168, 171 (1st Cir. 2015). "The first of these four factors normally weighs heaviest in the decisional scales." *Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009).

Expedited discovery is not warranted here because the Plaintiff's Motion for a Preliminary Injunction is without a valid basis. The likelihood of success on the merits of that motion is minimal to non-existent. There exists no credible evidence that the Defendants have engaged in wiretapping and computer fraud - or that they have the knowledge or capabilities to do so.

The Plaintiff brings serious wire-tapping and computer fraud claims against the Defendants charging them with criminal violations of both state and federal law. The Defendants deny such charges. (See attached Ex. A – Affidavit of Darlene Howard, Executive Director of Abundant Hope Pregnancy Resource Center, Inc.) In its motions, the Plaintiff failed to explain, considering the grave criminal charges it is levelling against the Defendants, why it did not seek investigations of them by law enforcement authorities such as the Massachusetts Attorney General's Office or the Federal Bureau of Investigation. The Massachusetts Attorney General's Office has a special unit to protect women's reproductive rights. Yet apparently, the Plaintiff abortion clinic's case is so weak that it did not seek the assistance of that unit – or the facts were presented to that unit and it was determined that the matter was not even worthy of an investigation.

As alleged in the Plaintiff's Complaint (paragraphs 93-99), the Plaintiff uses the services of both Klara Technologies, Inc. (Klara), which facilitates secure patient messaging, and Athenahealth, Inc., a third-party electronic health record system. As their customer, the Plaintiff could quite easily have checked with those companies to see whether any of the Defendants had in some way interfered with the electronic communications between the Plaintiff and its patients. Yet, either the Plaintiff failed to take those simple and reasonable steps or it did so and was informed by Klara and Athenahealth that no evidence existed of any such interference by the Defendants.

According to the Affidavit of Robert Knapp (attached to Plaintiff's Motion for a Preliminary Injunction), he is a computer expert with a specialty in digital security, and he was hired by the Plaintiff in June of 2024 to evaluate a suspected cybersecurity incident involving patient communications and data. In his 6 page affidavit in which he describes his work and his conclusion, Mr. Knapp does not in any way link the Defendants with interference in the communications between the Plaintiff and its patients. He could not find any evidence against the Defendants - because there is none. Yet, that did not satisfy the Plaintiff. It still proceeded with a federal lawsuit against the Defendants. The Plaintiff is attributing to the Defendants a level of computer and electronic sophistication that simply does not exist.

In its Plaintiff's Memorandum of Law in Support of Its Motion for Limited Expedited Discovery, the Plaintiff frequently admitted that it has no real evidence that the Defendants engaged in wire-tapping and computer fraud: "…[T]he specific means employed to carry out the interception …is unknown." (p. 3); "…[T]he specific mechanism Defendants use is unknown…" (p. 3); "Four Women does not yet understand the full extent of AWHC's interception operations." (p.6). The Plaintiff should have at least obtained some evidence of wire-tapping and

3

computer fraud by the Defendants before it filed suit. Conjecture and suspicion is not a valid basis for a lawsuit.

In sum, the Plaintiff's Motion for Expedited Discovery should be denied. The basis of its motion, that it needs it to support a Motion for a Preliminary Injunction, is invalid since that latter Motion requires a likelihood of success on the merits of the Plaintiff' claim - which does not exist here.

II. <u>Plaintiff's Discovery Requests are Not Limited Because They Are Not Narrowly Focused, are Burdensome, and are Not Targeted Simply to Support the Scope of a Preliminary Injunction</u>.

The Plaintiff alleges in its memorandum in support of its Motion for Expedited Discovery (p. 8) that the expedited discovery sought is "narrowly focused" on the interception of patient communications and that it would impose a "de minimis" burden on the defendants. It also asserts that it requests only expedited discovery targeted at supporting the scope of a preliminary injunction. Such claims are belied by the facts. While Requests Nos. 1 and 4 of Plaintiff's First Set of Requests for the Production of Documents to Defendants, are arguably narrowly focused, Requests No. 2, 3, and 5 are not. And a plain reading of those latter requests shows they are not targeted simply to support the scope of a preliminary injunction.

