UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC, <br>    Plaintiff <br><br> vs. <br><br> ABUNDANT HOPE PREGNANCY <br> RESOURCE CENTER INC., d/b/a <br> ATTLEBORO WOMEN'S HEALTH <br> CENTER, CATHERINE ROMAN, NICOLE <br> CARGES, and DARLENE HOWARD, <br>    Defendants | CIVIL ACTION No: 1:24-CV-12283-JEK |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

The Defendants hereby oppose the Plaintiff's Motion for A Preliminary Injunction . The

Plaintiff's likelihood of success on its underlying case is extremely improbable and therefore its

Motion for a Preliminary Injunction should be denied.

I. The Plaintiff Does Not Have a Likelihood of Success on the Merits.

To obtain a preliminary injunction, a plaintiff must show that (1) it is likely to succeed on

the merits of its claims; (2) it is likely to suffer irreparable harm if the injunction is not granted;

(3) the balance of equities weighs in the plaintiff's favor; and (4) the injunction serves the public

interest. *Arborjet, Inc. v. Rainbow Treecare Sci Advancements*, 794 F.3d. 168, 171 (1st Cir.

2015). "The first of these four factors normally weighs heaviest in the decisional scales."

*Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009). "……[We] have repeatedly

held that this factor is "the most important part of the preliminary injunction assessment."

*Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1 (2021), quoting *Jean v. Mass.*

*State Police*, 492 F.3d 24,27 (1st Cir. (2008). "…[T]he sine qua non of this four part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.* 287 F.3d 1, 9 (1st Cir. 2002).

Plaintiff's Motion for a Preliminary Injunction is without a valid basis. The likelihood of success on the merits of the Plaintiff's case is minimal to non-existent. There exists no credible evidence that the Defendants have engaged in wiretapping and computer fraud - or that they have the knowledge or capabilities to do so.

The Plaintiff brings serious wire-tapping and computer fraud claims against the Defendants charging them with criminal violations of both state and federal law. The Defendants deny such charges. (See attached Ex. A – Affidavit of Darlene Howard, Executive Director of Abundant Hope Pregnancy Resource Center, Inc.) In its motion, the Plaintiff failed to explain, considering the grave criminal charges it is levelling against the Defendants, why it did not seek investigations of them by law enforcement authorities such as the Massachusetts Attorney General's Office or the Federal Bureau of Investigation. The Massachusetts Attorney General's Office has a special unit to protect women's reproductive rights. Yet apparently, the Plaintiff abortion clinic's case is so weak that it did not seek the assistance of that unit – or the facts were presented to that unit and it was determined that the matter was not even worthy of an investigation.

As alleged in the Plaintiff's Complaint (paragraphs 93-99), the Plaintiff uses the services of both Klara Technologies, Inc. (Klara), which facilitates secure patient messaging, and Athenahealth, Inc., a third-party electronic health record system. As their customer, the Plaintiff could quite easily have checked with those companies to see whether any of the Defendants had in some way interfered with the electronic communications between the Plaintiff and its patients.

Yet, either the Plaintiff failed to take those simple and reasonable steps or it did so and was informed by Klara and Athenahealth that no evidence existed of any such interference by the Defendants.

According to the Affidavit of Robert Knapp (attached to Plaintiff's motion), he is a computer expert with a specialty in digital security, and he was hired by the Plaintiff in June of 2024 to evaluate a suspected cybersecurity incident involving patient communications and data. In his 6 page affidavit in which he describes his work and his conclusion, Mr. Knapp does not in any way link the Defendants with any interference in the communications between the Plaintiff and its patients. He could not find any evidence against the Defendants - because there is none. It is far-fetched for the Plaintiff to claim that, not only are the Defendants so sophisticated in computers that they know how to engage in wire-tapping - but that they are also so advanced that they know how to cover their tracks so that an expert in digital security cannot trace them.

The Plaintiff alleges in its complaint (paragraph 56) that, "First, women seeking reproductive healthcare services occasionally make appointments with AWHC, believing they are making appointments at Four Women." If that is true, that would be a likely explanation as to how the Defendant obtained the contact information of the Plaintiff's patients. And that makes sense compared to the Plaintiff's wild speculation that the Defendants hacked into the Plaintiff's computer systems, stole the patient information, and then successfully covered their tracks so well that a computer security expert could not figure it out.

In the Plaintiff's Memorandum of Law in Support of Its Motion for Limited Expedited Discovery, the Plaintiff frequently admitted that it has no real evidence that the Defendants engaged in wire-tapping and computer fraud: "…[T]he specific means employed to carry out the interception …is unknown." (p. 3); "…[T]he specific mechanism Defendants use is unknown…" (p. 3); "Four Women does not yet understand the full extent of AWHC's interception

operations." (p.6). The Plaintiff should have at least obtained some evidence of wire-tapping and computer fraud by the Defendants before it filed suit. Conjecture and suspicion is not a valid basis for a lawsuit. And they are certainly not sufficient to support a motion for a preliminary injunction.

II. Plaintiff Will not Suffer Irreparable Harm.

As noted above, besides having to show the likelihood of success on the merits of its claims, the Plaintiff also has the burden to show that it would suffer irreparable harm if the injunction is not granted. *Arborjet, Inc. v. Rainbow Treecare Sci Advancements*, 794 F.3d. 168, 171 (1st Cir. 2015). The Plaintiff has failed to carry its burden in this regard also. It alleges in its memorandum (p. 17-18) that it would suffer irreparable damage but it is vague regarding how exactly the damage would be irreparable. It has claimed invasion of its privacy, but there is no claim that the Defendants have obtained the Plaintiff's employees' names or any personal information regarding them. Any irreparable harm caused by the alleged actions of the Defendants simply does not exist.

Moreover, the Plaintiff is distinct from its patients. Despite the Plaintiff constantly alleging the harm done to its patients, it is irreparable harm to the Plaintiff that must be shown - not any harm that could be done to its patients.

Regarding the additional factors to consider in determining whether a preliminary injunction should be granted, the Defendants are confident that the Plaintiff cannot overcome the initial barrier which requires a showing of likelihood of success on the merits of its claims. Accordingly, the Defendants see no need to further engage in "idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.* 287 F.3d 1, 9 (1st Cir. 2002).

WHEREFORE, for the above stated reasons, the Plaintiff's Motion for A Preliminary Injunction should be DENIED.

The Defendants, Abundant Hope Pregnancy
Resource Center, d/b/a Attleboro Women's Health
Center, Catherine Roman, Nicole Carges, and
Darlene Howard,
By Their Attorney,

___/s/ Thomas M. Harvey_____
Thomas M. Harvey
Law Office of Thomas M. Harvey
22 Mill Street, Suite 408
Arlington, MA  02476
Tel. 617-710-3616; Fax 781-643-1126
tharveyesq@aol.com
BBO#: 225050

Dated:  9-27-2024

## CERTIFICATE OF SERVICE

I, Thomas M. Harvey, certify that on September 27, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff by electronically serving its counsel of record.

/s/ Thomas M. Harvey____
Thomas M. Harvey