UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC, | |
| Plaintiff, | |
| v. | Civil Action No: 1:24-cv-12283 |
| ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC., d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, and DARLENE HOWARD, | Leave to file granted on 9/30/2024 [Dkt. 35] |
| Defendants. | |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

Defendants' Opposition to Four Women Health Services, LLC's ("Four Women") Motion for Preliminary Injunction, ECF 28 ("Opposition"), fails to assert either a legal or factual basis for denying Four Women the injunction it seeks.

Defendants' Opposition addresses only two components of the preliminary injunction inquiry: likelihood of success on the merits and irreparable harm.[1] But Defendants' Opposition, which simply repurposes its briefing addressing limited expedited discovery, *see* ECF 22, fails to controvert the facts underlying Four Women's Motion for Preliminary Injunction, which illustrate both a pattern of conduct involving interception of Four Women's communications with its patients—including detailed accounts of four Jane Doe patients—and the irreparable harm necessitating injunctive relief.  Four Women thus briefly addresses each point.

---

[1] Defendants' omission of the other two factors demonstrates that Defendants cannot and thus do not dispute that these factors weigh in Four Women's favor.

I.     **Defendants Do Not Dispute Four Women's Factual Allegations that Demonstrate a Likelihood of Success On the Merits.**

Four Women seeks a preliminary injunction in connection with three claims on the basis that Defendants have intercepted Four Women's communications with its patients.  Defendants declare that Four Women's likelihood of success on the merits of these claims is "minimal to non-existent."  ECF 28-1 at 2.  But the basis for Defendants' assertion is unclear, as Defendants fail to proffer any factual evidence or legal argument to refute Four Women's claims.  Because Defendants neglect to even address the elements of Four Women's claims, let alone present legal arguments in response, Four Women relies on its initial Memorandum to address these points. Four Women instead briefly responds to Defendants' assertions regarding the facts alleged.

Defendants' sole attempt at evidence to refute Four Women's allegations is a conclusory denial by one defendant, Darlene Howard, that she asserts on behalf of both herself and "anyone [acting] on behalf of Abundant Hope [d/b/a Attleboro Women's Health Center ("AWHC")]." ECF 28-2 ¶ 1.  Ms. Howard's denial, however, is a legal conclusion that does not constitute factual evidence, *see, e.g.*, *Schram v. PMC Ins. Agency, Inc*., No. 20-cv-10307-GAO, 2022 U.S. Dist. LEXIS 237229 at *71 (D. Mass. Sept. 1, 2022) (striking paragraphs in an affidavit that "amount to legal conclusions"), nor does it actually address Four Women's well-pleaded allegations in support of its claims.  *See generally Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1975) ("For purposes of our review, all of the well-pleaded allegations of respondents' complaint and uncontroverted affidavits filed in support of the motion for a preliminary injunction are taken as true.").

Four Women has alleged both in its Complaint and through supporting evidence to its Motion for Preliminary Injunction specific details involving four separate patients—identified as Jane Does 5-8—who contacted Four Women on separate dates to make appointments for

reproductive healthcare services and received calls from AWHC shortly (sometimes mere minutes) thereafter.  ECF 1 ¶¶ 101-22; ECF 8.  Four Women has identified the dates AWHC made these calls, including times of calls and screen shots for certain Jane Does.  *See id.*[2]  Multiple Jane Does affirmatively stated that they had not contacted or communicated with AWHC prior to receiving those calls.  *See* ECF 1 ¶¶ 107, 121; ECF 8-1 at 5; ECF 8-7.  The manner and circumstances by which Defendants contacted the Jane Does can only be explained by Defendants' engagement in unlawful wiretapping or computer fraud activities.

Defendants have not denied these allegations, despite possessing the information necessary to dispute the allegations if it existed.  For example, Defendants do not present evidence that they do not possess the Jane Does' contact information, that they did not call the Jane Does at the dates and times identified, or that the Jane Does in question had actually contacted AWHC first.  To the contrary, Defendants instead seize Four Women's allegations that AWHC's deceptive website misleads women to believe that AWHC is in fact Four Women "would be a likely explanation as to how the Defendant obtained the contact information of the Plaintiff's patients."  ECF 28-1 at 3. It is notable that Defendants seek to defend against the technological interference claims by relying on allegations illustrating unfair and deceptive business practices, but these tactics are not mutually exclusive.   AWHC can employ multiple strategies to obtain Four Women patients' contact information, and the facts alleged show they did so here.  Despite the specifics of these allegations, Defendants offer no facts in response.  Accordingly, Defendants fail to rebut the factual basis for Four Women's claims and the preliminary injunction it seeks.[3]

---

[2] "The Court 'has broad discretion in deciding what evidence to consider in connection with a motion for preliminary injunction, including hearsay.'"  *Fitzhugh v. Wells Fargo Bank, N.A.*, 594 F. Supp. 3d 265, 268 (D. Mass. 2022) (quoting *Rice v. Wells Fargo Bank, N.A.*, 2 F. Supp. 3d 25, 31 (D. Mass. 2014)).

