UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ABUNDANT HOPE PREGNANCY<br>RESOURCE CENTER INC. d/b/a<br>ATTLEBORO WOMEN'S HEALTH CENTER,<br>CATHERINE ROMAN, NICOLE CARGES,<br>and DARLENE HOWARD,<br><br>    Defendants. | Civil Action No. 24-cv-12283 |

# [PROPOSED] EXPEDITED DISCOVERY AND PRELIMINARY INJUNCTION SCHEDULE

Pursuant to the Court's Order, ECF 37, the Plaintiff files this proposed schedule for expedited discovery and preliminary injunction.

1. Pursuant to the Court's direction during the October 2, 2024 hearing on Plaintiff's Motion for Limited Expedited Discovery, Plaintiff submits a revised proposed protective order which is attached as **Exhibit A** hereto.

2. Within one business day of the Court entering a protective order, the Defendants must provide the identity of Defendant Abundant Hope Pregnancy Resource Center Inc. d/b/a Attleboro Women's Health Center's ("AWHC") phone carrier and internet provider, as requested in Plaintiff's Interrogatory No. 3, to permit Plaintiff to serve its proposed third-party subpoenas;

3. Defendants must respond, including the production of documents, to Plaintiff's discovery requests, ECF 19-1; ECF 19-2, within fifteen days of the Court's order entering a protective order;

4. All depositions must be completed within ten days of Defendant's responses to Plaintiff's discovery requests;

5. Any supplemental briefing Plaintiff wishes to file in support of its request for preliminary injunction must be filed two weeks from the end of the deposition period;

6. Any supplemental briefing Defendants wish to file in opposition to Plaintiff's motion for preliminary injunction must be filed two weeks from the date of Plaintiff's supplemental briefing submission;

7. Plaintiff is afforded five days from the date of Defendants' opposition to request leave to file a reply;

8. A hearing is scheduled following all briefing at the Court's discretion.

SO ORDERED.

By the Court:

_____

Date:

### CERTIFICATE OF SERVICE

I hereby certify that the on October 2, 2024, the foregoing document was filed using the CM/ECF system and notice was served electronically to all counsel of record as indicated on the Notice of Electronic Filing (NEF).

*/s/ Matthew Patton*
Matthew Patton

## **CERTIFICATE OF CONFERRAL**

  I hereby certify that the on pursuant to the Court's Order I conferred with counsel for the Defendants relating to the proposed schedule. It is my understanding that the Defendants do not object to the timeline of the schedule, but rather the substance to be produced.

              */s/ Matthew Patton*
              Matthew Patton

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FOUR WOMEN HEALTH SERVICES, LLC,

    Plaintiff,

v.

ABUNDANT HOPE PREGNANCY
RESOURCE CENTER INC. d/b/a
ATTLEBORO WOMEN'S HEALTH CENTER,
CATHERINE ROMAN, NICOLE CARGES,
and DARLENE HOWARD,

    Defendants.

Civil Action No. 24-cv-12283

**[PROPOSED] QUALIFIED PROTECTIVE ORDER AND PSEUDONYM USE**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. Scope of Order: The documents, testimony, electronic data, or other information, including the substance and content thereof, produced or otherwise disclosed by any party or non-party during discovery in this litigation ("Information") shall be subject to the terms and provisions of this order.

2. Protected Health Information: The parties and their attorneys are hereby authorized to receive, subpoena and transmit "Protected Health Information" to the extent and subject to the conditions outlined herein.

    a)    For the purposes of this qualified protective order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected Health Information includes, but is not limited to, patient names and/or

1

health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

      b)    All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose Protected Health Information pertaining to women who have been engaged by either Plaintiff or Defendants to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

3. <u>Confidential Employee Information.</u>  "Confidential Employee Information" as used herein shall include identifying information, such as names and contact information, pertaining to current or former employees, volunteers, interns or other staff of Plaintiff Four Women Health Services ("Four Women") or Defendant Abundant Hope Pregnancy Resource Center, d/b/a Attleboro Women's Health Center ("AWHC").

4. <u>Disclosure of Protected Health Information and Confidential Employee Information.</u>  The parties and their attorneys shall be permitted to use or disclose the Protected Health Information of women who have been identified by either Plaintiff or Defendants for purposes of prosecuting or defending this action including any appeals of this case and Confidential Employee Information to in accordance with the following limitations.

      a)    Protected Health Information and Confidential Employee Information shall not be furnished, shown, or disclosed to any person or entity except to the attorneys representing the parties in this proceeding, experts or consultants retained by the parties in this proceeding, the parties in this proceeding (solely for the purposes of prosecuting, defending, or appealing this Action), the Court and court personnel, copy services, non-

party deponents in this proceeding, an officer before whom a deposition is taken, trial consultants, and other entities or persons involved in the litigation process agreed to in writing by the producing party or authorized by further order of this Court

b) Prior to disclosing any Protected Health Information or Confidential Employee Information to persons involved in this litigation, counsel shall inform each such person that the Protected Health Information and Confidential Employee Information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving such protected health information do not use or disclose such information for any purpose other than this litigation

5. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the Protected Health Information and Confidential Employee Information to the covered entity or destroy any and all copies of such protected health information, *except* that counsel are not required to secure the return or destruction of Protected Health Information or Confidential Employee Information submitted to the court.

6. This Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

7. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

8. This Order does not authorize either party to seal court filings or court proceedings. Prior to the use of any Protected Health Information or Confidential Employee Information being

3

filed publicly the filing party must inform the opposing party of its filing and permit reasonable time for a motion to seal to be submitted.  The Court will make a good cause determination for filing under seal if and when the parties seek to file the protected health information of women who have been engaged by either Plaintiff or Defendants under seal.

      9. This Order does require that the inclusion of Protected Health Information or Confidential Employee Information reference to any woman who has sought reproductive healthcare services be done so using a pseudonym.  Further, any information which could be used to identify patients or employees, staff, or volunteers of Four Women or AWHC, including but not limited to, phone number, email, social security number, home address, and family member names must be redacted in public filings.

SO ORDERED

                                               By the Court:

                                               _____

Date: