## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:24-cv-12283-JEK ) |
| ABUNDANT HOPE PREGNANCY RESOURCE CENTER, INC., d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, and DARLENE HOWARD, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY

**KOBICK, J.**

Plaintiff Four Women Health Services, LLC brings this action against defendants Abundant Hope Pregnancy Resource Center, Inc., d/b/a Attleboro Women's Health Center ("AWHC"); its President, Catherine Roman; its Treasurer, Nicole Carges; and its Executive Director, Darlene Howard alleging that the defendants have improperly accessed its electronic platforms in order to interfere with Four Women's patients who are seeking reproductive healthcare services. Four Women contends, among other things, that the defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and the Massachusetts Wiretap Act, M.G.L. c. 272, § 99, and it has moved for a preliminary injunction and for limited expedited discovery pursuant to Federal Rule of Civil Procedure 26(d). Because the Court concludes that some of the requested discovery is warranted, the motion for limited

expedited discovery will be granted in part and denied in part. Four Women will be permitted to serve its proposed interrogatories on AWHC and three of its proposed requests for production of documents on each of the defendants. Four Women will also be allowed to subpoena the requested non-parties and conduct limited depositions of AWHC, under Rule 30(b)(6), and any person who called or contacted Jane Does 5 through 8 on behalf of AWHC. The motion for a preliminary injunction will be addressed after this limited period of discovery has concluded.

## BACKGROUND

The following facts are drawn from the complaint and the evidentiary submissions appended to Four Women's motions and the defendants' opposition to those motions.

Four Women is a clinic and ambulatory surgical center in Attleboro, Massachusetts that provides reproductive healthcare services, including birth control prescriptions, ultrasounds, and abortion care. ECF 1, ¶¶ 14, 23-25. Located next door to Four Women is defendant AWHC, which, according to the complaint, seeks to stop women from obtaining those services, particularly abortion care, and falsely advertises itself as a licensed medical facility, even though it is not one. *Id.* ¶¶ 4-6, 54.

At issue here, AWHC has allegedly intercepted communications between Four Women and several patients who were scheduling appointments with Four Women. *Id.* ¶¶ 7-9. Within minutes of the patients' communications with Four Women, AWHC allegedly contacted the patients in order to prevent them from timely receiving Four Women's services. *Id.* The Senior Manager of Incident Response at Rapid7, Robert Knapp, averred that "the most likely points through which AWHC may have accessed Four Women patient information" are Four Women's platforms on Klara Technologies, Inc., which facilitates secure patient messaging, and Athenahealth, Inc., which manages patients' health records. ECF 7, ¶¶ 13, 17-18, 23, 28. Through

the Klara platform, a prospective patient must select a requested service to book an appointment at Four Women, and she must provide her cellphone number when sending a message to Four Women. *Id.* ¶¶ 19-20. That information is then uploaded instantaneously to Athenahealth. *Id.* ¶ 23.

Four Women provides four examples of these alleged intercepted communications. ECF 1, ¶¶ 100-23.[1] In October 2023, Jane Doe 5 sought an appointment at Four Women using the Klara platform and, within fifteen minutes, received a call from AWHC to schedule a visit there instead. ECF 8-1. Earlier, in August 2023, Jane Doe 7 communicated with Four Women on Klara to schedule a birth control appointment, and AWHC later called her to say that it, which she thought was Four Women, could not provide her with birth control. ECF 8-5. More recently, in May 2024, Jane Doe 6 communicated with Four Women via Klara about obtaining a medication abortion and, just over an hour later, AWHC contacted her to set up an appointment. ECF 8-2, 8-3, 8-4. Also in May 2024, Jane Doe 8 similarly sought a medication abortion with Four Women through Klara, and AWHC called her the day of the appointment to try to persuade her to obtain its services instead. ECF 8-6, 8-7. The defendants, for their part, have submitted an affidavit from Darlene Howard, Executive Director of AWHC, denying that AWHC or its employees has intercepted communications between Four Women and its patients or infiltrated Four Women's electronic platforms. ECF 22-1, ¶ 1.

