**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC. d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, and DARLENE HOWARD,<br><br>Defendants. | Civil Action No.: 1:24-cv-12283-JEK |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15 and Local Rule 15, Plaintiff Four Women Health Services,

LLC ("Four Women") respectfully moves this Court for leave to file its Amended Complaint to

substitute a new claim and add a new defendant, which were both identified through expedited

discovery.[1]

Abundant Hope Pregnancy Center Inc., doing business as Attleboro Women's Health

Center ("Abundant Hope"), is an organization that does not provide abortion care, reproductive

healthcare, or any medical services. Abundant Hope nevertheless engages in a marketing scheme

designed to deceive women, including Jane Does relied upon in Plaintiff's Complaint, into

---

[1] As detailed in this Memorandum, Plaintiff intends to amend to add a claim for violations of the Lanham Act, 15 U.S.C. § 1125, *et seq.*, while removing claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*; Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; and Massachusetts Wiretap Act, M.G.L. c. 272, § 99. The Court's granting of the leave requested to amend would moot Plaintiff's pending Motion for a Preliminary Injunction, ECF 5. Plaintiff reserves the right to seek further relief as necessary to prevent Defendants from continuing to disrupt women accessing reproductive healthcare at Four Women.

believing it provides medical services—and specifically abortion care—in an effort to divert patients from licensed medical and abortion care providers like Four Women.

The strength of Abundant Hope's deception led women like the Jane Does identified in the Complaint to believe they had never interacted with Abundant Hope before receiving cold calls from the organization.  As detailed in the Complaint, Jane Does reported receiving calls from Abundant Hope without ever previously contacting the organization, and that they received these calls during or immediately following outreach to Four Women, creating the perception that Defendants had improperly intercepted Four Women patient communications to accomplish the initial outreach.  Expedited discovery, however, granted by this Court on October 4, 2024, ECF 40, revealed that Defendants have obtained contact information of new or potential clients not through electronic interception of communications, but rather through a deceptive marketing scheme implemented through a partnership with a separate, for-profit entity, Choose Life Marketing, LLC ("Choose Life Marketing").  Choose Life Marketing creates and manages the online promotion and advertising of so-called "medical" services offered by the fictional entity known as "Attleboro Women's Health Center."  Its marketing misleads women to such an extent that many women have contacted Abundant Hope without knowing it or while believing they were contacting Four Women.

This new information raises new claims and obviates others.  The extent of Choose Life Marketing's role in Abundant Hope's deceptive marketing is now clear.  Accordingly, Plaintiff asks that the Court allow it leave to file the Amended Complaint which is attached as <u>Exhibit A</u> to the Motion.

## I.  <u>BACKGROUND</u>

On September 5, 2024, Four Women filed a Complaint alleging, among other claims, that Abundant Hope engaged in technological attacks—including interception of electronic communications between Four Women and its patients—to redirect patients away from Four Women to itself.  *See* ECF 1.  Based on these facts, Four Women asserted Counts I-III, alleging Computer Fraud and Abuse Act ("CFAA") and federal and Massachusetts Wiretap Act violations. ECF 1 ¶¶ 124-50.  In conjunction with the Complaint, Plaintiff filed a Motion for a Preliminary Injunction and requested expedited discovery to provide the Court with a fuller record of Abundant Hope's actions pertaining to these technological attacks.  *See* ECF 3; ECF 5.  The Court granted the motion for expedited discovery.  ECF 40.

Four Women's Complaint relied on women's accounts of experiences in which they received unsolicited contact by Abundant Hope after reaching out to Four Women.  *See* ECF 1 ¶¶ 101-22.  Jane Doe 5 was one such woman.  ECF 1 ¶¶ 101-08.  As detailed in previous filings, Jane Doe 5 was in the middle of messaging electronically with Four Women to schedule an appointment when she received a call from Abundant Hope, and she scheduled an appointment during that call, believing she was speaking with Four Women.  *See id.*; ECF 8-1.  Jane Doe 5 received a confirmation text from Abundant Hope confirming that the appointment she had made was with an entity called "Attleboro Women's Health Center."  *See* ECF 8-1.  At that time, Jane Doe 5 believed that prior to communicating with Four Women, she had "contacted only abortion providers, specifically Four Women and carafem.com."  <u>Exhibit 1</u>, Affidavit of Jane Doe 5 ("Jane Doe 5 Aff.") ¶ 16; *see* ECF 8-1.  Jane Doe 5's account indicated that Abundant Hope obtained her contact information through real-time interception of her communications with Four Women.

