UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC,<br>    Plaintiff<br><br>vs.<br><br>ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC., d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, and DARLENE HOWARD,<br>    Defendants | CIVIL ACTION No: 1:24-CV-12283-JEK |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The Defendants, Abundant Hope Pregnancy Resource Center, d/b/a Attleboro Women's Health Center (AWHC), Catherine Roman, Nicole Carges, and Darlene Howard, hereby oppose Plaintiff's Motion for Leave to File Amended Complaint. Fed. R. Civ. P. 15 (a) states that the court "should freely give leave for a plaintiff to amend their complaint when justice so requires." Justice here would require that the Plaintiff's motion be denied.

The Plaintiff states in its motion that it "seeks leave to amend its Complaint to add a new claim and add a new defendant." But that is not fully accurate. By its proposed amended complaint, the Plaintiff is attempting to drastically change its allegations against the Defendants. The crux of its four count complaint (Ex. A) was that the Defendants were engaged in unlawful computer hacking and wire fraud and that a preliminary injunction was needed to stop that illegal activity. The Plaintiff had asserted to the Court that it urgently needed expedited discovery to

support an injunction to stop the Defendants' alleged computer hacking and wire fraud. It claimed that the Defendants had violated the Computer Fraud and Abuse Act, 18 U.S.C. Sec. 1030, *et seq.*, the Federal Wiretap Act, 18 U.S.C. Sec. 2510, *et seq.*, and the Massachusetts Wiretap Act, M.G.L. c. 272, Sec. 99. But in its proposed amended complaint (Ex. B), the Plaintiff is now attempting to withdraw all of those claims and bring wholly new claims based on information obtained at the Rule 30 (b) (6) depositions of the Defendants.

The Plaintiff brought and prosecuted a frivolous complaint in order to conduct discovery to which it should not have been entitled. And it is now attempting to use information obtained from its ill-gotten discovery to base an amended complaint. The Court should not allow the Plaintiff to be rewarded for its bad faith actions in bringing and prosecuting a frivolous case.

## I.  FACTUAL BACKGROUND

In Counts I, II, and III of its Complaint, the Plaintiff, Four Women Health Services, LLC (Four Women), alleged that four of its patients, Jane Does #5 through #8, had their electronic communications with Four Women intercepted by the Defendants. (Ex. A - Plaintiff's Complaint, Para. 100 - 150). The Plaintiff claimed that: "AWHC intercepted Jane Doe 5-8's, phone, online, and/or text communications with Four Women and used it to obtain names, phone numbers, and appointment requests......" (Ex. A - Para. 122). The Plaintiff alleged that the only way AWHC could have obtained their contact information was by hacking into the Plaintiff's computer system in violation of state and federal law. (Ex. A - Para. 100-150).

The Plaintiff, prior to filing its Complaint, its Motion for a Preliminary Injunction, and its Motion for Limited Expedited Discovery to support the injunction, knew that its own retained computer security expert could find no evidence that the Defendants were involved in computer

2

hacking. (Ex. C – Affidavit of Robert Knapp – filed by Plaintiff as an exhibit with its Motion for a Preliminary Injunction). And the Plaintiff's Motion for a Preliminary Injunction (Ex. D) was not even supported by any affidavits from the women (Jane Does #5 through #8) that the Plaintiff claimed had their information stolen by the Defendants. Nonetheless, the Plaintiff still filed suit against AWHC, requesting an injunction and making numerous false allegations. And it continued to prosecute its false claims against the Defendants by taking depositions. (Based on the Plaintiff's allegations of wire fraud by the Defendants and its alleged need for a preliminary injunction, the Court, on October 4, 2024 had allowed, in part, the Plaintiff's Motion for Limited Expedited Discovery, to include the taking of depositions. (ECF 40) ).

Among the numerous false allegations contained in the Plaintiff's Complaint are the following – made even though its own computer security expert could find no involvement by AWHC:

"Four Women has learned of multiple cases in which AWHC has intercepted communications between Four Women and patients scheduling appointments." (Ex. A –Para. 7).

"AWHC intercepts messages sent by women seeking reproductive healthcare services from Four Women with a goal of disrupting the process and misdirecting them……" (Ex. A – Para. 9).

"Specifically, on multiple occasions over the past year, AWHC has intercepted electronic communications between patients and Four Women as they are scheduling appointments. Using information gained through this interception, AWHC then called Four Women patients directly on their cell phones." (Ex. A – Para. 91).

"AWHC nevertheless accessed Four Women's computer system and/or web-based platforms and obtained from that system, including the names and contact information of patients or women seeking to make appointments with Four Women." (Ex. A - Para. 128).

