## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FOUR WOMEN HEALTH SERVICES, LLC.

               Plaintiff,

v.

ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC. D/B/A ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, DARLENE HOWARD, AND CHOOSE LIFE MARKETING, LLC,

               Defendants.

Case No. 1:24-cv-12283-JEK

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS ABUNDANT HOPE PREGNANCY RESOURCE CENTER, CATHERINE ROMAN, NICOLE CARGES, AND DARLENE HOWARD FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants Abundant Hope Pregnancy Resource Center Inc., Catherine Roman, Nicole Carges, and Darlene Howard (Moving Defendants) respectfully move for judgment on the pleadings and dismissal with prejudice of all of Plaintiff's claims against them.

Plaintiff Four Women Health Services initiated this case on September 5, 2024. Dkt. 1. After a period of limited discovery revealed that its original allegations of wiretapping had no basis in reality, Plaintiff amended its complaint to remove those claims, along with adding Choose Life Marketing ("Choose Life") as a codefendant. Dkt. 59. Moving Defendants filed an answer to the amended complaint on January 22, 2025. Dkt. 63. On March 14, 2025, Choose Life filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 64.

The factual allegations underlying Plaintiff's claims against Choose Life are nearly identical to those underlying its claims against Moving Defendants. Further, Plaintiff's counts against Defendants accuse them collectively and make no distinction between their actions. *See* Dkt. 59 at ¶ 181-201. Its requested relief likewise does not distinguish between Defendants. *Id.* at 31-32. Therefore, the arguments made by Choose Life in its Motion to Dismiss apply with equal weight to Plaintiff's claims against Moving Defendants. Accordingly, Moving Defendants here incorporate by reference, as noted below, the arguments made by Choose Life in its Motion to Dismiss.

**I.      Plaintiff's Claims Against Moving Defendants Fail for the Same Reasons its Claims Against Choose Life Fail.**

To begin, Moving Defendants adopt Choose Life's argument in Section I of its Motion to Dismiss (Dkt. 68 at 5) that Plaintiff must meet a heightened pleading standard under Rule 9(b) because it alleges that Moving Defendants have made fraudulent misrepresentations. Moroever, while this motion is made pursuant to Rule 12(c), "[m]otions to dismiss under Fed. R. Civ. P 12(b)(6) and motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) are treated similarly." *Massachusetts ex rel. Powell v. Holmes*, 546 F. Supp. 3d 58, 66 (D. Mass. 2021). The standard of review for a motion under Rule 12(c) "is identical to the standard of review for motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Jardin De Las Catalinas Ltd. P'ship v. Joyner*, 766 F.3d 127, 132 (1st Cir. 2014).

Second, Moving Defendants adopt Choose Life's argument that M.G.L. Ch. 93A does not apply to their activities, set forth in Section II. Dkt. 68 at 5-8. Abundant Hope is a small non-profit dedicated to helping women in the Attleboro area, and the individual Defendants are here only because of their work for Abundant Hope. Abundant Hope never charges any of its clients for its services. Its *raison d'être* is to provide completely free services to women who need them. It has

2

never engaged in trade or commerce under Massachusetts law, and so Plaintiff cannot assert a Ch. 93A claim against Moving Defendants.

Third, Moving Defendants adopt Choose Life's arguments in Section III (Dkt. 68 at 8-10) that there is no commercial relationship between Plaintiff and Defendants—they are not commercial competitors—barring a Ch. 93A claim here. Even more, Moving Defendants are not commercial at all, and they do not participate or compete in the commercial market for abortions—they instead have sincere moral objections to its existence.

Fourth, Moving Defendants adopt Choose Life's arguments in Section IV (Dkt. 68 at 10-16) that Plaintiff has failed to allege any unfair or deceptive acts that caused an identified harm, even if Ch. 93A applies to them (and it does not). Often, a woman in the Attleboro area wants information on her options when she is pregnant, including what resources are available to help her enter a new phase of life. But she may mistakenly think that aborting her child is the only path forward. Due to Abundant Hope's promotional efforts, many women have learned about Abundant Hope and sought its assistance in receiving free ultrasounds, counseling, education, material goods, and finding a community. Abundant Hope has never misled women into believing it performs abortions. Its website clearly states that it does not provide abortions or referrals for abortions, it has no ability to perform abortions, and its staff, who are there for the express purpose of encouraging motherhood, never tell women they can obtain an abortion at its location. Further, Moving Defendants could not "compete" with Plaintiff, because Plaintiff is in the business of providing abortions for profit, and Abundant Hope is a nonprofit charity that gives away free services—and Abundant Hope does not provide or participate in abortions at all.

Fifth, Moving Defendants adopt Choose Life's arguments in Section V (Dkt. 68 at 16-19) that the Lanham Act does not apply because the alleged speech is not in the context of "commercial

3

advertising or promotion." As established above, as a nonprofit that takes no money from its clients, Abundant Hope is not engaged in commerce at all, nor any sort of commercial speech.

