# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                          SUPERIOR COURT
                                                        CIVIL ACTION
                                                        NO. 23-000708 C

JANE DOE,
on behalf of herself and all other similarly situated

vs.

CLEARWAY CLINIC, INC.

## RULING AND ORDER ON THE DEFENDANT'S MOTION TO DISMISS
## (Paper # 7)

The Defendant moves to dismiss the complaint of the plaintiff pursuant to Mass. R. Civ. P. 12(b)(6). The claim alleges that Clearway Clinic, Inc., ("Clearway"), engages in unfair and deceptive acts in violation of G. L. c. 93A in order to lure patients who are seeking medical care. In its motion to dismiss, Clearway argues that as a non-profit entity providing services in furtherance of its mission, it is not engaged in "trade" or "commerce" as required for liability under the consumer protection statute. The defendant's motion to dismiss is **DENIED**.

In considering a motion to dismiss under Mass. R. Civ. P. 12(b)(6), the Court accepts as true the facts alleged in the complaint, "as well as any favorable inferences that reasonably can be drawn therefrom" *Polay v. McMahon*, 468 Mass. 379, 382-83 (2014), quoting *Galiastro v. Mortgage Elec. Registration Srvs.*, Inc., 467 Mass. 160, 164 (2014), but disregards "legal conclusions cast in the form of factual allegations." *Id.* quoting *Leavitt v. Brockton Hosp. Inc.*, 454 Mass. 37, 39 n. 6 (2009). For a claim to survive a rule 12(b)(6) motion, the allegations of fact, when taken as true, must reasonably permit the inference that the defendant is liable for the claimed misconduct. Allegations plausibly suggest a right to relief where they allow the judge

reasonably to infer that the defendant is liable for the alleged misconduct and raise a reasonable expectation that discovery will reveal evidence of same. *Trychon v. Massachusetts Bay Transp. Auth.*, 90 Mass. App. Ct. 250, 251 (2016), and cases cited. Based on the limited record before me, my review of the complaint and all reasonable inferences, I find that the plaintiff has plausibly stated a claim for recovery under 93A, where the services the complaint alleges Clearway provides could reasonably be found to have been provided in a business context. *Planned Parenthood Federation of America, Inc., v. Problem Pregnancy of Worcester, Inc.* 398 Mass. 493 (1986). A finding to the contrary, as alleged by Clearway, requires a fact specific analysis into the business practices and motivations of the defendant which cannot be done at this stage of the litigation.

The defendant's motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6) is **DENIED**.

Date: January 24, 2024

Sharon E. Donatelle
Justice of the Superior Court

2

Entered and Copies Mailed 1/26/24