# Exhibit 2

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER COUNTY, ss.                                    SUPERIOR COURT

| | |
|---|---|
| JANE DOE[1], on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CLEARWAY CLINIC, INC.,<br><br>    Defendant | Case No. 23cv708C<br><br>**FILED**<br><br>JUN 2 2 2023<br><br>ATTEST _____ CLERK |

### CLASS ACTION COMPLAINT

1. Plaintiff Jane Doe[1] files this class action against Defendant Clearway Clinic, Inc. ("Clearway") alleging that Clearway has engaged in unfair and deceptive acts in violation of Mass. Gen. L. c. 93A §§ 1, *et seq.*

2. Clearway is a "crisis pregnancy center", which deceptively lures in patients seeking medical care related to their pregnancies. Clearway engages in deceptive advertising, as it does not make clear that its true goal is to dissuade women from terminating their pregnancies, rather than providing them with the range of medically appropriate options.

---

[1] This complaint is being filed under a pseudonym. See Globe Newspaper Co. v. Clerk of Suffolk Cnty. Superior Ct., 2002 WL 202464, at *7 (Mass. Super. Feb. 4, 2002) (citing Supreme Court precedent permitting the use of a pseudonym for a plaintiff when the case involves reproductive matters). Plaintiff is simultaneously submitting a sworn affidavit to support her request to file this complaint using a pseudonym and requests that the affidavit remain impounded.

1

3. In the case of Plaintiff Doe, Clearway's deceptive practices, and failure to adhere to accepted standards of medical care, resulted in a missed diagnosis of an ectopic pregnancy, which ended up rupturing and creating a life-threatening emergency for Plaintiff. For Plaintiff, the appropriate medical action would have been an immediate termination of the pregnancy. However, unknown to Plaintiff, this is not an action, or even a referral, that Clearway would have undertaken.

4. Plaintiff brings this claim on behalf of herself and similarly situated individuals who have sought medical care at Clearway, under Rule 23 of the Massachusetts Rules of Civil Procedure and Mass. Gen. L. c. 93A, § 9(2).[2]

## THE PARTIES

5. Plaintiff Jane Doe is a woman who resides in Worcester, Massachusetts.

6. Defendant Clearway Clinic, Inc. is a "crisis pregnancy center" which has two locations in Massachusetts: one in Worcester and another in Springfield.

## STATEMENT OF FACTS

7. Clearway holds itself out through its advertising as a medical clinic providing standard care for individuals seeking care related to their pregnancies.

8. However, Clearway does not make clear that its true goal is to dissuade women from terminating their pregnancies, rather than providing them with the range of medically appropriate options.

---

[2] Plaintiff contends that, in addition to its violations of Chapter 93A, Clearway's failure to adhere to accepted standards of medical care constitutes medical malpractice. Plaintiff has thus filed a demand, and is engaging in conciliatory actions, pursuant to Mass. Gen. L. c. 231 § 60L; should those prove futile, she intends to amend her complaint to include a malpractice claim.

2

9. Clearway's website entices women to schedule an ultrasound with the promise of being seen by board-certified doctors and nurses who will diagnose a pregnancy's viability. On its website, Clearway states that its ultrasounds are a "Diagnostic Service[] to determine…pregnancy viability." Clearway promotes its ultrasounds by advertising that the "scans will [d]etermine the viability of a pregnancy [and] [d]etermine the location of an embryo or fetus." To further encourage women to schedule an appointment, Clearway holds itself out as "a state licensed medical clinic with a team of board certified doctors and nurses."

10. Relying upon Clearway's representations in its advertising, patients seeking medical care, including Plaintiff, book appointments through the website for ultrasounds with the intention of paying for the services that they are seeking.

11. The ultrasounds that are performed at Clearway are done by Registered Nurses who diagnose whether the pregnancy is viable—which requires that it be in utero.

12. Through the documentation which Clearway provides its patients, it misleads them to believe that the services they are receiving are being performed by a Medical Doctor.

13. Clearway's promotional materials state that the diagnosis would be done by a doctor and in line with licensing standards. It provides documentation to patients stating that "[a]ll Orders authorized by clinic Medical Director".

14. Plaintiff received paperwork that listed "Erin Kate Dooley, MD" as the Medical Director with a signature. In addition, the documentation provided to patients, including Plaintiff, states that Dr. Dooley "provide[d] … medical services in order to diagnose [Plaintiff's] pregnancy."

3

15.    Thus, taken together, these documents suggest that Clearway patients' care is provided by Dr. Dooley or other Medical Doctors.

16.    Clearway misleads patients, through its advertising, medical documentation, and informational materials, that it will perform ultrasounds to determine the viability of intrauterine pregnancy. These statements are false, as the ultrasounds performed do not meet standard levels of medical care, which cause misdiagnosis, including in Plaintiff's case failing to identify a life-threatening ectopic pregnancy.

