# Exhibit 3

10/6

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
WORCESTER DIVISION
CIVIL ACTION NO. 2385CV00708 C

JANE DOE, on behalf of herself and all other
similarly situated,
     Plaintiff,

v.

CLEARWAY CLINIC, INC.,
     Defendant.

**FILED**

**OCT 0 6 2023**

ATTEST: _Del Mah_ CLERK

7.1~

## CLEARWAY CLINIC, INC.'S MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Clearway Clinic, Inc. ("Clearway"), moves to dismiss the Complaint of the

Plaintiff, Jane Doe[1] ("Ms. Doe"), pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim

upon which relief can be granted. The acts alleged in Ms. Doe's Complaint did not arise in the

context of "trade" or "commerce" pursuant to M.G.L. Chapter 93A because:

    1.    Clearway is a charitable non-profit corporation;

    2.    Clearway provided the services to Ms. Doe in furtherance of its non-profit

        mission; and

    3.    Clearway did not charge for, or collect, any payment for the services it provided

        to Ms. Doe.

As a non-profit entity – that provided free services to Ms. Doe – Clearway is not subject

to Chapter 93A.

---

[1]   The Complaint was filed under a pseudonym.

## CONTENTS

INTRODUCTION............................................................................... 2

LEGAL STANDARD......................................................................... 3

ARGUMENT.................................................................................... 4

I.   The Acts Alleged by Ms. Doe Did Not Arise in the Context of Trade of Commerce ...   4

   A.  Clearway is a Charitable Non-Profit Corporation ........................................   5

   B.  The Services Clearway Provided to Ms. Doe Were in Furtherance of its Non-Profit Mission ...................................................................................   6

   C.  Clearway Does Not Collect Payment for its Services, Including the Services it Provided Ms. Doe .......................................................................   9

CONCLUSION.................................................................................. 10

## INTRODUCTION

The following facts are taken from Ms. Doe's Compliant and are taken as true for the purposes of Clearway's Motion to Dismiss.  Clearway is a state-licensed medical clinic providing healthcare to women at their two clinical locations in Worcester and Springfield, Massachusetts.  See Compl., ¶¶ 6, 9.  Ms. Doe submitted an online appointment request to Clearway's Worcester clinic for an ultrasound to determine her pregnancy status.  See Compl., ¶¶ 10, 21.  During Ms. Doe's appointment, an ultrasound was performed.  Several weeks later, Ms. Doe discovered she had an ectopic pregnancy.  See Compl., ¶ 24.  Ms. Doe's Complaint alleges that Clearway engaged in unfair and deceptive acts in violation of M.G.L. c. 93A because she alleges that Clearway's advertising is deceptive in that it does not make clear Clearway's goals when providing certain healthcare services to women.  See Compl., ¶¶ 1, 2.  Ms. Doe further alleges that Clearway's true goals are to dissuade women from terminating their pregnancies, and that because of its "dissemination of misleading information," Ms. Doe was

encouraged to continue her pregnancy instead of being diagnosed with an ectopic pregnancy. See Compl., ¶¶ 2, 18, 21.

Ms. Doe also alleges that she requested an ultrasound appointment on Clearway's website "with the intention of paying for the services." See Compl., ¶ 10. However, Ms. Doe does not allege that she *actually* paid for services, that she was asked to pay for services, that her insurance was billed for such services, or that any other patient paid for services rendered by Clearway.

## LEGAL STANDARD

A complaint which "fail[s] to state a claim upon which relief can be granted" should be dismissed. See Mass. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court is to "consider whether the factual allegations in the complaint are sufficient, as a matter of law, to state a recognized cause of action or claim, and whether such allegations plausibly suggest an entitlement to relief." Town of Dartmouth v. Greater New Bedford Regional Vocational Technical High School Dist., 461 Mass. 366, 374 (2012). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008) (internal quotations omitted). Statements in a complaint that are "subjective characterizations or conclusory descriptions" are to be disregarded in assessing whether a complaint withstands a motion to dismiss. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) (internal quotations omitted).

In its review, a court may also take into account "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents which the plaintiff had notice of and relied upon in framing the complaint even if not attached to

the complaint. Schaer, 432 Mass. at 477; Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass.

612, 614 n.5 (2019) (citing Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4

(2004)).

