UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC., d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, DARLENE HOWARD, and CHOOSE LIFE MARKETING, LLC,<br><br>Defendants. | Civil Action No: 1:24-cv-12283-JEK |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC., d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, AND DARLENE HOWARD'S <u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

The moving Defendants operate an unlicensed clinic steps away from Four Women Health Services, LLC ("Four Women"). Defendants market that Abundant Hope Pregnancy Resource Center Inc. d/b/a Attleboro Women's Health Center ("Abundant Hope") provides "medical services" they cannot lawfully provide; mislead women seeking reproductive healthcare into thinking they may receive abortion care at Defendants' false clinic; and convey pregnancy diagnoses and medical advice to women without the requisite medical personnel, all in an effort to prevent women from obtaining abortion care from Four Women. This conduct constitutes unfair and deceptive business practices in violation of M.G.L. ch. 93A ("Chapter 93A") and false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).

The allegations on which Four Women's claims rely have largely been admitted by the moving Defendants in their Answer to Four Women's Amended Complaint, ECF 63. Now, however, these Defendants—Abundant Hope, along with Catherine Roman, Nicole Carges, and Darlene Howard (the "Individual Defendants," and collectively, "Abundant Hope Defendants")—seek to reverse course and follow the approach of Defendant Choose Life Marketing, LLC ("CLM"), which did not answer but instead moved to dismiss Four Women's Amended Complaint, ECF 64. Abundant Hope Defendants' five-page Motion for Judgment on the Pleadings, ECF 76, expressly piggybacks off of CLM's lengthy motion to dismiss, adopting CLM's arguments in full for the purposes of their Motion for Judgment on the Pleadings. ECF 76-1 at 2. But Abundant Hope Defendants' attempt to evade this litigation by relying on CLM's arguments cannot succeed.

First, CLM's arguments do not justify dismissal of Four Women's claims against any Defendant. As explained in Four Women's opposition to CLM's motion to dismiss ("CLM Opposition"), ECF 81, Abundant Hope's nonprofit status does not foreclose liability under Chapter 93A or the Lanham Act, and the online content at issue—including the website of Abundant

1

Hope's fake clinic and advertising for same—is commercial speech that is not protected by the First Amendment. ECF 81 at 9-25. These arguments apply with equal force to Abundant Hope Defendants.

Second, significant factual distinctions between Abundant Hope Defendants and CLM further undermine Abundant Hope Defendants' instant motion. While Abundant Hope Defendants and CLM engaged in certain overlapping misconduct—writing and disseminating false advertising for Abundant Hope—Abundant Hope Defendants' posture is distinct, both because Four Women has alleged additional unfair and deceptive practices beyond this advertising and because Abundant Hope Defendants have admitted essential facts Four Women pled. For example, Abundant Hope Defendants admit that Abundant Hope is not and has never been licensed by the Massachusetts Department of Public Health to provide medical care and does not have a licensed doctor on premises, but they nevertheless target women seeking medical services with advertisements for medical services through "Attleboro Women's Health Center" ("AWHC"), Abundant Hope's so-called "medical" arm. Abundant Hope Defendants' current motion demands that this Court ignore these admissions entirely.

The conduct Abundant Hope Defendants have admitted alone presents plausible claims for relief. Paired with the Court's obligation to accept as true all well-pleaded allegations and view all reasonable inferences in Four Women's favor, Four Women's claims cannot be resolved as a matter of law at this juncture—certainly not in favor of Abundant Hope Defendants. Four Women respectfully requests that the Court reject Abundant Hope Defendants' attempt to evade liability for their misconduct and deny their motion for judgment on the pleadings.

# FACTS[1]

The facts of this case have been recounted in detail in Four Women's CLM Opposition. *See* ECF 81 at 3-7. Like CLM, Abundant Hope Defendants engaged in false and deceptive advertising on behalf of Abundant Hope's fictional entity "Attleboro Women's Health Center," marketing AWHC as a provider of medical services and even abortion care in an attempt to divert patients from Four Women. *See id.* Four Women incorporates that factual discussion herein and limits the following discussion to the facts specific to Abundant Hope Defendants, including the facts admitted by Abundant Hope Defendants in their Answer, ECF 63, and additional allegations of conduct and activity unique to Abundant Hope Defendants.

