# Exhibit D

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

FOUR WOMEN HEALTH SERVICES, LLC,

          Plaintiff,

v.

ABUNDANT HOPE PREGNANCY RESOURCE
CENTER INC., d/b/a ATTLEBORO WOMEN'S
HEALTH CENTER, CATHERINE ROMAN,
NICOLE CARGES, DARLENE HOWARD, and
CHOOSE LIFE MARKETING, LLC,

          Defendants.

Civil Action No: 1:24-cv-12283-JEK

**AFFIDAVIT OF MATTHEW PATTON, ESQ.**

I, Matthew Patton, do hereby declare:

1.  I am an attorney in good standing, licensed to practice law in the Commonwealth of Massachusetts and admitted to practice before this Court.  I am an attorney at the law firm of Ortiz & Moeslinger, P.C.

2.  My firm represents the Plaintiff, Four Women Health Services, LLC, in the above-captioned matter.

3.  I previously represented Jane Doe in the matter of *Jane Doe v. Clearway Clinic, Inc.*, Docket No. 2385-CV-00708.

4.  In order to proceed under a pseudonym in that case, Jane Doe was required to submit an affidavit disclosing her identity to the Court.

5.  To protect Jane Doe's privacy, the Court granted our motion to impound Jane Doe's affidavit.  No other filings or materials in that matter were ordered to be impounded.

1

6.      In fact, the complaint and other significant filings in that case remain publicly accessible, including via a basic Google search.

7.      Defendant Choose Life Marketing (CLM) has had access to (a) the *Clearway* Court's order (ECF 81-1), (b) the complaint in *Clearway* (ECF 81-2), and (c) Clearway Clinic's memorandum in support of its motion to dismiss (ECF 81-3) since April 18, 2025, as these documents were attached as Exhibits to Four Women's opposition to CLM's Motion to Dismiss.

8.      As reflected on the face of the *Clearway* complaint, ECF 81-2, I am listed as counsel of record in that matter.

9.      At no point did CLM or any Defendant in this action raise with me that they were unable to access documents from the *Clearway* case.  To be clear, CLM did not raise this issue when it requested Four Women's assent to its reply via email on May 29, 2025.

10.     I only became aware that the court record in *Clearway* appeared inaccessible when CLM filed its reply on June 3, 2025, which accused me of violating a court order by citing to those materials.

11.     Upon receiving this accusation, I contacted the Clerk's Office of the Worcester Superior Court to inquire about the impoundment status of the *Clearway* case record.

12.     Through this communication, the Clerk's Office discovered that the entire case record had inadvertently been impounded, despite the Court's order limiting impoundment to Jane Doe's affidavit.

13.     The Clerk's Office informed me that it would take steps to correct this error.  It further advised that, in the meantime, any party requiring access to public documents from that matter may contact the court directly or obtain them through me.

Signed under the pains and penalties of perjury on July 16, 2025.

3

*/s/ Matthew Patton*

Matthew D. Patton (BBO# 703798)

3