**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FOUR WOMEN HEALTH SERVICES, LLC.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC. d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, DARLENE HOWARD, and CHOOSE LIFE MARKETING, LLC,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-12283-JEK<br><br>*Trial by Jury Demanded* |

**DEFENDANT CHOOSE LIFE MARKETING, LLC'S**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES, AND**
**COUNTERCLAIMS**

Defendant Choose Life Marketing, LLC ("CLM") submits this Answer to Plaintiff's

Amended Complaint dated January 13, 2025.

**INTRODUCTION**

1. CLM denies the allegations of this paragraph.

2. CLM denies the allegations of this paragraph.

3. CLM denies knowledge and information sufficient to form a belief as to the truth

of the allegations of this paragraph.

4. CLM denies the allegations of this paragraph.

5. CLM denies the allegations of this paragraph.

6.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

7.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

8.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

9.    CLM denies the allegations of this paragraph.

10.    CLM denies the allegations of this paragraph.

11.    CLM denies the allegations of this paragraph.

12.    CLM denies the allegations of this paragraph.

13.    CLM denies the allegations of this paragraph.

14.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

15.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

16.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

17.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

19.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

20.    CLM denies the allegations of this paragraph.

21.    CLM denies the allegations of this paragraph.

## PARTIES

22.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

24.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

25.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

26.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

28.    CLM admits the allegations of this paragraph.

## JURISDICTION

29.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

30.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

31.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

32.     This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

<u>**FACTS**</u>

**I.**

33.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

34.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

35.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

36.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

37.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

38.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**II.**

39.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

40.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

41.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

42.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

43.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

44.     CLM admits the allegations of this paragraph.

45.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

46.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

47.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

48.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

49.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

50.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

51.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

52.     CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

53.     This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

54. This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

55. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

56. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

57. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

58. This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

59. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**III.**

60. CLM admits the allegations of this paragraph.

61. CLM admits the allegations of this paragraph.

62. CLM admits the allegations of this paragraph.

63. CLM admits to the extent that Abundant Hope paid CLM for services, but lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

64. CLM admits to the extent that Abundant Hope paid CLM for services, but lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

65. CLM denies the allegations of this paragraph to the extent that the sums paid were "significant," but admits to the remaining allegations.

6

66. CLM admits the allegations of this paragraph.

67. CLM admits the allegations of this paragraph.

68. CLM admits the allegations of this paragraph.

69. CLM admits the allegations of this paragraph.

70. CLM denies the allegations of this paragraph.

71. CLM admits the allegations of this paragraph.

72. CLM denies the allegations of this paragraph to the extent that it implies CLM employed each and every referenced technique.

73. CLM admits the allegations of this paragraph.

74. CLM admits the allegations of this paragraph.

75. CLM admits the allegations of this paragraph.

76. CLM admits the allegations of this paragraph.

77. CLM admits the allegations of this paragraph.

78. CLM denies the allegations of this paragraph.

79. CLM admits the allegations of this paragraph.

80. CLM admits the allegations of this paragraph.

81. CLM admits the allegations of this paragraph.

**IV.**

82. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

83. CLM denies the allegations of this paragraph.

84. CLM denies the allegations of this paragraph.

85. CLM denies the allegations of this paragraph.

86. CLM denies the allegations of this paragraph.

**a.**

87. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

88. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

89. CLM admits the allegations of this paragraph.

90. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

91. CLM admits that Google advertisements are used, but denies the remaining allegations of this paragraph.

92. CLM admits the allegations of this paragraph.  CLM denies that the webpages attached to the Amended Complaint as **Exhibit A** are true and accurate copies of images from the website.

93. CLM denies the allegations of this paragraph.

94. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

95. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**b.**

96. CLM denies the allegations of this paragraph.

97. CLM denies the allegations of this paragraph.

98. CLM denies the allegations of this paragraph.

99. This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

8

100. CLM denies the allegations of this paragraph.

101. CLM admits the allegations of this paragraph.

102. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

103. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

104. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

105. CLM denies the allegations of this paragraph.

106. CLM denies the allegations of this paragraph.

107. CLM denies the allegations of this paragraph.

108. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

109. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

110. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

111. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

112. CLM denies the allegations of this paragraph.

**c.**

113. CLM denies the allegations of this paragraph.

114. CLM admits the allegations of this paragraph.

115.    CLM denies the allegations of this paragraph to the extent the website "directs" women to make an appointment.  CLM admits as to the remainder of this paragraph.

