**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FOUR WOMEN HEALTH SERVICES, LLC,

Plaintiff,

v.

ABUNDANT HOPE PREGNANCY RESOURCE CENTER INC. d/b/a ATTLEBORO WOMEN'S HEALTH CENTER, CATHERINE ROMAN, NICOLE CARGES, DARLENE HOWARD, and CHOOSE LIFE MARKETING, LLC,

Defendants.

Civil Action No.: 1:24-cv-12283-JEK

**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1, the parties hereby jointly submit the following Rule 26(f) Report and Proposed Discovery Plan.

1. **Rule 26(f) Conference.** Counsel for the parties first held a Rule 26(f) conference on March 20, 2025, at which all of the topics set forth at Fed. R. Civ. P. 26(f)(2) were discussed. The parties continued conferring thereafter and engaged in email conferrals in July and August 2026, and most recently conferred by phone on August 11, 2026.

2. **Joint Statement:**

a. Plaintiff's Position:

This case arises from Defendants' unlawful practices of engaging in false and deceptive advertising to mislead and misdirect women seeking to obtain reproductive healthcare services at Four Women Health Services, LLC ("Four Women").

Defendant Abundant Hope Pregnancy Center Inc. ("Abundant Hope"), Catherine Roman, Nicole Carges, and Darlene Howard (the "Abundant Hope Defendants"), together with for-profit advertising firm, Choose Life Marketing, LLC ("CLM"), engage in a marketing scheme designed to deceive women into believing Abundant Hope provides medical services—including pregnancy diagnoses and abortion care—that it does not or cannot lawfully provide.

Four Women is a licensed provider of abortion and reproductive healthcare services. Abundant Hope, which opened essentially next door, is not a licensed medical clinic and cannot provide the ambulatory medical services it advertises, and it does not provide abortion care. Yet

its online advertisements mislead women, including Jane Does identified in Plaintiff's Amended Complaint, into believing that Abundant Hope can and does provide these services. Defendants advertise these services online under the name of a fictional "medical" entity, "Attleboro Women's Health Center." Defendants implement their scheme through a partnership by which CLM creates and manages Abundant Hope's online promotion and advertising, including through a separate Attleboro Women's Health Center website, Google advertisements, and other online advertising. Together, Defendants' marketing misleads women to make and attend appointments with Abundant Hope under the false pretense that they will be able to receive abortion or other medical services there. Defendants engage in this false and deceptive advertising scheme to divert patients seeking these services from Four Women.

Four Women seeks judgment against Defendants and injunctive relief barring them from engaging in false, deceptive, and misleading advertising, including advertising Abundant Hope or "Attleboro Women's Health Center" as offering board-certified medical staff or the full range of standard medical care, pregnancy diagnoses, abortion care and otherwise misrepresenting Abundant Hope's services. It also seeks statutory damages under the Lanham Act, treble and punitive damages against CLM under M.G.L. c. 93A, and an award of reasonable attorneys' fees and costs.

Four Women opposes any request for certification of the Court's March 26, 2026 Order on CLM's Motion to Dismiss and Abundant Hope Defendants' Motion for Judgment on the Pleadings, ECF 94, and any request for a stay of this action.

b. <u>Defendant Choose Life's Position:</u>

Defendant Choose Life Marketing, LLC ("Choose Life"), is an advertising agency that provides marketing services to pregnancy resource centers, including Defendant Abundant Hope. Choose Life's work is designed to inform women of free resources and services available in their communities.

Choose Life denies that it made any false, deceptive, or misleading statement. Plaintiff's theory is that women who contacted Abundant Hope did so because Defendants' advertising deceived them. To date, however, Plaintiff has not identified a single woman who claims that a Choose Life advertisement misled her, nor any declarant who recalls seeing any Choose Life advertisement or other Choose Life work product. And while Plaintiff alleges that 591 women contacted both Abundant Hope and Plaintiff, it does not allege that those women declined Plaintiff's services; the women Plaintiff has identified appear to be women to whom Plaintiff in fact provided services. Assuming Plaintiff can show a decline in its business, it will be unable to attribute that decline to Choose Life's actions, rather than other causes such as Plaintiff's own reputation and business practices, and decisions women made independently or with input from family, friends, and others.