Request No 1 states: "All communications or records relating to Jane Does 5-8, including but not limited to client files, logs, appointments, contact cards, records of calls, voicemails, text messages, e-mails, or other electronic communications made or received by an AWHC Phone, email address, or other electronic or web-based account on AWHC's behalf."

Request No. 4 states: "All documents and communications, including internal documents and communications, regarding AWHC's efforts to obtain any contact information of Jane Does 5-8."

4

Requests No. 1 and 4 would appear to be reasonable since they concern the Jane Does who are subject matters of the Plaintiff's Complaint. But Requests 2, 3, and 5 (below) are overbroad and do not even relate to the Jane Does – and certainly are not targeted simply to support the scope of a preliminary injunction.

Request No. 2 states: "Documents sufficient to show all calls made and received by any AWHC Phone during the Relevant Time Period, such as call logs or similar phone records which include dates, time, phone numbers, names, and duration of the calls." (As defined by the Plaintiff, the Relevant Time Period is January 1, 2023, to the present.)

Request No. 3 states: "All AWHC procedures, policies, guidance or training materials for staff, volunteers, or others pertaining to AWHC's solicitation of or other outreach to AWHC clients."

Request No. 5 states: "All documents, including records, time sheets, or other employment documentation sufficient to show all AWHC Staff working at or near AWHC or remotely for AWHC on each day during the Relevant Time Period."

In Requests No. 2, 3, and 5, there is no reference made at all to the Jane Does which are supposed to be what the Plaintiff's claims are about. These requests are overbroad and seek irrelevant information. Moreover, as to Request No. 2, an attempt to track down all that requested information for a period of over a year and 8 months would certainly be burdensome – especially considering the Defendant has only 7 employees. (See Ex. A - attached Affidavit of Darlene Howard.) And the burden of discovery on a defendant is a factor to consider in determining whether good cause exists to allow expedited discovery. *KPM Analytics N. Am. V. Blue Sun Sci.*, LLC, 540 F. Supp. 3d 145, 146 (D. Mass. 2021). In addition, as to Request No. 5, it would unnecessarily invade the privacy rights of those members of the Defendants' staff who had no interaction with the Jane Does.

5

Regarding the Plaintiff's Interrogatories, again some of these are not "narrowly focused" despite the Plaintiff's claim. For example, while Interrogatory No. 1, would arguably be reasonable because it concerns the Jane Does, Interrogatory No. 2 is not about the Jane Does and is thus not narrowly focused. Interrogatory No. 2 states: "Identify all individuals who worked for or volunteered with AWHC during the Relevant Time Period, including their names, titles, and tenures." (As defined by the Plaintiff, the Relevant Time Period is January 1, 2023, to the present.) Interrogatory No. 2 is overly broad and answering it would be an unnecessary invasion of the privacy rights of the Defendants' staff and volunteers. And a plain reading of the interrogatory shows it was not targeted simply to support the scope of a preliminary injunction.

In sum, the Plaintiff's discovery requests are not limited because they are not narrowly focused, are burdensome, and are not targeted simply to support the scope of a preliminary injunction. Especially at this early stage of the case, the Plaintiff's Requests Nos. 2, 3, and 5 and Interrogatory No. 2 are well beyond the scope of permissible discovery pursuant to Fed. R.Civ.P. 26 (b) (1).

WHEREFORE, for the above stated reasons, the Plaintiff's Motion for Limited Expedited Discovery should be DENIED.

The Defendants, Abundant Hope Pregnancy Resource Center, d/b/a Attleboro Women's Health Center, Catherine Roman, Nicole Carges, and Darlene Howard,
By Their Attorney,

__/s/ Thomas M. Harvey__
Thomas M. Harvey
Law Office of Thomas M. Harvey
22 Mill Street, Suite 408
Arlington, MA  02476
Tel. 617-710-3616; Fax 781-643-1126
tharveyesq@aol.com
BBO#: 225050

Dated:  9-23-2024