[3] Because Defendants have offered no evidence for this Court to consider, there is no genuine issue of material fact regarding the facts underlying Four Women's motion for preliminary injunction.  To the extent the Court requires further evidence on this topic, however, Four Women has requested limited expedited discovery for this purpose, *see* ECF 3, and it requests an evidentiary hearing.  *See Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 223 (1st Cir.

**II.      Injunctive Relief Is Needed to Safeguard Four Women's Interests In Providing Healthcare to Patients.**

To establish irreparable harm, a plaintiff must show that "legal remedies are inadequate." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18-19 (1st Cir. 1996) ("If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel."). Defendants' conduct injures Four Women's ability to provide healthcare services to its patients, not only by misdirecting patients so they inadvertently miss their appointments, but also by jeopardizing Four Women's ability to secure its patients' records and information. These injuries are not compensable by any remedy at law.

First, Defendants gloss over the harm their actions cause to Four Women's business by interfering with patients' access to Four Women. Defendants call Four Women's assertions "vague," ECF 28-1 at 4, but Four Women has alleged specific examples of AWHC using improperly-obtained client information and deception to divert them from Four Women to AWHC. *See BTU Ventures, Inc. v. Betancourt*, No. 09-10058-JLT, 2009 U.S. Dist. LEXIS 148814, at *4 (D. Mass. Feb. 23, 2009) (finding irreparable harm where defendant used plaintiff's confidential information to gain "competitive advantage"). The only thing "vague" about Four Women's allegations is the number of Four Women patients who never made it to their appointments due to AWHC's conduct, which Four Women cannot quantify. Where a defendant's conduct renders it "nearly impossible for [the plaintiff] to quantify the exact amount of lost business attributable to [the defendant] . . . injunctive relief is appropriate." *Bio-Imaging Techs., Inc. v. Marchant*, 584 F. Supp. 2d 322, 330 (D. Mass. 2008).

---

2003) (noting "evidentiary hearings are often desirable at the preliminary injunction stage" because any "doubt should be resolved in favor of taking evidence"); *Strahan v. Sec'y, Massachusetts Exec. Off. of Energy & Env't Affs.*, 519 F. Supp. 3d 65, 66-67 (D. Mass. 2021) ("If there are genuine issues of material fact raised in opposition to a motion for a preliminary injunction, an evidentiary hearing is required.").

Second, Defendants argue that Four Women is "distinct from its patients" and thus cannot assert a privacy interest pertaining to its patients, ECF 28-1 at 4, but this argument merely illustrates Defendants' ignorance of the legal obligations healthcare providers have, especially to their patients.  Massachusetts courts have repeatedly recognized the strong federal policy of protecting patient health information.  *See, e.g.*, *In re New Eng. Compounding Pharm., Inc.*, No. 12-2419-FDS, 2013 U.S. Dist. LEXIS 161652 at *48 (D. Mass. Nov. 13, 2013); *United States v. Mazzola*, 217 F.R.D. 84, 88 (D. Mass. 2003).  This policy imposes a burden on healthcare providers like Four Women to safeguard patient health information both under federal regulation, *see* 45 C.F.R. § 164.530(c) (HIPAA), and common law, *see, e.g.*, *In re Shields Health Care Grp., Inc. Data Breach Litig.*, No. 22-10901, 2024 U.S. Dist. LEXIS 38082, at *14 (D. Mass. Mar. 5, 2024) (recognizing implied contract between healthcare providers and patients requiring safeguarding private health information).  The threat Defendants' conduct poses to Four Women's ability to safeguard its patients' information is not separate from Four Women; it is central to its business.

Four Women thus requires the Court's assistance in ensuring that Defendants cease from any further interference or unauthorized access to Four Women's systems.  Four Women respectfully requests the Court grant its Motion for a Preliminary Injunction.

DATED: September 30, 2024

Four Women Health Services, LLC

By its attorneys,

/s/ *Matthew Patton*_____
Matthew D. Patton (BBO No. 703798)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

/s/ *Emily Nash*
Martha Coakley (BBO # 87300)
Emily J. Nash (BBO #696460)
Caroline Holliday (BBO #707301)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mcoakley@foleyhoag.com
enash@foleyhoag.com

Brenna Rosen (*pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, New York 10019
brosen@foleyhoag.com

## <u>CERTIFICATE OF SERVICE</u>

I, Emily Nash, certify that on September 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendants by electronically serving its counsel of record.


/s/ *Emily Nash*
Emily Nash