---

[1] At the motion hearing, the parties agreed that any reference to a non-party woman who has sought reproductive healthcare services at Four Women should be referenced using a pseudonym. *See* ECF 4, at 9 n.2; *Doe v. Town of Lisbon*, 78 F.4th 38, 46 (1st Cir. 2023) ("'[P]arty anonymity ordinarily will be warranted . . . [where] identifying the would-be Doe would harm innocent non-parties[.]'" (quoting *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022))); *Doe v. Trustees of Dartmouth Coll.*, No. 18-cv-040-LM, 2018 WL 2048385, at *3 (D.N.H. May 2, 2018) ("[C]ourts have accepted that exceptional circumstances may justify the use of a pseudonym, including in cases involving 'abortion[.]'" (quoting *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011))); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995) (similar). Accordingly, Four Women's proposed protective order will be separately entered. *See* ECF 38.

Four Women initiated this action on September 5, 2024. ECF 1. The complaint asserts violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count I); the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* (Count II); the Massachusetts wiretap statute, M.G.L. c. 272, § 99 (Count III); and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 11 (Count IV). *Id.* ¶¶ 124-65. That same day, Four Women moved for limited expedited discovery and a preliminary injunction advancing the first three claims. *See* ECF 3 through ECF 6. On September 10, the Court ordered Four Women to file and serve on the defendants the document requests and interrogatories it proposes serving on the defendants and on non-parties Klara Technologies, Athenahealth, and AWHC's phone carrier and texting platform. ECF 14. After receiving the defendants' opposition, the Court held a hearing on the discovery motion on October 2, 2024.

## DISCUSSION

Federal Rule of Civil Procedure 26(d) provides, in pertinent part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). While the First Circuit has not articulated a standard for permitting discovery before a Rule 26(f) conference, courts in this district generally require a showing of "good cause" for such Rule 26(d) discovery. *KPM Analytics N. Am. v. Blue Sun Sci., LLC*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021). To determine whether good cause exists, courts ordinarily look to whether the discovery request is "'reasonable . . . in light of all the circumstances'" by "considering 'the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity.'" *Id.* (quoting *Momenta Pharms., Inc. v. Teva Pharms. Indus. Ltd.*, 765 F. Supp. 2d 87, 89 (D. Mass. 2011)).

Four Women has demonstrated good cause under Rule 26(d)(1) to permit certain expedited discovery. It seeks early discovery to provide the Court with a more complete record upon which to evaluate its motion for a preliminary injunction and the scope of equitable relief requested in that motion. *See KPM Analytics*, 540 F. Supp. 3d at 146 (granting expedited discovery because it "would provide a more fulsome record to consider the preliminary injunction and . . . enable the Court to design an equitable remedy that will prevent irreparable harm while the case is litigated"). The parties dispute whether the defendants have improperly accessed Four Women's patient communications, and there is conflicting evidence on that point before the Court. According to Four Women, discovery could reveal how specifically AWHC has intercepted its patient communications. ECF 4, at 6. And according to the defendants, discovery could reveal that the Jane Doe patients at issue contacted AWHC themselves, and that AWHC engaged in no such interception. ECF 39, at 1-2. The narrow discovery sought in Four Women's motion for limited expedited discovery will likely shed light on this factual dispute.

Given the pendency of the motion for a preliminary injunction, Four Women's discovery requests are not premature. Rule 26(d) recognizes that early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction." Fed R. Civ. P. 26(d), Adv. Comm. Notes 1993 Amendments. Expedited discovery could also safeguard Four Women's interests in its privacy and that of its patients, its ability to serve its patients, and its reputation. ECF 4, at 6. Courts have recognized these harms as irreparable. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 13 (1st Cir. 2000) ("Because injuries to goodwill and reputation are not easily quantifiable, courts often find this type of harm irreparable."); *Williams v. Poulos*, 801 F. Supp. 867, 874 (D. Me. 1992) ("Invasion of privacy, like injury to reputation, inflicts damage which is . . . difficult to quantify[.]").