It is a testament to the depth of Abundant Hope's deception that Jane Doe 5 was unaware that she had, in fact, provided her contact information through a form that had found its way to Abundant Hope.  According to documents produced by Abundant Hope, Abundant Hope received an email from Choose Life Marketing two days before Jane Doe 5 began messaging with Four Women, providing Abundant Hope with a "new lead" email that contained Jane Doe 5's contact information.  *See* Exhibit 2, "New Lead" Email; Exhibit 3, 30(b)(6) Deposition of Abundant Hope, by and through designee Kathy Hill ("Hill Dep.") 53:10-15.  The contents of the "new lead" email appear to be the result of Jane Doe 5 completing an online form, but it is unclear what website or advertisement led Jane Doe 5 to a form that resulted in this "new lead" email from Choose Life Marketing; Abundant Hope itself is not aware of the source.  *See* Hill Dep. 56:12-62:8.  Jane Doe 5 still has no recollection of visiting or completing any forms on the Attleboro Women's Health Center website, and she maintains that she only completed inquiry forms on websites she believed were abortion providers.  *See* Jane Doe 5 Aff. ¶¶ 16, 18, 19.  After reviewing Choose Life Marketing's "new lead" email, Jane Doe 5 testifies that,  "[i]f [she] completed a form on Attleboro Women's Health's website it was because [she] was misled to believe that it was Four Women an abortion provider."  *Id.* ¶ 18.  To the extent Jane Doe 5 contacted any provider outside of carafem.com and Four Women, Jane Doe 5 was not aware of doing so.

Jane Doe 5's belief that she was contacting an abortion provider when she was actually contacting Abundant Hope is a product of Abundant Hope's marketing strategy.  Abundant Hope and Choose Life Marketing achieve this objective through a broad marketing scheme through which they publish website content and propagate advertising to mislead abortion-seeking women into making appointments or showing up at Abundant Hope's facility instead of Four Women, a licensed clinic that provides abortion care, located next door.

Attleboro Women's Health Center is a fictional entity that Abundant Hope created to divert customers from licensed abortion care providers like Four Women.  Abundant Hope states that Attleboro Women's Health Center is Abundant Hope's "medical arm."  <u>Exhibit 4</u>, 30(b)(6) Deposition of Abundant Hope, by and through designee Darlene Howard ("Howard Dep.") 9:21-22.  In fact, however, neither Abundant Hope nor its "medical arm," Attleboro Women's Health Center, is a licensed medical clinic.   Following the filing of the Complaint, which stated as much, Defendants shut down the Attleboro Women's Health Center website, and the Abundant Hope website now states that they are "not accepting new medical patients at this time."  <u>Exhibit 5</u>, Declaration of Matthew Patton, Esq. ("Patton Decl."), Ex. A.  According to Abundant Hope, these changes are because "the Department of Public Health told us we had to take it down."  Hill Dep. 64:8-10.

Despite failing to adhere to licensing requirements, Abundant Hope advertises Attleboro Women's Health Center as a provider of medical services (including abortions) and has done so for years.  Choose Life Marketing has been an active collaborator in this effort.  Beyond providing "new lead" emails to Abundant Hope, Choose Life Marketing maintains and promotes the entire Attleboro Women's Health Center website:  It wrote the content of the website, developed Google advertisements for Attleboro Women's Health Center, and managed how those advertisements would appear.  Howard Dep. 38:1-9.  Abundant Hope engages Choose Life Marketing only for its "medical" services provided under the Attleboro Women's Health Center name; it does not use Choose Life Marketing or other advertising to reach women in connection with its non-"medical" services such as its diaper bank and bible study programs, which are under the Abundant Hope name.  *Id.* at 14:6-11, 53:13-24.  Choose Life Marketing specifically targets "young women, single mothers, and low-income families."  Patton Decl., Ex. B.

## II.  **ARGUMENT**

"Rule 15(a)(2) provides that a district court 'should freely give leave' for a plaintiff to amend their complaint 'when justice so requires.'" *Republic Maximal LLC v. Romulus Cap. Partners II, LLC*, No. 22-CV-10429-MLW, 2024 U.S. Dist. LEXIS 112025, at *18 (D. Mass. June 25, 2024) (quoting Fed. R. Civ. P. 15(a)(2)).  The amendment standard is "liberal" and instructs a court to "'examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations.'" *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 37 (1st Cir. 2022); *see also Milcent v. City of Bos.*, No. CV 14-13347-GAO, 2017 U.S. Dist. LEXIS 63906, at *3 (D. Mass. Apr. 26, 2017) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006)).  Leave should only be withheld if "the amendment 'would be futile, or reward, inter alia, undue or intended delay.'" *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (quoting *Resolution Tr. Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)).  The plaintiff's burden in moving to amend "is not a high hurdle, and the dispositive datum often will be the reasonableness of the pleader's actions." *Amyndas Pharms.*, 48 F.4th at 37.  Four Women seeks to amend its complaint to adjust the claims it asserts and add Choose Life Marketing as a defendant, both of which are the result of expedited discovery in this case.  As the amendment would neither be futile nor the product of undue delay, this request is justified.