3

"…. AWHC gained unauthorized access to Four Women's electronic communications with Jane Does 5-8 as they were in the process of or had recently completed communicating with Four Women to schedule appointments." (Ex. A - Para. 129).

"AWHC's unauthorized access to Four Women's computer system resulted in Four Women accruing costs responding to the offense and lost revenue and other consequential damages exceeding $5,000." (Ex. A - Para. 133).

"AWHC intercepted electronic and/or telephonic communications between Four Women and women seeking appointments or services with Four Women, including between patients' cell phones and Four Women's account on the Klara online platform." (Ex. A - Para. 138).

"AWHC's interception of communications included such content as patient names, phone numbers, and the patients' requests for appointment with Four Women." (Ex. A - Para. 140).

"AWHC intercepted electronic and/or telephonic communications made by Four Women using its own electronic devices, including its web server, to gain unauthorized access to Four Women's electronic and/or telephonic messages, including its Klara account." (Ex. A - Para. 141).

"The contents of Four Women's wire communication were intercepted when AWHC secretly recorded them by copying down patient names, phone numbers, and the patients' requests for appointments with Four Women." (Ex. A - Para. 147).

In contrast to the Plaintiff's false allegations, the Defendants, on September 21, 2024, filed with the Court and served on the Plaintiff in opposition to the Plaintiff's Motion for a Preliminary Injunction, an affidavit of Darlene Howard, the executive director of AWHC, that

4

has proven to be truthful. (Ex. E – Affidavit of Darlene Howard). She denied that she, or anyone on behalf of AWHC, ever used technological means to intercept communications between Four Women and its patients or prospective patients. And she denied that she, or anyone on behalf of AWHC, ever infiltrated, or attempted to infiltrate, Four Women's electronic platforms. (Ex. E). AWHC had documentation, kept in the regular course of its ministry, that showed that, in each instance, AWHC obtained the contact information of Jane Does #5 through #8 because it was voluntarily provided to them by the Jane Does. (Ex. F – Second Affidavit of Darlene Howard – with Exhibit F attachments C through F). [1] These documents (with no redactions) were produced to the Plaintiff's attorneys on October 19, 2024. (Ex. G - Affidavit of Thomas M. Harvey). When contrasted with the Plaintiff's allegations, the documents showed the following as to Jane Does #5 through #8:

**Jane Doe 5**

The Plaintiff's Complaint (Ex. A), Paragraph 107, referring to the year 2023 (Para. 101), alleged: "Jane Doe 5 had never contacted or communicated with AWHC prior to October 30." And Paragraph 108 provided, in part: "Jane Doe 5's October 30 messages with Four Women was the only method by which AWHC could have obtained Jane Doe 5's contact information and known that she was pursuing reproductive healthcare services that day."

But the AWHC documentation showed that Jane Doe 5 initiated contact with the Defendant on October 28, 2023. And she provided her phone number to AWHC. (Ex. F – Attachment C - AWHC documents regarding Jane Doe 5). This was days prior to Jane Doe 5's first contact with Four Women on October 30.

---

[1] The names and contact information of the Jane Does have here been redacted. Versions of these documents that

5

### Jane Doe 6

Concerning Jane Doe 6, Paragraph 110 of the Complaint (Ex. A) said that she scheduled an appointment with Four Women on May 1, 2024. And Paragraphs 112 and 115 alleged that AWHC telephoned her and "made misleading statements to indicate it was the entity with which she made an appointment."

But AWHC's documents showed that Jane Doe 6 reached out to AWHC on April 29 and provided her phone number to it. (Ex. F – Attachment D - AWHC documents regarding Jane Doe 6). This was days before her contact with Four Women on May 1. And an AWHC appointment was made for her for 9:00 to 10:00 a.m. for May 2. (Ex. F – Attachment D).

### Jane Doe 7

Regarding Jane Doe 7, Paragraph 118 of the Complaint (Ex. A) alleged that she called Four Women on August 31, 2023. But the documentation shows that she was a client of AWHC as early as November 16, 2022, long before she contacted Four Women. (Ex. F – Attachment E - AWHC documents regarding Jane Doe 7). And at that time she provided her phone number and address to AWHC. Also, she later became a repeat AWHC client, returning to AWHC on February 12, 2024. She then said she would recommend AWHC to a friend because it had a "very friendly and amazing staff." (Ex. F – Attachment E).

### Jane Doe 8

As to Jane Doe 8, Paragraphs 120 and 121 of the Complaint (Ex. A) alleged that she messaged Four Women on May 6, 2024, and that on the day of her appointment she received a phone call from AWHC. Paragraph 121 stated, in part, "Jane Doe 8 had never previously contacted AWHC and does not know how AWHC obtained her contact information."