Sixth, Moving Defendants adopt the arguments in Section VI (Dkt. 68 at 19-20) that Plaintiff failed to allege facts showing that Defendants' statements were material to a woman's decision to have her baby, rather than having Plaintiff perform an abortion.

Finally, Moving Defendants adopt the arguments in Section VII (Dkt. 68 at 20-28). Defendants' speech on abortion is strongly protected by the First Amendment, and Plaintiff cannot commandeer laws relating to commercial transactions to silence speech it disagrees with.

## II.    Plaintiff Has Not Pled Specific Wrongdoing By Any Individual Defendant.

The claims against the individual Defendants[1] must be dismissed because the complaint fails to allege any specific wrongful acts by them, as required under both M.G.L. c. 93A § 11 and the Lanham Act. Their sole alleged wrongdoing is the conclusory assertion that they "at all relevant times . . . have controlled and directed the actions of" Abundant Hope. (Dkt. 59, ¶ 27).

In order to maintain claims against an individual Defendant, Plaintiff must specifically allege wrongful conduct by that particular defendant, for "[t]he mere fact that [the individual defendants] held, respectively, the offices of president and treasurer . . . is not enough to render them liable to this suit." *Addis v. Steele*, 38 Mass. App. Ct. 433, 440, 648 N.E.2d 773, 778 (1995) (quoting *Burnham v. Beverly Airways, Inc.*, 311 Mass. 628, 637, 42 N.E.2d 575 (1942)); *Boyd v. Camardo*, 65 F. App'x 326, 329 (1st Cir. 2003) ("The mere fact that Camardo held various positions at EUW (including director, chief executive officer and president) is not enough to render

---

[1] Defendants Catherine Roman ("President of Abundant Hope," dkt. 59, ¶ 24), Nicole Carges ("Treasurer of Abundant Hope," dkt. 59, ¶ 25), and Darlene Howard ("Executive Director of Abundant Hope," dkt. 59, ¶ 26).

4

him liable for EUW's alleged misrepresentations in the advertisements.") (citing *Addis* with approval) (cleaned up).

In the Lanham Act context, "[a]lthough a corporate officer is not always individually liable for torts committed while acting on behalf of the corporation, if the officer is a 'moving, active conscious force behind [the defendant corporation's] infringement,' then the officer will be held personally liable." *Polo Fashions, Inc. v. Branded Apparel Merch., Inc.*, 592 F. Supp. 648, 652 (D. Mass. 1984) (quoting *Marks v. Polaroid Corporation*, 237 F.2d 428, 435 (1st Cir. 1956)).

As noted above, "fraud and misrepresentation must, under the Civil Rules, be pleaded with specificity." *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir. 1991) (cleaned up). Here, Plaintiff has not alleged at all—much less with particularity—the involvement of the individual Defendants in *any* of the alleged wrongdoing in the Amended Complaint. *See S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."). Therefore, the claims against the individual Defendants must be dismissed, because Plaintiff has failed to sufficiently allege any specific wrongful conduct by any of them.

### III.     Conclusion.

Accordingly, Moving Defendants respectfully urge this Court to dismiss Plaintiff's claims against them with prejudice under Fed. R. Civ. Pr. 12(c), on the basis of the arguments made in Defendant Choose Life's Motion to Dismiss, the arguments herein, as well as any oral arguments permitted.

Respectfully submitted, this 4th day of April, 2025.

/s/ Thomas M. Harvey
Thomas M. Harvey

5

Law Office of Thomas M. Harvey
22 Mill Street, Suite 408
Arlington, MA 02476
Tel: 617-710-3616; Fax 781-643-1126
tharveyesq@aol.com

*Attorney for Defendants Abundant Hope Pregnancy
Resource Center Inc., Catherine Roman, Nicole
Carges, and Darlene Howard*

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I served a copy of the foregoing document upon the following counsel of record via email:

Matthew D. Patton (BBO No. 703798)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

Martha Coakley (BBO # 87300)
Emily J. Nash (BBO #696460)
Caroline Holliday (BBO #707301)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mcoakley@foleyhoag.com
enash@foleyhoag.com

Brenna Rosen (pro hac vice)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, New York 10019
brosen@foleyhoag.com

*Attorneys for Plaintiff*

Peter Breen
Martin Cannon
Michael McHale
Nathan Loyd
Thomas More Society
309 W. Washington Street
Suite 1250
Chicago, IL 60606
Telephone: (312) 782-1680
Fax: (336) 900-6535
pbreen@thomasmoresociety.org
mcannon@thomasmoresociety.org
mmchale@thomasmoresociety.org
nloyd@thomasmoresociety.org

Ryan P. McLane
(BBO# 697464)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
(413) 789-7771
ryan@mclanelaw.com

*Attorneys for Defendant Choose Life Marketing, LLC*

Dated: <u>April 4, 2025</u>                    <u>/s/ Thomas M. Harvey</u>
                                             Thomas M. Harvey
                                             Law Office of Thomas M. Harvey
                                             22 Mill Street, Suite 408
                                             Arlington, MA 02476
                                             Tel: 617-710-3616; Fax 781-643-1126
                                             tharveyesq@aol.com