17.    In furtherance of the deception, Clearway does not provide medical documentation stating that the diagnoses it provides to patients are performed by nurses—prior to any review of a medical doctor. The nurses making these diagnoses are not licensed to diagnose viable pregnancies, as they are neither licensed to practice medicine nor are they Advanced Practice Registered Nurses. 243 Mass. Code Regs. 2.01; 244 Mass. Code Regs. 10.01; 244 Mass. Code Regs. 3.02.

18.    Clearway's failure to adhere to the standard of medical care and dissemination of misleading information causes patients to believe they have a viable pregnancy or would be informed if there were a diagnosable problem with their pregnancy and then offered or referred to appropriate care.

19.    However, Clearway's mission is to encourage women to continue their pregnancies and dissuade them from ending pregnancies.

20.    Thus, in Plaintiff's case, Clearway missed a life-threatening condition that caused grave harm and distress to Plaintiff.

21.    Plaintiff sought care from Clearway in order to confirm that she had a viable pregnancy. However, rather than engaging in standard care, which would have revealed

4

that she had an ectopic pregnancy that should have been treated immediately through termination of the pregnancy, Clearway was focused on encouraging Plaintiff to continue her pregnancy.

22. The Clearway nurse who performed ultrasounds on Plaintiff did not undertake sufficient medical measures to assure Plaintiff that her pregnancy was in utero and thus viable.

23. Ectopic pregnancies are life-threatening if untreated, and the usual standard of care would be immediate treatment upon diagnosis, including terminating the pregnancy, in order to prevent a rupture.

24. Because Clearway misled Plaintiff into believing she had a viable pregnancy and continued to encourage her to continue her pregnancy, she learned of her ectopic pregnancy only when it ruptured, causing massive internal bleeding and necessitating emergency surgery.

## **CLASS ALLEGATIONS**

25. Plaintiff brings this lawsuit as a class action on behalf of herself and other similarly situated individuals whom Clearway has deceived and misled into believing they were receiving standard levels of medical care, including medical treatment from board certified clinicians.

26. In fact, Clearway has not provided standard levels of care. It has allowed nurses, who are not licensed to do so, to diagnose whether pregnancies are viable.

27. Clearway has deceptively focused on encouraging women to continue their pregnancies, rather than provide them with standard levels of care and information

on the full range of their options including, such as in Plaintiff's case, when the medically appropriate option would have been to terminate the pregnancy.

28.    In addition to this case being certifiable under Mass. Gen. L. c. 93A, the proposed class satisfies the Rule 23 requirements for class certification, as the group is so numerous that joinder of all members is impracticable; there are questions of law and fact raised by Plaintiff's claims common to all members of the proposed class; these common issues predominate over individualized issues; Plaintiff is typical of patients who sought care at Clearway as she believed she was pregnant and relied on Clearway's advertising to believe she could obtain standard medical care from the clinic; Plaintiff and her counsel are adequate representatives of the class; and class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

## **EXHAUSTION**

29.    As required by Mass. Gen. L. c. 93A § 9(3), Plaintiff sent Defendant by certified mail a written demand for relief, identifying the plaintiff and others who were subject to Defendant's unfair and deceptive acts or practices and injuries suffered. In response to the demand, Defendant has refused to grant the relief demanded.

## COUNT I

## VIOLATIONS OF MASS. GEN. L. c. 93A

As set forth above, Defendant has violated Plaintiff's and class members' rights by advertising and providing representations which have misled consumers, which those consumers relied upon, and because of the misrepresentations, the consumers were injured.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this action as a class action pursuant to Mass. R. Civ. P. 23 and Mass. Gen. L. c. 93A, § 9(2);

2. Issuance of a permanent injunctive relief barring Clearway from: (1) providing ultrasounds; (2) providing any diagnosis from ultrasounds; (3) purporting that the services being provided are done so by doctors or other professionals licensed to do so; (4) promoting itself in any way as providing a team of board-certified doctors and nurses that utilize ultrasounds to diagnose the viability of a pregnancy; and (5) promoting itself in any way as providing the full range of appropriate and standard medical care and instead clearly disclose that its purpose is to deter and prevent abortion care;

3. Issue all other necessary injunctive relief to ensure Plaintiff and all others similarly situated are afforded all rights under the law;

4. An award of damages to Plaintiff and class members;

5. Attorneys' fees and costs;

6. Prejudgment Interest; and

7. Any other relief to which Plaintiff and similarly situated individuals may be entitled.

Respectfully submitted,

JANE DOE, on behalf of herself and all others similarly situated,

By her attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Matthew Patton, BBO #703798
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
mpatton@llrlaw.com

Dated:   June 23, 2023