**ARGUMENT**

**I.    The Acts Alleged by Ms. Doe Did Not Arise in the Context of Trade of Commerce.**

In order to establish a claim under M.G.L. c. 93A, § 9, the alleged deceptive acts must

arise in the context of trade or commerce. St. Paul Fire and Marine Ins. Co. v. Ellis & Ellis, 262

F.3d 53, 66 (1st Cir. 2001) (stating that "though ch. 93A provides a broad remedy, it is only

directed at conduct that occurs in the course of trade or commerce."). Under Chapter 93A, §1

"trade" or "commerce" is defined to include "advertising, the offering for sale, rent or lease, the

sale, rent, lease or distribution of any services and any property, tangible or intangible, real,

personal or mixed, . . . and shall include any trade or commerce directly or indirectly affecting

the people of this commonwealth." M.G.L. c. 93A, §1(b). An activity falls within the definition

of trade or commerce if it is performed "in a business context." Feeney v. Dell Inc., 454 Mass.

192, 212 (2009) (citing Lantner, 374 Mass. at 611). An activity is *not* in trade or commerce if it

is a private, nonbusiness / nonprofessional transaction.  Lantner v. Carson, 374 Mass. 606, 610

(1978). See also Planned Parenthood Federation of America, Inc. v. Problem Pregnancy of

Worcester, Inc., 380 Mass. 480, 491 (1986) (holding that relief under Chapter 93A "is not

available where the transaction is strictly private in nature, and is in no way undertaken in the

ordinary course of a trade or business."). "[U]nfair or deceptive acts or practices can only form

the basis of a ch. 93A claim if those acts are perpetrated in a business context." Lantner, 374

Mass. at 611 (internal quotations omitted).

The acts alleged in the Complaint did not arise in the context of "trade" or "commerce" because the services that Clearway provided to Ms. Doe were provided free of charge. There was no "sale" of services to Ms. Doe.

### A.    *Clearway is a Charitable Non-Profit Corporation.*

Actions taken by a non-profit entity in furtherance of its charitable mission fall outside of Chapter 93A. Planned Parenthood, 398 Mass. at 492-3. To fall within the ambit of Chapter 93A, the services provided must be provided, for consideration, and in a business context. See Id. at 493. "In most circumstances, a charitable institution will *not* be engaged in trade or commerce when it undertakes activities in furtherance of its core mission." Linkage Corp., 425 Mass. at 26 (emphasis added).

Clearway is registered with the Massachusetts Secretary of State as a religious corporation pursuant to M.G.L. Chapter 180.[2] Restated Articles of Organization, https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSearchViewPDF.aspx. Clearway is organized and operated exclusively for charitable purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code.[3] Id.

Clearway's status as a charitable, non-profit, religious corporation organized pursuant to M.G.L. Chapter 180 is not in dispute. Actions taken by Clearway in furtherance of its charitable

---

[2] This Court may take judicial notice of Clearwater's status as a non-profit corporation. See Walsh v. Walsh, 2020 WL 1952285, at *3, n.3 (Mass. Land Ct. April 23, 2020) ("This court has previously taken judicial notice of records kept by the Secretary of State for the Commonwealth"); Burns v. Taylor, 2017 WL 924061, at *1, n.1 (taking judicial notice of a certificate of organization filed with the Secretary of the Commonwealth although not in the record); Allen v. Town of Dedham, 2006 WL 172209, at *1, n.1 (Mass. Land Ct. Jan. 25, 2006) ("Based upon filings publicly available from the Corporations Division of the Secretary of State, this court takes judicial notice that the legal name of HSL is Hebrew Senior Life, Inc."). See also Mass. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Jackson v. Longcope, 394 Mass. 577, 580 n.2 (1985) (Judicial notice may be taken by the court in connection with a motion to dismiss under Mass. R. Civ. P. 12(b)(6)).

[3] Supra, note 2.

purpose – as discussed in more detail below – are not activities undertaken "in a business context," and are therefore not activities in trade or commerce.