## I.     Abundant Hope Defendants' Admissions Regarding False and Deceptive Advertising

Abundant Hope Defendants admit the facts below in their Answer, which are thus undisputed.

Abundant Hope is a "pregnancy resource center" founded in 2010 to reach women in Massachusetts and Rhode Island. ECF 63 ¶ 39. In 2018, Abundant Hope relocated its facility steps away from Four Women, under the name "Attleboro Women's Health Center." *Id.* ¶ 42. Abundant Hope holds AWHC out as its "medical" arm. *Id.* ¶¶ 7-8, 43. AWHC is not a separate corporate entity from Abundant Hope, and the two do not have separate physical locations or employees. *Id.* ¶¶ 7-8, 23, 48. Abundant Hope Defendants created a separate website, however, for AWHC, and the "medical" services it provides (the "AWHC Website"). *Id.* ¶¶ 43-45.

---

[1] Abundant Hope Defendants' motion does not provide a factual statement, nor does it cite any pleadings for the factual assertions it sprinkles throughout its argument, many of which are unsupported by the allegations as pled. To the extent that Abundant Hope Defendants rely on facts not stated in Four Women's pleadings, such assertions cannot be considered for this motion. *See Kando v. R.I. State Bd. of Elecs.*, 880 F.3d 53, 58 (1st Cir. 2018).

3

Abundant Hope is not and has never been licensed by the Massachusetts Department of Public Health to provide medical care. *Id.* ¶¶ 41, 59, 94, 198. Nor does Abundant Hope have a licensed doctor or Advanced Practice Registered Nurse ("APRN") on premises. *Id.* ¶ 55. For example, Jane Doe 1 was informed that AWHC was "staffed with licensed medical professionals," but there was no doctor present at any point during Jane Doe 1's experience at the facility. *Id.* ¶ 165. Licensure requirements are meant for the protection of public health, and providing diagnosis regarding viability and location of the fetus without the assistance of a licensed doctor or APRN is a violation of Massachusetts regulations pertaining to the practice of medicine and nursing. *Id.* ¶¶ 54, 196.

Despite lacking the requisite licensing and medical staff on premises, Abundant Hope Defendants advertise that AWHC provides medical appointments, medical tests, and medical services to women including pregnancy testing, ultrasounds, pregnancy consultation, and testing for sexually transmitted diseases. *Id.* ¶¶ 7-8, 43-45, 89, 91-92. Abundant Hope boasts about the number of "medical" services, appointments, and tests it has provided. *Id.* ¶¶ 50, 90.

Abundant Hope invests substantially in paid advertising, including by paying CLM for marketing and promotion work. *Id.* ¶¶ 63-65. This paid advertising is not directed toward women seeking assistance with their babies (in need of diapers, formula, etc.); it instead targets women seeking medical services. *Id.* ¶ 64. In 2022 and 2023, Abundant Hope paid substantial sums to CLM and Google in connection with this marketing and promotion. *Id.* ¶¶ 64-65.

CLM created the language for both the AWHC Website and advertisements for AWHC that appear on Google. *Id.* ¶ 74. Abundant Hope approved the language of these websites and advertisements drafted by CLM. *Id.* ¶ 75. This advertising does not include a disclaimer that AWHC does not perform or refer for abortions within the advertisement. *Id.* ¶¶ 119. The AWHC

4

Website also contains a page titled "Abortion," which lists questions women may have "about the abortion pill and other abortion procedures," and directs women who are "thinking about abortion" to make an appointment with a prominent button, stating "MAKE AN APPOINTMENT." *Id.* ¶ 115. Through CLM, Abundant Hope receives contact information of potential clients and descriptions of services sought via forms completed by women who select the "MAKE AN APPOINTMENT" option on the AWHC Website. *Id.* ¶¶ 77-79.