116.    CLM denies the allegations of this paragraph.

117.    CLM denies the allegations of this paragraph.

118.    CLM denies the allegations of this paragraph.

119.    CLM denies the allegations of this paragraph.

120.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

121.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**V.**

122.    CLM denies the allegations of this paragraph.

123.    CLM denies the allegations of this paragraph.

124.    CLM denies the allegations of this paragraph.

125.    CLM denies the allegations of this paragraph.

126.    CLM denies the allegations of this paragraph.

127.    CLM denies the allegations of this paragraph.

128.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

129.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

130.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**a.**

10

131.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

132.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

133.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

134.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

135.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

136.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

137.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

138.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

139.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

140.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

**b.**

141.    CLM denies the allegations of this paragraph.

142.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

143.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

144.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

145.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

146.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

147.    CLM denies the allegations of this paragraph.

148.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

149.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

150.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

151.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

152.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

153.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

154.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

155. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

156. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

157. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

158. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

159. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

160. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

161. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

162. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

163. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

164. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

165. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

166. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

167. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

168. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

169. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

170. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

171. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

172. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

173. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

174. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

175. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

176. CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

177.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

178.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

179.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

180.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT I

## Lanham Act

181.    CLM incorporates the responses contained in the preceding paragraphs as if fully set forth herein.

182.    This paragraph contains a legal statement to which no answer is required.

183.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

184.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

185.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

186.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

187.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

188.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

## COUNT II

### Massachusetts Consumer Protection Act

189.    CLM incorporates the responses contained in the preceding paragraphs as if fully set forth herein.

190.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

191.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

192.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

193.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

194.    This paragraph contains a legal statement to which no answer is required.

195.    This paragraph contains a legal statement to which no answer is required.

196.    This paragraph contains a legal statement to which no answer is required.

197.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

198.    CLM denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph.

199.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

16

200.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

201.    This paragraph contains a legal statement to which no answer is required. To the extent that an answer is required, CLM denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

202.    Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff cannot establish any of the elements of its claims.

### SECOND AFFIRMATIVE DEFENSE

203.    Plaintiff's claims are barred by the equitable doctrine of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

204.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches

### FOURTH AFFIRMATIVE DEFENSE

205.    Plaintiff's claims are barred, in whole or in part, by its failure to mitigate its damages

### FIFTH AFFIRMATIVE DEFENSE

206.    Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

207.    Plaintiff's claims against CLM are barred because Plaintiff suffered no damages as a result of CLM's conduct, and if it did suffer any damages, they were not caused by CLM.

### SEVENTH AFFIRMATIVE DEFENSE

208.    Plaintiff's claims against CLM are barred because CLM did not have a commercial relationship with Plaintiff as required by M. G. L. ch. 93 § 11.

## EIGHTH AFFIRMATIVE DEFENSE

209.    Plaintiff's claims against CLM are barred because CLM did not engage in commercial speech as required by the Lanham Act.

## NINTH AFFIRMATIVE DEFENSE

210.    Plaintiff's claims against CLM are barred by the First Amendment.

## TENTH AFFIRMATIVE DEFENSE

211.    Plaintiff's claims against CLM are barred because Plaintiff has not suffered any injuries as a result of any alleged actions by CLM.

## ELEVENTH AFFIRMATIVE DEFENSE

212.    Plaintiff's claims against CLM are barred because any recovery would result in unjust enrichment to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, CLM respectfully requests that this Court:

(a) Deny any and all relief requested by the Plaintiff;

(b) Enter judgment in favor of CLM on all of Plaintiff's claims and dismiss the complaint with prejudice;

(c) Award CLM its attorneys' fees and expenses; and

(d) Award such other and further relief as the Court deems just and proper.

18

## COUNTERCLAIMS

Counterclaim Plaintiff Choose Life Marketing, LLC ("CLM"), for its counterclaim against Plaintiff Four Women Health Services, LLC, states as follows.

### NATURE OF THE COUNTERCLAIM

1.      This counterclaim arises from Four Women's filing and prosecution of baseless legal claims against CLM in a deliberate effort to suppress CLM's lawful business activities, chill its relationships with current and prospective clients, and drive CLM out of the market for marketing services to pregnancy resource centers. Four Women's conduct constitutes an unfair and deceptive trade practice in violation of M.G.L. c. 93A, §§ 2 and 11.