Choose Life seeks judgment in its favor on Plaintiff's M.G.L. c. 93A claim because, *inter alia*, Plaintiff will be unable to show any falsity, deception, or misrepresentation by Choose Life, which used standard marketing tools and practices. Plaintiff will also be unable to prove a loss of money or property caused by Choose Life's conduct, as opposed to Plaintiff's own business practices and the independent choices of the women at issue.

Choose Life likewise seeks judgment in its favor on Plaintiff's Lanham Act claim. Plaintiff will be unable to show any false or misleading statement by Choose Life. Even if it could, Plaintiff cannot establish materiality: its theory rests on an allegedly misleading impression rather than literal falsity, which requires evidence of how consumers actually reacted, and Plaintiff has produced no declarant who attests to having seen any Choose Life product. Plaintiff will also be unable to show losses in the only services as to which the Court found the parties compete: ultrasounds and pregnancy testing.

Finally, Choose Life seeks judgment in its favor because its statements are protected by the First Amendment. Choose Life's statements were true and noncommercial, and are therefore entitled to full First Amendment protection.

Choose Life imminently intends to move the Court to certify its March 26, 2026 Order on Motions to Dismiss (ECF 94) to the First Circuit Court of Appeals, or in the alternative to the Supreme Judicial Court, and to stay proceedings pending resolution of that motion.

c. Position of Defendants, Abundant Hope Pregnancy Resource Center, Catherine Roman, Nicole Carges, and Darlene Howard:

The Defendants deny that they engaged in any type of deception. Abundant Hope is a charitable organization that provides services, free of charge, to women who think they may be pregnant and to women (and their babies) who have given birth. It is not a medical clinic and has never claimed to be one. It has lawfully provided all its medical services – pregnancy testing, limited ultrasounds, and STI testing – under a licensed physician who was its medical director. The medical services it provided were all performed by licensed, trained, professional medical personnel. It has never performed abortions, referred for them, nor advertised that it did so. The website affiliated with Abundant Hope specifically states, "…. Nor do we perform or refer for abortion services."

The Defendants cannot be in violation of the Lanham Act since they never engaged in trademark infringement or dilution and never engaged in any commercial activity. And any harm alleged by the Plaintiff as a result of the alleged actions of the Defendants is merely speculative. Further, the Defendants have constitutional free speech rights which the Plaintiff is seeking to infringe upon.

3. **Discovery Plan.** The Parties jointly propose the following Discovery Plan and schedule, Defendants' approval being subject to their imminent motion to certify and stay:

a. **Initial Disclosures.** Initial disclosures for Plaintiff and the Abundant Hope Defendants required by Fed. R. Civ. P. 26(a)(1) must be completed by **September 2, 2026**.

b. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **November 2, 2026**.

c. **Fact Discovery.**

i. All requests for production of documents and interrogatories must be served by **February 2, 2027**.

ii. Written discovery shall be substantially complete by **May 2, 2027**.

iii. All depositions, other than expert depositions, must be completed by **July 2, 2027**.

d. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

e. **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by **August 2, 2027**.

f. **Close of Fact Discovery Status Conference.** A status conference shall be scheduled by the Court.

g. **Expert Discovery.**

i. Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **August 2, 2027**.

ii. Defendants' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **September 2, 2027**.

iii. Plaintiff's trial experts must be deposed by **November 2, 2027**.

iv. Defendants' trial experts must be deposed by **November 2, 2027**.

h. **Dispositive Motions.**

i. Motions for summary judgment must be filed by **January 13, 2028**.

ii. Oppositions to summary judgment motions must be filed within 28 days after service of the motion.

i. **Anticipated Topics for Discovery:**

<u>Plaintiff's Position</u>:

Plaintiff anticipates requiring discovery on all factual issues raised in its Complaint. These issues include, but are not limited to the following (and for the avoidance of doubt, when referring to "Abundant Hope," Plaintiff intends to also include "Attleboro Women's Health Center"): (1) Abundant