The burden of discovery on the defendants counsels against granting all of Four Women's proposed discovery requests to AWHC. *See* ECF 19-2. The Court agrees with the defendants that requests for production of documents 2 and 5 are unduly burdensome at this stage of the litigation and "g[o] beyond what is needed for [Four Women] to supplement its brief in support of [a] preliminary injunction." *KPM Analytics*, 540 F. Supp. 3d at 146; *see* 19-2; ECF 22-1, ¶¶ 3-4. The remaining document requests and interrogatories will be permitted, however, because they are narrowly tailored to the claims at issue in Four Women's motion for a preliminary injunction. The defendants do not dispute that Four Women's requested deposition of AWHC's Rule 30(b)(6) designee is likewise warranted, as is its request to depose any person who called or contacted Jane Does 5 through 8 on behalf of AWHC. Nor do the defendants dispute that the document requests that Four Women proposes to serve on the non-parties are narrowly tailored to the dispute at issue, sufficiently specific, and not unduly burdensome. *See* ECF 19-3 through 19-6. Those will be permitted as well. Finally, following this Court's entry of a protective order, the defendants may serve an interrogatory on Four Women, or an informal discovery request, seeking the names of Jane Does 5 through 8. *See* ECF 39, at 1-2.

## CONCLUSION AND ORDER

For the foregoing reasons, Four Women's motion for limited expedited discovery, ECF 3, is GRANTED in part and DENIED in part. The Court ORDERS as follows:

1.      Within one business day of the Court's entry of a protective order, Defendants must provide the identity AWHC's phone carrier and internet provider, as requested in Plaintiff's Interrogatory No. 3, to permit Plaintiff to serve its proposed third-party subpoenas;

2.      Within one business day of the Court's entry of a protective order, Plaintiff must provide the identities of Jane Does 5 through 8 to Defendants;

3.      Defendants must respond to Plaintiff's interrogatories, *see* ECF 19-1, and document request numbers 1, 3, and 4, *see* ECF 19-2, within fifteen days of the Court's entry of a protective order;

4.      Four Women may conduct depositions of AWHC, pursuant to Fed. R. Civ. P. 30(b)(6), and any person who called or contacted Jane Does 5 through 8 on behalf of AWHC, as alleged in the complaint. All depositions must be completed within ten days of Defendants' responses to Plaintiff's discovery requests. The deposition of AWHC's Rule 30(b)(6) designee is limited to three hours, and the deposition of any person who called or contacted Jane Does 5 through 8 on behalf of AWHC is limited to two hours;

5.       Four Women may serve the subpoenas to produce documents, submitted at ECF 19-3 through ECF 19-6, on non-parties Klara Technologies, Inc., Athenahealth, Inc., AWHC's phone carrier, and AWHC's texting platform.  Responses to these subpoenas, including the production of responsive documents, shall be due within fifteen days of service;

6.      Any supplemental briefing Plaintiff wishes to file in support of its request for preliminary injunction must be filed within two weeks of the end of the deposition period and is limited to 12 pages;

7.      Any supplemental briefing Defendants wish to file in opposition to Plaintiff's motion for preliminary injunction must be filed two weeks from the date of Plaintiff's supplemental briefing submission and is limited to 12 pages;

8.      Plaintiff is afforded five days from the date of Defendants' opposition to request leave to file a reply of no more than 5 pages;

9.      A hearing will be scheduled following all briefing at the Court's discretion;

10.      The parties shall make reasonable efforts to resolve discovery disputes within three

business days.  If discovery disputes cannot be resolved within three business days, a party may seek relief from the Court by filing an emergency motion pursuant to this Order.  Any opposition to such an emergency motion shall be filed within three business days.  Any party may request that the Court schedule an emergency hearing on an expedited basis, and the Court in its discretion may issue a ruling without a hearing.

11.     This schedule of expedited discovery shall not be construed to limit the parties' rights to further discovery consistent with the applicable rules. Any discovery taken pursuant to this Order for expedited discovery shall not be counted for purposes of determining whether a party has exceeded the discovery limitations set forth in the applicable rules.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2024