Four Women's request for leave to amend is reasonable based on the information it discovered about how Defendants are soliciting new clients.  Courts routinely find that the "discovery of new information" is a valid reason to support amending a pleading. *Id.* at 37-38; *see, e.g.*, *Torres-Estrada v. Cases*, 88 F.4th 14, 26 (1st Cir. 2023); *Republic Maximal LLC*, 2024 U.S. Dist. LEXIS 112025, at *18; *E. Moran, Inc. v. Tomgal, LLC*, No. CV 22-1647 (ADC), 2023 U.S. Dist. LEXIS 175561, at *10 (D.P.R. Sept. 28, 2023) (same).  Here, expedited discovery revealed information previously unavailable to Four Women that "substantially alters the viability" of Four

Women's initial CFAA and Wiretap Act claims, *Amyndas Pharms.*, 48 F.4th at 37, and reveals the scope of Defendants' deceptive advertising and marketing efforts, warranting the substitution of a new claim.  Courts permit leave in situations where the plaintiff uncovers grounds for the amendment through discovery, even where plaintiff seeks leave to amend late in discovery.  *See, e.g.*, *Pollack v. Seamus Crowley Constr., Inc.*, No. 13-CV-12157-MLW, 2019 U.S. Dist. LEXIS 141468, at *7-8 (D. Mass. Apr. 17, 2019); *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 116-17 (D. Mass. 2001).  Four Women's request to amend its complaint directly follows this discovery.

Discovery also revealed an additional party to Defendants' deceptive marketing scheme in Choose Life Marketing, providing a further basis for Four Women's request to amend its complaint. In *Pray v. SMPO Properties, Inc.*, for example, the court granted plaintiff's request for leave to amend his complaint to add a defendant where plaintiff alleged that the new defendant had acted jointly with existing defendants in perpetrating the allegedly unlawful deceptive acts.  746 F. Supp. 2d 317, 324 (D. Mass. 2010).  The court granted leave because "in the interest of justice, the new parties should be joined so as to resolve the entire dispute and because the disruption will be relatively insignificant."  *Id.*  Likewise, Four Women seeks to amend to add a new defendant, Choose Life Marketing, whose role in Defendants' deceptive marketing scheme was only revealed through discovery.  As in *Pray*, Four Women alleges that Choose Life Marketing acted in concert with the current Defendants to perpetrate unfair and deceptive acts.

Moreover, there is no delay in this motion.  "[T]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."  *Steir*, 383 F.3d at 12.  By contrast, where cases are in their infancy, courts in the First Circuit routinely grant

leave to add new claims and allegations, remove other claims, and add new defendants. *See, e.g.*, *Traincroft, Inc. v. Ins. Co. of Pa.*, No. CV 14-10551-FDS, 2014 U.S. Dist. LEXIS 199623, at *7 (D. Mass. Sept. 5, 2014). Here, the parties have been engaged in only limited, expedited discovery in connection with Four Women's motion for a preliminary injunction; the Court has not issued a scheduling order nor have the parties begun any broader discovery efforts. *Cf. Steir*, 383 F.2d at 12 (explaining "[s]cheduling orders" are viewed as "a cut-off date for amendments" after which a more exacting standard applies). This is also Four Women's first request to amend the complaint. *See generally Amyndas Pharms.*, 48 F.4th at 38 (explaining courts may look to such factors as "whether a proposed amendment is a first attempt" when determining reasonableness). Pursuant to Local Rule 15.1(a), Plaintiff timely moved to add Choose Life Marketing, almost immediately after learning of its identity. Defendants will not suffer any prejudice or unfair surprise by the allowance of Plaintiff's motion.

In sum, Four Women's request to amend its complaint is reasonable and serves the interests of justice. As this case is in its infancy, and no scheduling order has been entered, permitting Four Women to amend to include the new claim and add Choose Life Marketing as a defendant will cause no legal prejudice.

## III.    CONCLUSION

For the reasons set forth herein, Four Women requests that this Court allow it leave to file the accompanying Amended Complaint, attached as <u>Exhibit A</u> to the Motion to Amend, and that the same be deemed filed with the allowance of this motion.

DATED:  December 20, 2024

**Four Women Health Services, LLC,**

By its attorneys,


/s/ *Matthew Patton*
Matthew D. Patton (BBO No. 703798)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

/s/ *Emily Nash*
Martha Coakley (BBO #87300)
Emily J. Nash (BBO #696460)
Caroline Holliday (BBO #707301)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mcoakley@foleyhoag.com
enash@foleyhoag.com

Brenna Rosen (*pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, New York 10019
brosen@foleyhoag.com

## CERTIFICATE OF SERVICE PURSUANT TO LOCAL RULE 15.1

I, Emily Nash, hereby certify that pursuant to Local Rule 15.1(b) this memorandum of law was served upon Choose Life Marketing, the proposed added party, on December 6, 2024, 14 days prior to when this memorandum of law was filed.

*/s/ Emily Nash*
Emily Nash

## CERTIFICATE OF SERVICE

I, Emily Nash, hereby certify that on December 6, 2024, I caused this memorandum of law to be served on counsel for Defendants by email.  Today I caused the memorandum of law to be served on counsel for Defendants via ECF service.

*/s/ Emily Nash*
Emily Nash