---

have not been redacted were earlier filed with the Court under seal as exhibits accompanying the Defendants' Motion for Summary Judgment.

In contrast, the AWHC documents showed that Jane Doe 8 initiated contact with AWHC on April 29, 2024, a full week before her message to Four Women. (Ex. F – Attachment F - AWHC documents regarding Jane Doe 8). And she provided her phone number to AWHC. She then had text message exchanges with AWHC on May 2 and May 4. All this communication with AWHC was before her text message to Four Women on May 6. (Ex. F – Attachment F).

On October 19, 2024, almost two weeks prior to the two Rule 30 (b) (6) depositions of the Defendant corporation taken by the Plaintiff on November 1, 2024, the Defendants produced to the Plaintiff the documentation, referenced above, clearly showing that the Jane Does #5 through #8 had initiated contact with the Defendant before ever contacting the Plaintiff. (Ex. G). These documents disproved any computer hacking claims that the Defendants had illegally obtained their information.

In an email sent by the Defendants' attorney to the Plaintiff's attorneys on October 29, 2024, prior to the scheduled depositions of November 1, he delineated this and he objected to the Plaintiff going forward with the depositions. (Ex. H – E-mail of Thomas M. Harvey dated Oct. 29, 2024). The purported need for the depositions was to support the Plaintiff's Motion for a Preliminary Injunction. Since the documents showed there was no computer hacking and therefore no need for a preliminary injunction, the depositions should not have been taken. Yet the Plaintiff went forward with the depositions anyway even though it knew its claims were baseless.

On November 27, 2024, the Defendants' counsel informed the Plaintiff's counsel that Defendants intended to file a Summary Judgment Motion. The Plaintiff's counsel responded that the Plaintiff intended to file a motion to amend its complaint. (Ex. H). The Defendants' counsel decided to hold off on filing the Summary Judgment Motion until the

7

proposed amended complaint could be reviewed. Upon its receipt and review, the Defendants' counsel determined that Plaintiff's Motion to Amend should be denied and that it would be appropriate to file the Summary Judgment motion. (Ex. H). On December 12, 2024, the Court allowed the Defendants to file the Summary Judgment motion but stated that it would first rule on the Plaintiff's Motion for Leave to File Amended Complaint. (ECF 48).

In its Memorandum of Law in Support of Plaintiff's Motion for Leave to File Amended Complaint, the Plaintiff freely admits that it was new information obtained in the depositions that it is using to base its proposed Amended Complaint. (See Ex. B).

## II. **ARGUMENT**

Fed. R. Civ. P. 15 (a) states that the court "should freely give leave for a plaintiff to amend their complaint when justice so requires." "This does not mean, however, that a trial court must mindlessly grant every request for leave to amend." *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006). The decision to grant or deny a motion to amend a complaint is left to the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court pondering whether to grant or deny a motion for leave to amend a complaint must consider the totality of the circumstances. *Nikitine v. Wilmington Trust Co.*, 715 F. 3d 388, 390 (1st Cir. 2013). A district court may deny leave to amend when the request is characterized by bad faith. *Palmer v. Champion Mortg.*, 465 F. 3d 24, 30 (1st Cir. 2006). Under the abuse of discretion standard, any sound reason apparent from the record is sufficient to support the district court ruling, including but not limited to bad faith. *Ruiz v. Posadas de San Juan Associates*, 124 F. 3d 243, 250 (1997). "The courts' inherent power includes 'the ability to do whatever is reasonably necessary to deter abuse of the judicial process.' *Eash v. Riggins Trucking Inc.*, 757

F. 2d. 557, 567 (3d Cir. 1985) (en banc)." *Aoude v. Mobil Oil Corp.*, 892 F.2d. 1115, 1119 (1st Cir. 1989). "As a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition." *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F. 2d. 583, 597 (1st Cir. 1980). "[P]laintiffs should not be permitted to conduct a fishing expedition in hopes of discovering claims that they do not know they have." *McCloskey v. Mueller*, 446 F. 3d 262, 271 (1st Cir. 2006); *Universal Communications Systems, Inc. v. Lycos, Inc.*, 478 F. 3d. 413, 425-426 (1st Cir. 2007).

The court should exercise its discretion and, considering the totality of the circumstances, should deny the Plaintiff's Motion for Leave to File Amended Complaint. The Plaintiff has no explanation as to why it filed a complaint against the Defendants when its own expert could not link the Defendants to any computer hacking or wire fraud. Nor does it have any explanation as to why it continued to prosecute the claim for a preliminary injunction – conducting Rule 30 (b) (6) depositions – even though it possessed documentation that proved there was no computer hacking or wire fraud. The strong indication is that the Plaintiff acted in bad faith and wanted to conduct a fishing expedition in the hopes of discovering something that it could use against its competitor.