> **B.    The Services Clearway Provided to Ms. Doe Were in Furtherance of its Non-Profit Mission.**

Courts consider "the particular circumstances to determine whether the acts complained of were committed within a 'business context.'" Planned Parenthood, 398 Mass. at 493.  A defendant's motivation guides the court's assessment of whether the charitable organization's acts were committed within a business context. Id. at 493- 94; Pushkin v. Desai, 18 F. Supp. 2d 117, 125-26 (D. Mass. 1998).  "In most circumstances, a charitable institution will not be engaged in trade or commerce when it undertakes activities in furtherance of its core mission." Linkage Corp., 425 Mass. at 26.  Actions taken by a charitable/non-profit institution that are merely *incidental* to the pursuit of its core mission do *not* mean the institution is engaged in trade or commerce.  See, e.g., All Seasons Servs., Inc. v. Comm'r of Health & Hosp. of Boston, 416 Mass. 269, 271 (1993) (holding that Chapter 93A was inapplicable where a hospital did not seek to profit from contract with food service company and providing food services was incidental to the hospital's primary activity); Park Drive Towing, Inc. v. City of Revere, 442 Mass. 80, 86 (2004) (finding that the city was not liable to a towing company for allegedly unfair and deceptive acts or practices in connection with their removal from a list of companies authorized to tow vehicles because the city's participation in the transaction was merely incidental to its primary function of maintaining public order in the streets).  In the instant matter, the services were provided free of charge, and in furtherance of Clearway's nonprofit mission.

In Planned Parenthood, Problem Pregnancy of Worcester, Inc. ("Problem Pregnancy"), prominently placed the initials "PP" on its front door… which was located on the same floor of the building in which Planned Parenthood was located.  Planned Parenthood alleged that use of

the initials "PP" were unfair and deceptive pursuant to Chapter 93A in that they confused

prospective Planned Parenthood clients. Id. at 483.

      The evidence established that Problem Pregnancy was a registered charitable corporation

that provided pregnancy tests, and counseling advice, in support of Problem Pregnancy's

charitable, pro-life mission. Id. at 492-94. Testimony from both parties indicated that Problem

Pregnancy did not charge for its services. Id. Accordingly, the SJC held that "the Legislature

intended to exclude the activities engaged in by a corporation such as [Problem Pregnancy] from

the reaches of c. 93A" because "the nature of [Problem Pregnancy's] activities d[id] not lead to

the legal conclusion that [it] was engaged in the 'distribution of services' as contemplated under

the statute . . . and according to [the] definition of 'trade' or 'commerce.'" Id. at 493-94.

      The case of Planned Parenthood is directly analogous to the instant case. Like Problem

Pregnancy, Clearway is a registered charitable corporation that provides pregnancy tests and

counseling advice free of charge in support of its charitable mission. Clearway's Restated

Articles of Organization, filed with the Massachusetts Secretary of State, describe Clearway's

charitable purposes to include, "the operation of a clinic to provide free limited obstetrical

ultrasounds and the provision of free pregnancy services.... This corporation is organized

exclusively for charitable, religious and educational purposes within the meaning of Section

501(c)(3) of the Internal Revenue Code and within the meaning of G.K. C. 180, Section 4."

https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSearchViewPDF.aspx.

Clearway holds itself out to the public as a non-profit organization, stating explicitly on its website, "We are a *non-profit* community women's clinic."[4] *About Us*, CLEARWAY CLINIC, https://clearwayclinic.com/about-us/. Clearway provided services to Ms. Doe in accordance with its stated mission to provide "provide pregnancy diagnostic services, pregnancy options consultation, post- abortion care, prenatal health education and STI testing for Central and Western Massachusetts." *Services*, CLEARWAY CLINIC, https://clearwayclinic.com. Because Clearway is a non-profit corporation – and was operating within the scope of its non-profit mission when it free provided ultrasound services to Ms. Doe – Clearway was not engaged in trade or commerce as defined by Chapter 93A. As such, Clearway is not subject to liability under Chapter 93A, § 9. See Planned Parenthood, 398 Mass. 494.

By contrast, in Linkage, the Court distinguished the scenario where the defendant entered into a contract with the plaintiff in an effort to *benefit financially* rather than advance its "core mission." Linkage, 425 Mass. at 25 (emphasis added). In Linkage, Boston University ("B.U."), a non-profit organization, entered into a contractual relationship with Linkage, whereby Linkage would operate training programs at B.U.'s Wang Institute and would receive bonuses for achieving certain revenue goals. Id. at 5. The Court found that although B.U. was a non-profit and therefore would not earn an actual "profit" from its activities, it was nonetheless motivated by a strong desire to benefit as much as possible from its arrangement with Linkage. Therefore the "institution's business motivations, in combination with the nature of the transaction and the

---

[4]    Clearway asks this Honorable Court to take judicial notice of the quotations cited herein from Clearway's website, https://clearwayclinic.com/, though it is not attached to the Complaint because Ms. Doe had notice of and relied upon the website in framing the Complaint. Schaer, 432 Mass. at 477. In fact, numerous allegations in the Complaint explicitly quote the website and also reference the website generally. See, e.g., Compl., ¶¶ 9, 10, 16. Ms. Doe also admits that she booked her appointment using Clearway's website. Id. at ¶ 10.

activities of the parties, establish a 'business context' . . . [and] G.L. c. 93A w[ould] apply because the institution ha[d] inserted itself into the marketplace." Id. at 25-27.