## II.  Abundant Hope Defendants' Additional Unfair Business Conduct

Four Women's allegations against Abundant Hope Defendants go beyond their digital presence and related collaboration with CLM. Abundant Hope's physical premises, which shares a driveway and parking lot with Four Women, does not display the name "Abundant Hope" on any sign, and its windows do not advertise the "abortion recovery bible study" programming Abundant Hope purportedly offers. ECF 59 ¶¶ 144-45. Instead, Abundant Hope masquerades as a health clinic under the name "Attleboro Women's Health Center," and its signage even suggests it is an abortion clinic. *Id.* ¶¶ 145-46 (noting Abundant Hope occasionally hangs "Abortion Clinic Attleboro You Have Options" sign on premises).

When women inadvertently enter "Attleboro Women's Health Center" for their Four Women appointments, Abundant Hope Defendants do not inform them that they are in the wrong place, and instead delay them, instruct them to fill out forms that suggest medical services will be provided, and sequester them in isolated rooms where the women do not feel free to leave. *Id.* ¶¶ 149-51. Jane Does 1, 2, 3, and 4, for example, have all been subject to in-person deceptive tactics that interfered with their desired appointments at Four Women. *Id.* ¶¶ 152-75.

Specifically, Jane Doe 1 was led to believe that AWHC was the Attleboro clinic that provided abortions—*i.e.,* Four Women—in large part because Abundant Hope Defendants failed to correct her belief despite numerous opportunities to do so. *Id.* ¶¶ 154, 156, 158-59, 161-62.

When Jane Doe 1's support person called AWHC on her behalf to schedule an appointment for the medication abortion she sought, Abundant Hope did not state that Jane Doe 1 could not receive abortion care there, but instead made her an appointment, leading Jane Doe 1 to believe it was for a medication abortion. *Id.* ¶ 154. Once onsite, Abundant Hope required Jane Doe 1 to complete a form indicating that an "Abortion Pre-Screening" service would be provided. *Id.* ¶ 156. Abundant Hope then sequestered Jane Doe 1 for over an hour, during which time Abundant Hope staff provided medically inaccurate information regarding abortions and misled Jane Doe 1 to believe the consultation was a required step in the process for undergoing an abortion. *Id.* ¶¶ 158-59. After being told she could not undergo an abortion due to the early gestational age of her fetus, Jane Doe 1 requested to still undergo the medication abortion, and Abundant Hope instructed her that to do so she would need to return in two weeks for another ultrasound. *Id.* ¶¶ 161-62.

Further, to the extent Abundant Hope provides pregnancy diagnoses, it does so absent the requisite licensed medical personnel. *Id.* ¶¶ 55-57. Abundant Hope Defendants admit Abundant Hope does not have a doctor or APRN on premises. *Id.* ¶ 55. Other personnel onsite, however, provide pregnancy diagnoses to Abundant Hope clients like Jane Doe 1. *Id.* ¶¶ 56, 161-62. To the extent Abundant Hope has employed licensed medical personnel, their review of ultrasound images has postdated client appointments sometimes by several weeks or months. *Id.* ¶ 57.

### III.   Abundant Hope's Chapter 93A Demand Letter

Abundant Hope has recognized that Chapter 93A governs its relationship with Four Women. On June 22, 2022, counsel for Abundant Hope sent Four Women a letter alleging conduct that it characterized as "unfair business practices," threatening a lawsuit under Section 11 of Chapter 93A. *Id.* ¶ 179; ECF 59-6. These allegations were baseless, as Four Women explained in its response, but Four Women did not dispute Abundant Hope's assertion that Section 11 of Chapter 93A applies to the parties and their relationship. *See* ECF 59-6.