### PARTIES

2.      Counterclaim Plaintiff CLM is a for-profit limited liability company organized under the laws of the State of Missouri, with a principal place of business in Columbia, Missouri. CLM is a marketing agency that provides copywriting, website development, search engine optimization, and digital advertising services to pregnancy resource centers and other pro-life organizations throughout the United States.

3.      Counterclaim Defendant Four Women is a for-profit Massachusetts limited liability company with a principal place of business in Attleboro, Massachusetts.

### JURISDICTION

4.      This Court has jurisdiction over CLM's counterclaim pursuant to 28 U.S.C. § 1367 because CLM's claims arise from the same case or controversy as Four Women's claims. CLM's counterclaim is a compulsory counterclaim under Fed. R. Civ. P. 13(a) because it arises out of the same transaction or occurrence that is the subject matter of Four Women's claims against CLM.

### FACTUAL BACKGROUND

19

## I.   CLM's Lawful Business Operations

5.      CLM is a for-profit marketing agency that serves pregnancy resource centers and pro-life organizations across the United States. CLM's business includes developing website content, managing digital advertising campaigns, and employing search engine optimization and other standard marketing techniques on behalf of its clients.

6.      CLM's services are standard, lawful marketing practices employed by marketing agencies across every industry. The techniques CLM uses, including paid search advertising, search engine optimization, microtargeting, and geofencing, are commonplace digital marketing strategies widely used by businesses and organizations of all kinds.

7.      CLM contracted with Abundant Hope to provide copywriting and website maintenance for the Attleboro Women's Health Center ("AWHC") website and to buy and place Google advertisements on Abundant Hope's behalf.

8.      At all relevant times, Google caused a label to be placed adjacent the ads CLM arranged for AWHC stating that AWHC does not provide abortions.

9.      CLM performed its contractual obligations to Abundant Hope in the ordinary course of its marketing business.

10.      CLM had no involvement in, and is not alleged to have had any involvement in, the management, delivery, or supervision of any services provided at Abundant Hope's physical location. CLM had no involvement in any of the in-person interactions, telephone calls, or onsite conduct alleged in Four Women's Amended Complaint.

## II.   Four Women's Baseless Claims Against CLM

20

11. On September 5, 2024, Four Women filed its initial Complaint in this action, asserting fanciful allegations of wiretapping and electronic surveillance against CLM's codefendants, but not CLM. Those initial claims have since been abandoned, as they were without any factual basis.

12. On January 13, 2025, Four Women filed an Amended Complaint (ECF 59), asserting claims against CLM under the Lanham Act, 15 U.S.C. § 1125(a), and M.G.L. c. 93A, § 11. The claims against CLM are, and at all relevant times have been, baseless for the reasons set forth below.

13. Four Women's Amended Complaint fails to identify any specific statement on the AWHC Website or in any Google advertisement that is actually false. The AWHC Website accurately described the services available at AWHC, and every page of the AWHC Website included a disclaimer stating: "We do not provide gynecologic or extended obstetrical care, nor do we perform or refer for abortion services."

14. Four Women acknowledges that the AWHC Website contained disclaimers that Abundant Hope does not perform or refer for abortions. The AWHC Website's "Services" page listed pregnancy testing, ultrasounds, pregnancy consultation, and STD testing—not abortion—and its "Options" page listed abortion alongside adoption and parenting, as options for women to consider, not as services Abundant Hope provides.

15. Four Women is an abortion clinic; CLM is a marketing agency based in Missouri. Four Women does not allege any transaction, contractual relationship, or other commercial interaction between itself and CLM. The parties operate in entirely different markets and industries.

16. CLM's advertising on behalf of Abundant Hope promoted free services provided by a nonprofit pregnancy resource center in furtherance of its charitable mission. This speech does

not "propose a commercial transaction" as required under controlling Supreme Court and First Circuit precedent.

17.    Four Women has not identified a single woman who (a) saw a CLM-created advertisement or the AWHC Website and (b) as a result declined to pay Four Women for any service. Four Women's own declarant, Jane Doe 5, has no recollection of visiting the AWHC Website and ultimately obtained the abortion services she sought from Four Women. Four Women's allegations of harm amount to nothing more than speculation about appointment no-shows, without any allegation that the no-show rate is unusual, that it changed after the AWHC Website was taken down, or that it is attributable to CLM's online speech rather than the myriad other reasons women cancel medical appointments.