Hope's business practices and services provided to clients, including putative medical practices and related resources, facilities, and personnel; (2) Abundant Hope's clinical licensure status in Massachusetts and licensure of employees; (3) Abundant Hope's marketing and advertising practices and strategy; (4) Abundant Hope's engagement of CLM for marketing and business services; (5) Defendants' development of content on Attleboro Women's Health Center website, including communications between Abundant Hope and CLM related to such content; (6) Abundant Hope and CLM's advertisements for Abundant Hope online, including on Google and third-party websites, and the development of those advertisements; (7) CLM's marketing and advertising strategy for Abundant Hope; (8) Defendants' strategies for obtaining new "leads" for Abundant Hope; (9) any studies or assessments performed by or at the behest of Defendants to assess efficacy of advertising strategies; (10) Abundant Hope's conduct and messaging to target Four Women patients; (11) Abundant Hope's external-facing messaging regarding services it purports to provide, including messaging to donors and funding sources; and (12) Abundant Hope's contacts with the Jane Does named in the Complaint.

Defendant Choose Life's Position:

Choose Life anticipates discovery, if necessary, on all allegations in Plaintiff's complaint, including but not limited to all Jane Does' and their support persons' interactions with Choose Life's speech, their reliance on the medical licensure status of Abundant Hope and its personnel, their decisions to contact Plaintiff and interactions with Plaintiff and its personnel, their conversations with Plaintiff's attorneys, their knowledge of what services Defendant Abundant Hope provided, what services they sought from Plaintiff, what services they paid Plaintiff to perform, and their interactions with Abundant Hope staff. Regarding Plaintiff, Choose Life anticipates discovery on Plaintiff's marketing efforts, its communications to and with the public and its patrons, its communications with the 591 women it alleges contacted it and Abundant Hope, its purported lost business it claims is attributable to Defendants, pricing for each of its services, which services it offers, monthly volume and revenue reports of its services, its historical client intake rates, historical appointment no-show and cancellation rates, its appointment lead times, its clients' reports of medical and nonmedical conversations at or with Abundant Hope, its records of Abundant Hope's marketing, identities of its employees from the year preceding the complaint to the present day, its customer satisfaction reviews, its market research, history of complaints filed against it, investigations performed on it and any of its medical staff, its employees' interactions with the Abundant Hope website and advertisements, and its licensure status (including facility and staff).

Position of Defendants, Abundant Hope Pregnancy Resource Center, Catherine Roman, Nicole Carges, and Darlene Howard:

Abundant Hope Defendants anticipate requiring discovery on the following:

(1) All evidence showing economic loss alleged by the Plaintiff as a result of the Defendants' actions.

(2) Identities of the Jane Does named in the amended complaint.

(3) The bases for the Plaintiff's allegations: that the Defendants actively manipulated the lawful

reproductive healthcare marketplace; that the Defendants' website and advertisements relied on false and misleading statements designed to deceive women seeking abortions; that the Defendants published falsities about pregnancy and abortion designed to delay and dissuade women seeking abortions; that the Defendants published falsities that were designed to deceive women into believing that Abundant Hope provided abortions; that Defendants' conduct and misrepresentations misled and diverted patients attempting to receive services at Four Women; that many women unknowingly provided their contact information to Abundant Hope under the false belief that doing so would enable them to obtain abortions; that Abundant Hope coerced women who entered its facility to prevent or delay their departure; that Abundant Hope provided illegal, incorrect, and dangerous medical advice; that Abundant Hope staff that was not licensed to diagnose a pregnancy conveyed a diagnosis to clients prior to the participation of any medical personnel licensed to do so; that the Defendants published false and misleading advertising on their website and in Google advertisements; that Abundant Hope propagated falsities in its printed materials; that Defendants advertised on their website false medical advice intended to mislead women into thinking they needed the Defendants' services before receiving abortions; that the Defendants made misrepresentations to deceive women into thinking that Attleboro Women's Health Center was Four Women or was affiliated with Four Women; that the Defendants made misrepresentations to deceive women into believing that certain procedures were necessary before they could get an abortion; that many women seeking abortion made appointments with Attleboro Women's Health Center believing they had to do so before their Four Women appointment; that, from January 2023 to August 2024, 591 patients interacted with both Four Women and Attleboro Women's Health Center via telephone; that many Four Women patients complained to Four Women that Attleboro Women's Health Center contacted them out of the blue to schedule appointments that preceded or replaced their Four Women appointments; that, when women inadvertently entered the Defendants' facility for their Four Women appointments, they were not informed that they were in the wrong place; that Abundant Hope engaged in conduct to prevent women from leaving its premises, including conducting lengthy intake procedures, obtaining, holding, and copying personal identification cards, sequestering women in isolated rooms and conducting tests appearing to be ultrasounds; that women were held in isolation rooms at Defendants' facility and did not feel free to leave the premises or to refuse to comply with what they were led to believe were medical instructions; that the Defendants made numerous false and misleading statements or representations of fact about their own services and about reproductive healthcare in commercial advertising; and that Four Women incurred injury to its reputation and had diversion of sales as a result of the Defendants' actions.