In its proposed amended complaint, the Plaintiff makes many allegations against the Defendants. But based on the claims contained in its original complaint which it seeks to withdraw, the Plaintiff now has a track record of presenting to this Court numerous baseless and false accusations. On that ground alone the Court should consider denying the Plaintiff's attempt to salvage its case through its proposed amended complaint.

A motion to amend should not be an attempt to alter the shape of the case in order to defeat summary judgment. In such circumstances, a plaintiff must demonstrate that the proposed

amendments are supported by "substantial and convincing evidence." *See, Resolution Trust Corp. v. Gold*, 30 F. 3d. 251, 253 (1st Cir. 1994); *Ruiz v. Posadas de San Juan Associates*, 124 F.3d 243, 250 (1st Cir. 1997).

Here the Plaintiff, in its proposed amended complaint, is making claims that are not supported by substantial and convincing evidence. It is once again attempting to deceive this court by making numerous false claims. For example, the Plaintiff made this allegation: "When women contact 'Attleboro Women's Health Center' seeking abortion care, they are not informed that it does not provide abortion care; they are instead given appointments there." (Ex. B – Para 129). But in its allegations about Jane Doe #8, the Plaintiff conveniently omitted the following part of a text message exchange[2] (Ex. I) between her and AWHC which disproves the allegation:

"….first day of last period is march 1st is there anyway to do the procedure on Wednesday?"
"What procedure?"
"The medical abortion."
"We do not do abortions here."

The Plaintiff also claims: "The AWHC Website contains a page titled 'Reasons You Need an Ultrasound Before Abortion,' falsely indicating that an ultrasound is required under Massachusetts law before a women can obtain an abortion." And the Plaintiff cited footnote 18 which refers the reader to its Exhibit A, the AWHC website. (Ex. B - Para. 98). But when one actually reads that page of the website, AWHC makes no such claim. (See attached Ex. J - AWHC Website page titled, "Reasons You Need an Ultrasound Before Abortion").

10

The overall gist of the Plaintiff's proposed amended complaint is that the Defendants are deceptive regarding abortion and are trying to trick women. The facts belie this. For example, the AWHC website states: "While we don't perform or refer for abortions, we offer medically accurate information about abortion and your other pregnancy options." (Ex. K - Ex. 5 of Depo. of Darlene Howard, p. 40).

And when a woman visits AWHC, she reviews and signs one of the initial intake forms entitled, "Limitation of Services" (Ex. L – Ex. 9 of Depo. of Kathleen Hill, p. 88-89)[3] which says: "I understand that AWHC does not financially benefit from the decisions I make regarding my pregnancy and that AWHC does not perform, recommend or refer for abortion." And at the end of that sentence is a place for the client to check off that she has read it. (Ex. L).

In summary, the Court should not allow the Plaintiff to once again make frivolous and false allegations. It has not advanced its case in good faith and it should not be permitted to benefit from discovery that it knew it had no right to engage in.

### III. **CONCLUSION**

WHEREFORE, for the above stated reasons, the Defendants respectfully request that the Plaintiff's Motion for Leave to File Amended Complaint be DENIED.

---

[2] Identifying information of Jane Doe #8 has here been redacted. This Ex. I is an enlarged version of a section of a page of Attachment F of Exhibit F.
[3] Identifying information of Jane Doe #7 has here been redacted.

The Defendants, Abundant Hope Pregnancy
Resource Center, d/b/a Attleboro Women's Health
Center, Catherine Roman, Nicole Carges, and
Darlene Howard,
By Their Attorney,

/s/ *Thomas M. Harvey*
Thomas M. Harvey
Law Office of Thomas M. Harvey
22 Mill Street, Suite 408
Arlington, MA 02476
Tel. 617-710-3616; Fax 781-643-1126
tharveyesq@aol.com
BBO#: 225050

Date: 1-2-25

## CERTIFICATE OF SERVICE

I, Thomas M. Harvey, attorney for the Defendants, hereby certify that on January 2, 2025, I forwarded a copy of the following document:

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

to the Plaintiff by E-mailing a copy of the same, to the following:
Matthew D. Patton, Esq.
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
mdp@mass-legal.com

Martha Coakley, Esq.
Emily J. Nash, Esq.
Caroline Holliday, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
mcoakley@foleyhoag.com
enash@foleyhoag.com

Brenna Rosen, Esq.
Foley Hoag LLP
1301 Avenue of the Americas
New York, New York 10019
brosen@foleyhoag.com

/s/ *Thomas M. Harvey*
Thomas M. Harvey

12