Here, Clearway provided services free of charge. As such, it did not have any financial motivation for providing ultrasound services to Ms. Doe. Providing Ms. Doe with an ultrasound services was part of Clearway's mission to provide free pregnancy care to women in the Western and Central Massachusetts communities. Even if Clearway had charged for the services – which it did not – Clearway would not be subject to Chapter 93A because the services were provided in furtherance of Clearway's charitable mission.

### C.  *Clearway Does Not Collect Payment for its Services, Including the Services it Provided Ms. Doe.*

Clearway did not seek or obtain any financial gain from the services that it provided to Ms. Doe. Clearway's services are free of charge to all women who seek care at its clinics. Likewise, the services provided to Ms. Doe were free of charge. Clearway did not bill insurance and did not collect any payment for the services it provided to Ms. Doe. In fact, Ms. Doe does not allege anywhere in her Complaint that she paid for services, or that any other patient of Clearway has ever paid for services rendered by Clearway. Ms. Doe's allegation that she requested an ultrasound appointment on Clearway's website "with the intention of paying for the services that [she was] seeking," does not provide a basis for her Chapter 93A claim. Compl., ¶ 10.

Clearway's website, where Ms. Doe booked her appointment, clearly states "Clearway *does not bill your insurance or collect payment*" and "that [it] provides *free* healthcare to women in Central and Western Massachusetts."[5] *About Us*, CLEARWAY CLINIC, https://clearwayclinic.com/about-us/. Additionally, on Clearway's website under the "Our

---

[5]   Supra, note 4.

Services" tab, if one clicks on "Ultrasound," the words "*No cost* ultrasound exam" appear in large text in the middle of the page.[6] *Ultrasound Exam*, CLEARWAY CLINIC, https://clearwayclinic.com/ultrasound-exam/.  In addition, Clearway's Restated Articles of Organization on file with the Massachusetts Secretary of State explicitly state that the healthcare provided to its patients is free of charge.

Contrary to Ms. Doe's assertions, in Hubert v. Melrose-Wakefield Hosp. Ass'n, the Court found that the hospital was not subject to Chapter 93A because it was not acting in a business context to generate profit. See 40 Mass. App. Ct. 172, 175-76 (1996).  Compare Day v. Gracy, 2018 WL 3518514, at *8 (D. Mass. July 20, 2018) (denying motion to dismiss Chapter 93A claims despite theater's non-profit status because there was some evidence that defendants were undertaking contested loans to ultimately turn profit).

Here, it is undisputed that Clearway did not collect payment for any services it provided to Ms. Doe.  Therefore, the acts that Ms. Doe alleges Clearway undertook are not subject to Chapter 93A because they did not arise in the context of "trade" or "commerce."

## CONCLUSION

Despite taking Ms. Doe's allegations as true for purposes of this Motion, Ms. Doe has nonetheless failed to plausibly allege that Clearway is subject to liability pursuant to Chapter 93A.  Accordingly, Ms. Doe's Complaint must be dismissed as a matter of law for failure to state a claim upon which relief may be granted.

---

[6]    Supra, note 4.

CLEARWAY CLINIC, INC.

By its attorneys,

Kenneth C. Pickering, BBO #634121
Danielle M. Kemp, BBO #711289
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
kpickering@mirickoconnell.com
Dated: August 17, 2023                    dkemp@mirickoconnell.com

<u>CERTIFICATE OF SERVICE</u>

I, Kenneth C. Pickering, hereby certify that I have this day served a copy of the foregoing document, via email and U.S. Mail, postage prepaid, to: Shannon Liss-Riordan, Esq., sliss@llrlaw.com, Matthew Patton, Esq., mpatton@llrlaw.com, Lichten & Liss-Riordan, P.C., 729 Boylston St., Suite 2000, Boston, MA 02116, counsel for the plaintiff.

Dated: August 17, 2023                    Kenneth C. Pickering