6

## IV.    The Individual Defendants' Conduct

The Individual Defendants serve as officers of Abundant Hope: Catherine Roman is President; Nicole Carges is Treasurer; and Darlene Howard is Executive Director. ECF 63 ¶¶ 24-26. They each play a leadership role in developing and executing Abundant Hope's mission and fundraising for Abundant Hope. *Id.* ¶ 40. At all relevant times, Defendants Roman, Carges, and Howard controlled and directed the actions of Abundant Hope. ECF 59 ¶ 27. Four Women has alleged that the Individual Defendants, collectively with CLM and Abundant Hope, directly participated in the unlawful conduct at issue. *Id.* ¶¶ 5, 85, 87, 91-92, 96-97, 100, 112, 120, 147; *see also id.* ¶ 1 (defining "Defendants" to include Individual Defendants). For example, the Individual Defendants (with the other Defendants) "developed a scheme of false advertising and deception to steer women away from Four Women," "publish[ed] false and misleading advertising on the AWHC Website and in Google advertisements," and "use[d] the 'Attleboro Women's Health Center' name and AWHC Website to promote so-called 'medical' services that Abundant Hope cannot legally provide." *Id.* ¶¶ 5, 85, 87, 112.

In answering Four Women's Amended Complaint collectively with Abundant Hope, the Individual Defendants admitted many of the allegations against them, including that their facility "is not and has never been licensed by the Massachusetts Department of Public Health to provide medical care," that they "use Google advertisements to promote [] so-called 'medical' services purportedly provided by 'Attleboro Women's Health Center,'" and that those services include "pregnancy testing, ultrasounds, pregnancy consultations, and testing for sexually transmitted diseases." ECF 63 ¶¶ 59, 91-92; *see also id.* 7-8, 41, 43-45, 50, 89-90, 94, 198.

## **ARGUMENT**

Abundant Hope Defendants argue that "the arguments made by Choose Life in its Motion to Dismiss apply with equal weight to Plaintiff's claims against Moving Defendants" and

7

"incorporate by reference, as noted below, the arguments made by Choose Life in its Motion to Dismiss." ECF 76-1 at 2. To avoid redundancy and burdening the Court with excess pages, where the moving Defendants rely on arguments that Four Women has addressed in its CLM Opposition, ECF 81, Four Women provides reference to its CLM Opposition as applicable and otherwise focuses its discussion below on the arguments specific to Abundant Hope Defendants and the instant motion.

## I.    Applicable Legal Standards

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same legal standard as a Rule 12(b)(6) motion, except that the Court considers the pleadings as a whole rather than the complaint alone. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006). As with a Rule 12(b)(6) motion, under Rule 12(c), the pleading must contain sufficient factual material to state a claim for relief that is "plausible on its face." *Iron Workers Dist. Council of New England Health & Welfare Fund v. Teva Pharm. Indus. Ltd.*, No. 23-11131-NMG, 2024 U.S. Dist. LEXIS 202483, at *5 (D. Mass. Nov. 6, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Because such a motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof." *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006). A judgment on the pleadings is therefore "only appropriate 'when it appears beyond a doubt that the nonmoving party can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *Rezende v. Ocwen Loan Servicing, LLC*, 869 F.3d 40, 42 (1st Cir. 2017) (quoting *Feliciano v. Rhode Island*, 160 F.3d 780, 788 (1st Cir. 1998)).

Abundant Hope Defendants argue that Four Women's claims are subject to the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. ECF 76-1 at 2. This

argument fails for the same reasons set forth in Four Women's CLM Opposition: Four Women's claims under the Lanham Act and Chapter 93A are not subject to Rule 9(b), and in any event, Four Women's allegations satisfy the heightened pleading standard. *See* ECF 81 at 8-9.

## II.   Abundant Hope Defendants Are Subject to Liability Under Chapter 93A.

Section 11 of Chapter 93A provides a cause of action against any "person who engages in any trade or commerce." Abundant Hope Defendants seek to adopt CLM's arguments that they are not subject to suit under Chapter 93A, arguing that Chapter 93A does not apply because Abundant Hope is a nonprofit entity and there is no commercial relationship between it and Four Women. ECF 76-1 at 3. Abundant Hope Defendants are wrong on both counts.