18.    CLM's advertising on behalf of Abundant Hope constitutes speech on a matter of profound public concern which is entitled to the highest level of First Amendment protection. Four Women's lawsuit targets the content and viewpoint of CLM's speech, seeking to suppress pro-life messaging under the guise of consumer protection.

19.    Four Women knew or should have known that its claims against CLM were baseless when it filed and prosecuted this lawsuit. This knowledge may be inferred from the following circumstances.

20.    Four Women initially filed conspiratorial wiretapping claims that were entirely without factual support and were subsequently abandoned, demonstrating a pattern of filing meritless claims.

21.    Four Women's own exhibits and allegations contradict its theory that the AWHC Website falsely suggested Abundant Hope provides abortions, given the disclaimers on every page.

22. Four Women has been unable, through the course of this litigation, to identify a single literally false statement attributable to CLM, or a single woman who declined Four Women's services as a result of CLM's speech.

23. One of Four Women's claims were foreclosed by controlling Massachusetts Supreme Judicial Court precedent in *Planned Parenthood*, which Four Women's counsel—sophisticated practitioners at a major law firm—know or should know governs this case.

24. Four Women's claims seek to hold CLM—a remote, out-of-state marketing agency—liable for in-person conduct at Abundant Hope's facility in which CLM had no involvement and over which CLM exercised no control.

### III.    Four Women's Anti-Competitive Motive

25. Four Women is a for-profit business that charges patients for performing abortions.

26. Four Women's lawsuit against CLM is not a good-faith effort to remedy a legal wrong. Rather, it is a calculated effort to weaponize litigation to suppress speech Four Women finds objectionable, to interfere with CLM's ability to provide lawful marketing services to its clients, and to deter other marketing agencies from working with pregnancy resource centers.

27. Four Women's anti-competitive motive is evident from the nature and scope of its claims. Four Women does not merely seek damages for discrete, identifiable injuries; it seeks broad injunctive relief that would effectively prohibit CLM and Abundant Hope from communicating with women about pregnancy-related services—relief that would silence one side of an important national debate.

28. Four Women's strategy of targeting CLM rather than confining its claims to Abundant Hope and the individual defendants in Massachusetts, further reveals its anti-competitive intent. By suing CLM, Four Women seeks to send a message to marketing agencies nationwide that they risk expensive litigation in distant forums if they provide advertising services to pregnancy

resource centers. This chilling effect is the intended purpose of Four Women's claims against CLM.

### IV.    Four Women's Conduct Occurred in a Business Context

29.    Four Women is engaged in trade or commerce because it operates a for-profit facility that performs abortions payment.

30.    Four Women's filing and prosecution of baseless claims against CLM occurred in a "business context" because it was motivated by Four Women's desire to eliminate what it viewed as a commercial competitor.

31.    CLM is not a commercial competitor, because it does not perform any of the services that Four Women performs, and Four Women does not perform any of the services CLM performs.

### V.    Harm to CLM

32.    As a direct and proximate result of Four Women's filing and prosecution of this baseless lawsuit, CLM has suffered and will continue to suffer loss of money and property, including but not limited to the following.

33.    CLM has been or will be forced to expend substantial sums defending against Four Women's baseless claims, which could include travel costs associated with litigating in a distant forum, and other litigation-related expenses.

34.    Four Women's lawsuit, and the publicity surrounding it, has interfered with CLM's existing and prospective business relationships with pregnancy resource centers and other pro-life organizations that are CLM's clients and potential clients. Current and prospective clients have expressed concern about the risk of being drawn into litigation as a result of their association with CLM, chilling CLM's ability to maintain and develop its client base.

24

35.     Four Women's lawsuit led to CLM's client shutting down its webpage and halting ad services, directly resulting in monetary losses for CLM.

36.     Four Women's allegations characterize CLM's standard marketing practices as "deceptive" and portray CLM as a participant in a "scheme" of fraud. This has damaged CLM's professional reputation and goodwill in the marketplace for marketing services to nonprofit organizations.

37.     CLM has been required to divert substantial management time, attention, and organizational resources from its business operations to the defense of this lawsuit, diminishing its ability to serve existing clients and pursue new business opportunities.