(4) Also, the reliance by the Jane Does on the medical licensure status of Abundant Hope and its personnel, their decisions to contact Plaintiff and interactions with Plaintiff and its personnel, their conversations with Plaintiff's attorneys, their knowledge of what services Abundant Hope provided, and their interactions with Abundant Hope staff.

(5) Further, the Defendants anticipate discovery on Plaintiff's marketing efforts, its communications to and with the public and its patrons, its purported lost business it claims is attributable to Defendants, pricing for its services, which services it offers, how often they are performed, its historical client intake rates, historical appointment no-show and cancellation rates, its clients' reports of medical and nonmedical conversations at or with

Abundant Hope, its records of Abundant Hope's marketing, identities of its employees from the year preceding the complaint to the present day, its customer satisfaction reviews, its market research, history of complaints filed against it, investigations performed on it and any of its medical staff, its employees' interactions with the Abundant Hope website and advertisements, and its licensure status (including facility and staff).

4. **Trial by Magistrate:**

a. Plaintiff does not consent to a trial by a magistrate judge in this matter.

b. Defendant Choose Life does not consent to a trial by a magistrate judge in this matter.

c. Abundant Hope Defendants do not consent to a trial by a magistrate judge in this matter.

5. **Settlement Proposals:**

a. The parties will confer prior to any scheduling conference in accordance with L.R. 16.1(c).

6. **Local Rule 16.1(d)(3) Certifications:**

a. The parties and their counsel have conferred with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

Respectfully submitted,

***Plaintiff Four Women Health Services, LLC,***

/s/ *Matthew Patton*
Matthew D. Patton (BBO #703798)
Patton Legal, P.C.
161 Savin Hill Ave
Boston, MA 02125
(617) 453-3693
mpatton@pattonlegalpc.com

/s/ *Emily Nash*
Emily J. Nash (BBO #696460)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 832-1000
enash@foleyhoag.com

Brenna Rosen (*pro hac vice*)
Foley Hoag LLP
1301 Avenue of the Americas
New York, New York 10019
brosen@foleyhoag.com

/s/ *Martha Coakley*
Martha Coakley (BBO #87300)
Zucker Law Group LLP
33 Arch St., 25th Floor
Boston, MA 02110
(617) 865-8967
mcoakley@zuckerlawgroup.com

***Defendants Abundant Hope Pregnancy Center Inc., Catherine Roman, Nicole Carges, and Darlene Howard,***

*/s/ Thomas M. Harvey*
Thomas M. Harvey
Law Office of Thomas M. Harvey
22 Mill Street, Suite 408
Arlington, MA 02476
Tel: 617-710-3616; Fax 781-643-1126
tharveyesq@aol.com

***Defendant Choose Life Marketing, LLC,***

/s/Peter Breen
Peter Breen†
Michael McHale†
Nathan Loyd†
Thomas More Society
121 W. Wacker Dr
Suite 650
Chicago, IL 60601
Telephone: (312) 782-1680
Fax: (336) 900-6535
pbreen@thomasmoresociety.org
mmchale@thomasmoresociety.org
nloyd@thomasmoresociety.org
† admitted *pro hac vice*

/s/Ryan P. McLane
Ryan P. McLane
(BBO# 697464)
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
(413) 789-7771
ryan@mclanelaw.com

Dated: August 12, 2026

**CERTIFICATE OF SERVICE**

I, Emily Nash, certify that on August 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendants by electronically serving its counsel of record.

/s/ *Emily Nash*
Emily J. Nash