First, Abundant Hope Defendants' legal arguments fail for the same reasons articulated in Four Women's CLM Opposition.[2] Massachusetts law has rejected the argument that Chapter 93A cannot apply to nonprofits. *See, e.g.*, *Linkage Corp. v. Trs. of Bos. Univ.*, 425 Mass. 1, 23 n.34 (1997). Instead, nonprofits may be liable under Chapter 93A for conduct "perpetrated in a business context." *See, e.g.*, *Graham v. Just A Start Corp.*, No. 2009-1220, 2011 Mass. Super. LEXIS 139, at *27-30 (Aug. 4, 2011); *27th Lancers Drum & Bugle Corps., Inc. v. 27th Lancers Found., Inc.*, 100 Mass. App. Ct. 1116, at *3 (2021). Whether conduct occurred in a "business context" may be shown either through a commercial relationship between the parties or by demonstrating that the defendant's actions interfered with trade or commerce in "some other way." *Gillette Co. v. Provost*, No. 1584-cv-00149-BLS2, 2017 Mass. Super. LEXIS 38, at *22 (Apr. 18, 2017). This determination is highly fact specific. *See, e.g.*, *id.* at *23 (denying summary judgment where a "reasonable fact finder could conclude" the plaintiff's filing of frivolous lawsuit constituted action

---

[2] Four Women refers the Court to Section II of the CLM Opposition, ECF 81 at 9-18, for its detailed discussion of this point.

9

in "business context"); *Doe v. Clearway Clinic*, No. 23-cv-708 (Super. Ct. Jan. 24, 2024), ECF 81-1 at 2 (denying motion to dismiss claim against nonprofit crisis pregnancy center); *Graham*, 2011 Mass. Super. LEXIS 139, at *28-30 (denying summary judgment for a nonprofit defendant based on the "fact-specific nature of the inquiry").

Four Women's allegations against Abundant Hope Defendants—and their admissions in response—demonstrate that the conduct at issue occurred "in a business context." In *Graham v. Just A Start Corp.*, the court held that a trier of fact could find that the nonprofit defendant's actions occurred within a business context where the defendant—without a license—"provided services requiring knowledge and expertise" and competed with for-profit home contractors. 2011 Mass. Super. LEXIS 139, at *29. Likewise, the services Abundant Hope Defendants advertise that they provide compete with services provided in the for-profit space, and they require "knowledge and expertise" to an even greater degree than in *Graham*; Abundant Hope Defendants admit, for example, that diagnosing pregnancies requires a licensed doctor or APRN. ECF 63 ¶ 54. And, as in *Graham*, Abundant Hope Defendants lack licensure to perform medical services like these, and there is no licensed doctor or APRN onsite. *See id.* ¶¶ 41, 55, 59, 94, 198. By advertising that they provide these services, Abundant Hope Defendants have "inserted [themselves] into the marketplace" and are thus subject to Chapter 93A, *Kunelius v. Town of Stow*, 588 F.3d 1, 18 (1st Cir. 2009). To the extent Abundant Hope Defendants dispute these or any related assertions, resolution of such factual disputes is inappropriate at this stage of the case.

Second, Abundant Hope Defendants cannot avail themselves of this argument given their past recognition that Chapter 93A applied to Abundant Hope and its relationship with Four Women. In 2022, Abundant Hope Defendants sent Four Women a letter threatening a lawsuit under Section 11 of Chapter 93A. ECF 59 ¶ 179; ECF 59-6. Section 11 expressly applies only to plaintiffs who

themselves "engage[] in the conduct of any trade or commerce," M.G.L. c. 93A § 11, and therefore operate "in a business context," *see Lantner v. Carson*, 374 Mass. 606, 611 (1978).  In sending this demand letter to Four Women, Abundant Hope Defendants recognized that they operate in a "business context" and that their relationship with Four Women was sufficient to ostensibly give rise to Four Women's liability under Chapter 93A.  Abundant Hope Defendants cannot decide that a statute applies only when it suits them.

### III.     Abundant Hope Defendants Are Subject to Liability Under the Lanham Act.

For the reasons set forth in Four Women's CLM Opposition, ECF 81 at 18-27, Abundant Hope Defendants are also subject to liability under the Lanham Act.  Four Women has plausibly alleged "commercial advertising or promotion" in the form of false and deceptive statements published by Abundant Hope Defendants on the AWHC Website and in other advertisements.  As with Chapter 93A, Abundant Hope's nonprofit status does not exempt it from the Lanham Act's false advertising strictures.  Nor is Abundant Hope Defendants' speech protected by the First Amendment.