38.     Four Women's claims against CLM were not brought in good faith. Four Women knew or should have known that its claims against CLM lacked factual and legal support, as detailed above.

## COUNT I

## Violation of M.G.L. c. 93A § 1 *et seq.*

39.     CLM incorporates the preceding paragraphs as if fully set forth herein.

40.     Four Women is a person engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A, §§ 1(b) and 11.

41.     CLM is a person engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A, §§ 1(b) and 11.

42.     Four Women's filing and prosecution of baseless claims against CLM constitutes an unfair method of competition and an unfair or deceptive act or practice in the conduct of trade or commerce, in violation of M.G.L. c. 93A, § 2(a).

25

43.     Four Women's conduct was undertaken in a business context. Four Women is a for-profit business that filed baseless claims against CLM with the intent to interfere with CLM's business operations and chill the provision of lawful marketing services to pregnancy resource centers. This anti-competitive litigation strategy constitutes conduct in the context of trade or commerce.

44.     Four Women's conduct was willful and knowing. Four Women knew or should have known that its claims against CLM were baseless, as evidenced by: (a) its abandonment of its initial wiretapping claims; (b) its inability to identify any false statement attributable to CLM; (c) its failure to allege any commercial relationship with CLM; (d) the controlling authority of *Planned Parenthood Federation of America, Inc. v. Problem Pregnancy of Worcester, Inc.,* 398 Mass. 480 (1986) foreclosing its Ch. 93A claim; and (e) the First Amendment's protection of CLM's speech.

45.     As a direct and proximate result of Four Women's unfair and deceptive conduct, CLM has suffered loss of money and property, including litigation costs and expenses, interference with client relationships, reputational harm, and diversion of business resources.

46.     Four Women's willful and knowing violation of M.G.L. c. 93A, § 11 entitles CLM to injunctive relief, actual damages, treble damages, and reasonable attorneys' fees and costs.

### **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Counterclaim Plaintiff Choose Life Marketing, LLC respectfully requests that this Court:

a. Enter judgment in favor of CLM and against Four Women on CLM's counterclaim;

b. Declare that Four Women's filing and prosecution of baseless claims against CLM constitutes an unfair and deceptive trade practice in violation of M.G.L. c. 93A, §§ 2 and 11;

c. Award CLM actual damages in an amount to be proven at trial;

d. Award CLM treble damages pursuant to M.G.L. c. 93A, § 11, based on Four Women's willful and knowing violation of the statute;

e. Award CLM reasonable attorneys' fees and costs of this action pursuant to M.G.L. c. 93A, § 11;

f. Award such other and further relief as this Court deems just and proper.


Respectfully submitted, this 23rd day of April, 2026.

/s/ Peter Breen
Peter Breen†
Michael McHale†
Nathan Loyd†
Thomas More Society
121 W. Wacker Dr.
Suite 650
Chicago, IL 60601
(312) 878-7464
pbreen@thomasmoresociety.org
mmchale@thomasmoresociety.org
nloyd@thomasmoresociety.org
† admitted *pro hac vice*

/s/ Ryan P. McLane
Ryan P. McLane
(BBO# 697464)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
(413) 789-7771
ryan@mclanelaw.com

*Attorneys for Defendant Choose Life Marketing, LLC*

27

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2026, I served a copy of the foregoing document upon the following counsel of record via CM/ECF:

Matthew D. Patton (BBO No. 703798)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

Martha Coakley (BBO # 87300)
Emily J. Nash (BBO #696460)
Caroline Holliday (BBO #707301)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
mcoakley@foleyhoag.com
enash@foleyhoag.com

Brenna Rosen (pro hac vice)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, New York 10019
brosen@foleyhoag.com

*Attorneys for Plaintiff*

Thomas M. Harvey
Law Office of Thomas M. Harvey
22 Mill Street, Suite 408
Arlington, MA 02476
Tel: 617-710-3616; Fax 781-643-1126
tharveyesq@aol.com

*Attorney for Defendants Abundant Hope Pregnancy Resource Center, d/b/a Attleboro Women's Health Center, Catherine Roman, Nicole Carges, and Darlene Howard*

Dated: April 23, 2026                         /s/ Peter Breen
                                              Peter Breen
                                              *Attorney for Defendant Choose Life Marketing, LLC*

28