Moreover, Abundant Hope Defendants concede facts central to Four Women's claim.  The moving Defendants admit that they advertise that Abundant Hope provides medical services, appointments, and tests, ECF 63 ¶¶ 7-8, 43-45, 89, 91-92, though it lacks the license and medical personnel to do so, *id.* ¶¶ 41, 55, 59, 94, 198.  Abundant Hope Defendants admit that they boast about the number of "medical" services, appointments, and tests Abundant Hope has provided.  *Id.* ¶¶ 50, 90.  Abundant Hope Defendants further admit that the "abortion" webpage of the AWHC Website encourages women to "make an appointment," that a testimonial on the AWHC Website states that AWHC is a "[g]reat place for women considering abortion," and that their paid advertising does not contain any sort of disclaimer language about abortion.  *Id*. ¶¶ 115-16, 119.  In short, Abundant Hope Defendants concede their advertising contains false and misleading

11

representations of fact about the services they provide. *See Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 310-11 (1st Cir. 2002).

Abundant Hope Defendants seek to evade liability under the Lanham Act despite their concessions on the basis that this speech is not "commercial." As with Chapter 93A, however, whether speech is "commercial" is a fact-specific inquiry, *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 419 (1993), that turns on whether the statements are made in a commercial context and directed toward the promotion of services rather than the exchange of ideas. *See Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 F. App'x 251, 258 (4th Cir. 2017). As articulated in Four Women's CLM Opposition, and at this early juncture of the case, the allegations pled (and to which these moving Defendants admit) meet this standard.

## IV. Abundant Hope Defendants' Conduct—Both Online and Onsite—Constitutes Unfair and Deceptive Acts Under Chapter 93A.

Abundant Hope Defendants further assert that Four Women has failed to plausibly allege a violation of Chapter 93A, even if they are subject to suit. ECF 76-1 at 3. As discussed in the CLM Opposition, however, the false and deceptive statements made online by all Defendants, advertising medical and abortion care services by the fictional entity "Attleboro Women's Health Center," state a plausible claim. *See* ECF 81 at 27-28. Abundant Hope Defendants' admissions in their Answer bolster Four Women's claim, as discussed in Section III above.

Four Women has also plausibly alleged additional misconduct by Abundant Hope Defendants independent from their work with CLM. Abundant Hope Defendants consciously provide unlicensed medical services, exposing themselves to liability under Chapter 93A for violating regulations intended for public safety. 940 C.M.R. § 3.16 ("[A]n act or practice is a violation of M.G.L. c.93A, § 2 if . . . [i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare . . . ."); *Klairmont v.*

12

*Gainsboro Rest., Inc.*, 465 Mass. 165, 174-75 (2013) (holding defendants liable under Chapter 93A for their unfair and deceptive conduct in "consciously violat[ing] the building code," which was intended for public safety). Abundant Hope Defendants admit that providing a diagnosis regarding viability and location of the fetus without the assistance of a licensed doctor or APRN is a violation of Massachusetts regulations. ECF 63 ¶ 54. Abundant Hope Defendants further admit that they do not have a licensed doctor or APRN on premises, and that Abundant Hope is not and has never been licensed by the Massachusetts Department of Public Health to provide medical care. *Id.* ¶¶ 41, 55, 59, 94, 198. Abundant Hope conveys pregnancy diagnoses to clients prior to the participation of any medical personnel licensed to do so, and purports to provide a wide range of ambulatory medical services. ECF 59 ¶¶ 52, 56, 89, 91-92. Abundant Hope Defendants' conduct constitutes conscious violation of Massachusetts regulations governing medical care and creation of "hazardous conditions" for women seeking healthcare, which is both unfair and deceptive under Chapter 93A. *See Klairmont*, 465 Mass. at 174-75.

Abundant Hope Defendants otherwise relocated and established their false "medical arm" across the parking lot from Four Women under the name "Attleboro Women's Health Center" in an effort to lure Four Women patients into the wrong facility. *Id.* ¶¶ 142-46. Neither the name "Abundant Hope" nor its purported anti-abortion mission is mentioned on the window, awning, or door. *Id.* ¶ 145. Instead, Abundant Hope presents itself only as "Attleboro Women's Health Center," with signs hanging out front that further mislead patients into entering AWHC instead of Four Women under the belief they are entering a medical clinic or even an abortion clinic. *Id.* ¶¶ 145-46 ("Abortion Clinic Attleboro You Have Options" sign). Abundant Hope employees strategically fail to inform women onsite (including Four Women patients) that they do not have an appointment there, cannot receive an abortion, or are in the wrong location, instead delaying

13

them, instructing them to fill out needless forms, and sequestering them in isolated rooms. *Id.* ¶¶ 149-51. Jane Doe 1, for example, was led to believe she would receive an abortion at "Attleboro Women's Health Center" from the moment she and her support person contacted AWHC through almost the entirety of her "appointment" there. *Id.* ¶¶ 154, 156, 158-59, 161-62.

Abundant Hope Defendants base their argument on a narrative that is neither supported by nor consistent with the pleadings in this case. The motion describes hypotheticals and what women "may" be thinking when they come upon Abundant Hope's promotional materials. ECF 76-1 at 3. It asserts that "Abundant Hope has *never* misled women into believing it performs abortions." *Id.* (emphasis added). These statements are not only unsupported in the record; they are the opposite of what has been pled. Four Women has pled that Defendants' advertising misled multiple specific women, whose experiences are outlined in the complaint. *See* ECF 59 ¶¶ 128, 134-137, 140, 152-55, 159, 163, 168, 176. These allegations—and not Abundant Hope Defendants' assertions in its motion—must be credited at this stage.

**V.     Four Women Has Sufficiently Pled Wrongdoing by the Individual Defendants.**

The Individual Defendants are subject to suit here both because they are individually liable for their conduct in furthering the false and deceptive advertising at issue and because they control the actions of Abundant Hope.

Chapter 93A and the Lanham Act expressly provide for civil claims against individual defendants. *See* M.G.L. c. 93A, § 11 (providing cause of action against any "*person* who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act" (emphasis added)); 15 U.S.C. § 1125(a)(1)(B) (establishing cause of action for false advertising by "[a]ny person"). *See, e.g.*, *K.G.M. Custom Homes, Inc. v. Prosky*, No. 15-P-1333, 2016 Mass. App. Unpub. LEXIS 671, at *5 (July 1, 2016) (holding fiduciary of defendants "personally liable for his own misrepresentation[s]" in violation of Chapter 93A); *Metromedia Steakhouses Co., L.P.*

14

*v. Resco Mgmt.*, 168 B.R. 483, 487 (D.N.H. 1994) ("An individual is liable for his tortious conduct under §§ 32 and 43(a) of the Lanham Act.").

Four Women has adequately pled that the Individual Defendants, like Abundant Hope and CLM, partake in false and deceptive conduct using the "Attleboro Women's Health Center" fictional entity.  Four Women has alleged that the Individual Defendants, like Abundant Hope, "developed a scheme of false advertising and deception to steer women away from Four Women," which scheme includes using the AWHC Website to promote medical services Abundant Hope cannot provide, using targeted advertising to mislead women into thinking AWHC provides abortions, and advertising false medical advice.  ECF 59 ¶¶ 5, 85, 87, 91-92, 96-97, 100, 112, 120, 147.  The Individual Defendants indeed admitted that they "use Google advertisements to promote [] so-called 'medical' services purportedly provided by 'Attleboro Women's Health Center,'" including "pregnancy testing, ultrasounds, pregnancy consultations, and testing for sexually transmitted diseases."  ECF 63 ¶¶ 91-92.  And again, Abundant Hope Defendants—including the Individual Defendants—have admitted that their facility is unlicensed.  *See id.* ¶¶ 41, 59, 94, 198.  Four Women has therefore adequately pled conduct by the Individual Defendants constituting plausible violations of Chapter 93A and the Lanham Act.

Moreover, the Individual Defendants are also liable under Chapter 93A and the Lanham Act as officers of Abundant Hope.  An officer can be held liable under Chapter 93A if she personally directed, controlled, approved, ratified, or participated in the deceptive conduct alleged.  *See, e.g.*, *Alves v. Daly*, No. 12-10835-MLW, 2013 U.S. Dist. LEXIS 45706, at *22 (D. Mass. Mar. 29, 2013).  The Lanham Act similarly applies to "a 'corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity.'"  *Clemente Props., Inc. v. Urrutia*, 693 F. Supp. 3d 215, 250 (D.P.R. 2023) (quoting *Babbit Elecs., Inc. v. Dynascan*

15

*Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994)).  A corporate officer's knowledge of unlawful acts may also be sufficient for liability under Chapter 93A.  *See South Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc*., 183 F. Supp. 3d 197, 221 (D. Mass. 2016).

Four Women's allegations regarding the Individual Defendants meet this standard.  Defendants Roman, Carges, and Howard are the President, Treasurer, and Executive Director, respectively, of Abundant Hope.  ECF 63 ¶¶ 24-26.  Four Women has alleged that "[a]t all relevant times Defendants Roman, Carges, and Howard have controlled and directed the actions of Abundant Hope," ECF 59 ¶ 27, and they "each play a leadership role in developing and executing Abundant Hope's mission as well as fundraising," *id.* ¶ 40.  Four Women has therefore sufficiently pled that the Individual Defendants were active participants in the scheme carried out by CLM and Abundant Hope Defendants.[3]  *See Alves*, 2013 U.S. Dist. LEXIS 45706, at *25-26 (denying motion to dismiss 93A claims against manager of a restaurant); *Carell v. Shubert Org. Inc*., 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (denying motion to dismiss Lanham Act false advertising claims against individual defendant who was "responsible for" the misattributions at issue).

The Individual Defendants' attempt to now dispute that they personally participated in the conduct alleged is not supported by the pleadings.  The Individual Defendants have already admitted to participating in conduct that is central to Four Women's claims.  To the extent they dispute personal involvement in other conduct alleged, the Individual Defendants will have the opportunity to make such a factual showing using discovery.  At this juncture, where Four Women's allegations are entitled to a presumption of truth, these factual disputes cannot serve as

---

[3] To the extent the Court requires additional allegations related to specific conduct by the Individual Defendants beyond what has been included in the Amended Complaint, Four Women respectfully requests the opportunity to amend its complaint.

16

the basis of a judgment in Defendants' favor.

## **CONCLUSION**

For the foregoing reasons, Four Women respectfully requests that this Court deny Abundant Hope Defendants' Motion for Judgment on the Pleadings.

DATED: May 5, 2025

          **Four Women Health Services, LLC**

By its attorneys,

| /s/ *Matthew D. Patton* | /s/ *Emily Nash* |
|---|---|
| Matthew D. Patton (BBO No. 703798) | Martha Coakley (BBO #87300) |
| **Ortiz & Moeslinger, P.C.** | Emily J. Nash (BBO #696460) |
| One Boston Place, Suite 2600 | Caroline Holliday (BBO #707301) |
| Boston, MA 02108 | **FOLEY HOAG LLP** |
| (617) 338-9400 | 155 Seaport Boulevard |
| mdp@mass-legal.com | Boston, MA 02210 |
| | Telephone: (617) 832-1000 |
| | Facsimile: (617) 832-7000 |
| | mcoakley@foleyhoag.com |
| | enash@foleyhoag.com |
| | cholliday@foleyhoag.com |
| | |
| | Brenna Rosen (*pro hac vice*) |
| | **FOLEY HOAG LLP** |
| | 1301 Avenue of the Americas |
| | New York, New York 10019 |
| | brosen@foleyhoag.com |

**CERTIFICATE OF SERVICE**

    I, Emily Nash, certify that on May 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendants by electronically serving its counsel of record.

                            /s/ *Emily Nash*
                            Emily J. Nash